IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 1:15-CR-0012 |
| | : | |
| v. | : | Senior Judge Sandra Beckwith |
| | : | |
| | : | **AMENDED AGREED** |
| CHRISTOPHER CORNELL | : | **PROTECTIVE ORDER** |
| (a/k/a Raheel Mahrus Ubaydah) | : | **REGARDING DISCOVERY** |
| | : | |

WHEREAS, the government will provide materials to the defendant in the course of the discovery process in this case (hereafter "Discovery Materials"), which may include, but is not limited to, copies of recordings made by witnesses, interviews, reports, photographs, writings, or other materials related to the underlying investigation of this case;

AND WHEREAS, the parties agree that the government has a compelling interest in preventing the Discovery Materials from being disclosed to anyone not a party to the court proceedings in this matter, as such material may include information relevant to ongoing national security investigations and prosecutions, and such materials may implicate the privacy interests of the defendant and third parties;

AND WHEREAS, the parties further agree that the Court has the power under Fed. R. Crim. P. 16(d)(1) and 26.2 to grant appropriate relief to the parties where required in the interests of justice;

IT IS ORDERED that:

1. Except as provided below, Discovery Materials shall not be further disseminated[1] by the defendant or his counsel of record to any individuals, organizations or other entities, other than: (i) members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant, and secretarial staff) and (ii) experts retained to assist in the preparation of the defense.

2. Notice of proposed dissemination to defense experts shall be provided to the Court *ex parte* and under seal. Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a copy of this protective order and will be advised that he or she shall not further disseminate the materials except by the express direction of counsel of record or co-counsel. The government shall provide copies of any Discovery Material appropriately so marked.

3. No Discovery Material shall be disseminated to any member of the defense team, as defined above, expert witness retained by the defense team, or any duly authorized witness unless that person shall first have signed the Acknowledgment in the form attached hereto as Appendix A, agreeing to comply with the terms of this Order. The signed Acknowledgment shall be filed with the Court under seal. The substitution, departure, or removal for any reason from this case of counsel for the defendant, or anyone associated with the defense team shall not release that person from the

---

[1] "Disseminated" means to provide, show or describe to another either a particular piece of discovery or quotations, excerpts, or summaries derived therefrom.

2

provisions of this Order or the Acknowledgement executed in connection with this Order.

4. Defense counsel shall store all Discovery Materials, and any copies thereof, in a secure place.

5. The Discovery Materials consisting of (1) the reports, analysis, or images of any seized computers; and (2) any audio or video files, may be left in the custody or control of the Defendant at any jail or prison only under the following conditions: The materials may be left in the possession of the Defendant for periods not to exceed five consecutive days, with such periods approved by the jail or prison. During the period of time that the materials are in the Defendant's custody or control, the Defendant's access to the outgoing postal system and the Defendant's access to any computer with internet access is strictly prohibited. The United States Marshal's Office shall instruct the jail or prison of the limitations set forth in this paragraph.

6. It is expressly understood that counsel for the defendant or co-counsel may not disseminate any of such Discovery Materials to witnesses or potential witnesses. The defendant may seek relief from these provisions as to a particular item or items of discovery by providing notice to the Court of intent to disseminate particular identified item(s) to a witness and the purpose in doing so. The Notice shall be under seal. No disclosure of the item(s) to the witnesses shall be made until the Court so permits. The Court, after notifying the defense, may consult with the Government regarding any dissemination requests pursuant to this paragraph.

7. The Discovery Materials in this case are now and will forever remain the property of the United States Government. At the conclusion of this case, all Discovery Materials shall be destroyed or maintained under secure conditions by defense counsel. Upon written request of the Government, all Discovery Materials shall be returned to the Government.

8. All Discovery Materials are to be provided to the defense, and used by the defense, solely for the purpose of allowing the defendant to prepare his defense. The defendant and defense team shall not make, or participate in the making of, any extrajudicial disclosure of Discovery Materials for dissemination by means of public communication, unless such materials are (or become) public record, including but not limited to, trial transcripts, documents that have been received in evidence at other trials, or documents that are otherwise properly placed in the public domain.

9. Nothing in this Order shall preclude the government or the defendant from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery material. This Order is entered without prejudice to either party's right to seek a revision of the Order by appropriate motion to the Court.

IT IS FURTHER ORDERED that any papers filed by the government pursuant to the Classified Information Procedures Act (CIPA), 18 U.S.C. § App. 3, containing classified information shall be filed under seal and *ex parte* with the Court through the Classified Information Security Officer or a designee of his choosing who possesses the necessary security clearance and shall be governed by the provisions of CIPA.

**SO ORDERED:**

_____
Senior Judge Sandra Beckwith
United States District Court
Southern District of Ohio

Date: 5/5/15

**SO STIPULATED:**

DATED: 5/5/2015

/s/Karen Savir
Karen Savir, Esq.
Counsel for Defendant

DATED: 5/5/2015

/s/ Tim S. Mangan
Tim S. Mangan, Esq.
Assistant United States Attorney
Counsel for United States of America

5