UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,  :  Case No. 1:15-CR-012
    Plaintiff,  :
vs.  :
Christopher Lee Cornell,  :
    Defendant.  :

**ORDER**

On November 3, 2015, Defendant filed a motion seeking a hearing to determine his competency to stand trial in this case. (Doc. 58) The motion was supported by the report of Dr. Scott Bresler, who opined at that time that the Defendant is able to understand the nature and consequences of the proceedings against him, but is not able to properly assist his attorneys in his defense. Dr. Bresler's comprehensive report was filed under seal and will remain sealed, as it includes a detailed discussion of private medical and personal information.

On November 10, 2015, the Court ordered the Bureau of Prisons to perform an evaluation of Defendant's competency. (Doc. 64) Dr. Ron Nieberding performed that evaluation at the Metropolitan Correctional Center in Chicago, Illinois, over the period November 2015 through January 2016. Dr. Nieberding's report was also filed under seal and will remain sealed, for the same reasons as Dr. Bresler's report.

Just prior to the scheduled April 18, 2016 competency hearing, Defendant met again with Dr. Bresler who performed additional evaluations. At the start of the hearing, defense counsel informed the Court that Dr. Bresler has modified his prior opinion

regarding Defendant's competency, specifically with regard to his ability to assist in his defense. Dr. Bresler then testified about the preparation of his original report, including several meetings and conversations he has had with the Defendant, and his review of Defendant's medical and social history. Dr. Bresler opined that Defendant has an adjustment disorder, and a schizotypal personality disorder. He generally defined the latter disorder as a pervasive one that expresses itself in several respects, such as guarded speech, magical thinking, ideas of reference, and flat affect. Dr. Bresler clarified that Defendant does not suffer from schizophrenia, or from multiple personality disorder. He also explained that when he met with Defendant at the Boone County jail on the day before the hearing, Defendant introduced himself for the first time as "Chris" and not as "Raheel." (In his initial appearances before the Court, Defendant asked that he be referred to as "Raheel Mahrus Ubaydah" rather than by his legal name, Christopher Cornell.)

     Dr. Bresler ultimately opined that Defendant is able to understand the nature and consequences of the proceedings against him in this case. Dr. Nieberding reached the same conclusion. When asked if Defendant is able to assist in his defense, Dr. Bresler stated that the answer was a "more complicated issue," but that he now believes (as does Dr. Nieberding) that Defendant is competent to do so. Dr. Bresler also believes that Defendant's competency could change depending upon his circumstances. He advised that Defendant should be re-evaluated prior to any plea or trial.

     18 U.S.C. §4241(a) states that upon a motion filed by either the defendant or the Government, the Court shall order a hearing to determine a defendant's competency if there is "reasonable cause to believe that the defendant may presently be suffering from

a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."   Pursuant to Section 4241(d), the Court must determine competency by a preponderance of the evidence.  Based upon the forensic reports submitted by both parties, the hearing testimony of Dr. Bresler, and the exhibits filed by the Government and by Defendant, the Court concludes that a preponderance of the evidence establishes that Defendant is competent to stand trial.

Both experts agreed in their written reports that Defendant understands the nature and consequences of these proceedings and the charges brought against him. And the Court agrees that a preponderance of the evidence supports their conclusion. The Government's hearing exhibits (which are being filed under seal) include letters written by the Defendant while in jail, which reflect Defendant's comprehension of the charges facing him and the gravity of those charges.   This conclusion is also buttressed by the Bresler and Nieberding reports, describing their interactions with the Defendant when they discussed the charges in this case, and his understanding of the roles of the judge, the attorneys, and the jury.

At the April 18 hearing, Dr. Bresler modified his original opinion on the second prong of the competency question, whether Defendant is able to assist properly in his defense.  His written report cited manifestations of Defendant's adjustment disorder, such as impaired concentration, poor sleep, and lack of eye contact, which he believed could interfere with Defendant's relationship with his attorneys.  He also cited Defendant's lack of motivation as a result of his incarceration.  In his hearing testimony, Dr. Bresler opined that Defendant is able to assist his attorneys, although he may need

additional time for certain tasks, such as preparation for his testimony (should Defendant decide to testify in his own defense). Dr. Nieberding noted that Defendant's anxiety and mental status may make it "challenging" for his attorneys to develop a trusting relationship with him; nevertheless, he concluded that Defendant was **capable** of cooperating with his attorneys and with assisting in his own defense. As both experts agree at this point that Defendant is capable of assisting in his defense in this case, and the Court sees no credible evidence suggesting otherwise, the Court finds that a preponderance of the evidence supports that conclusion.

      For all of these reasons, the Court finds that Defendant is competent to stand trial in this case.

      SO ORDERED.

DATED: April 19, 2016                                  s/Sandra S. Beckwith
                                                              Sandra S. Beckwith, Senior Judge
                                                              United States District Court