#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE SOUTHERN DISTRICT OF OHIO
#### WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:15-CR-00012-SSB |
| | : | |
| Plaintiff, | : | Judge BECKWITH |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER LEE CORNELL, | : | |
| | : | |
| Defendant. | : | |

### SUPPLEMENTAL SENTENCING MEMORANDUM
### OF CHRISTOPHER LEE CORNELL

The additional cases cited by the Government in its response to Christopher Cornell's sentencing memo make defense counsel's point that defendants who have received 30-year sentences actually pushed a button to detonate a bomb. Defendants who planned an attack and then pleaded guilty, accepted responsibility, and expressed remorse, have not received such long sentences.

The Government also contends that the defense does not know the guideline ranges for the cases cited in the sentencing memorandum or the specific circumstances of these cases and therefore the cases cannot be used as comparables. This memorandum is intended to fill in those gaps and will show that courts do not sentence people to guideline sentences because the guidelines for terrorism cases are so incredibly high due to the terrorism enhancement and the fact that defendants are automatically a criminal history category VI even if they do not have a record. A guideline sentence for a terrorism case would not create uniformity because the courts have not been following the guidelines.

All of the cases cited in defendant's sentencing memorandum are "domestic plotter" cases and not "traveler cases." The Minnsesota case is the only traveler case mentioned and it was mentioned in reference to the fact that the judge focused on whether he believed the defendants were amenable to de-radicalization therapy.

In its response, the Government mentions the **Kevin Harpham** case. Harpham was sentenced to 32 Years pursuant to a plea agreement on December 20, 2011. Harpham left an **active bomb** inside of a backpack at a Martin Luther King, Jr. Unity March. This was not a fake bomb, but a live bomb that could have exploded. The parade had to be re-routed after the bomb was discovered, and technicians had to deactivate the bomb. He refused to accept responsibility for his actions or show any remorse for his act of "domestic terrorism." The bomb was intended to target minorities. The judge commented, "I am distressed that you appear to me to not be the least bit apologetic…It seems you're still not in the frame of mind by letting these racist, prejudices control your actions." See Cory Howard, In-Depth Coverage: Backpack Bomber Kevin Harpham Sentenced, KHQ.com, http://www.khq.com/story/16366575/in-depth-coverage-the-harpham-sentencing.

**Mufid Elfgeeh** was sentenced on March 17, 2016 to 22.5 years pursuant to an 11 (c)(1)(C) plea agreement. His guidelines were 360-life. Elfgeeh was charged with attempting to provide material support or resources to a foreign terrorist organization. He recruited people for ISIL and dealt with significant mental health issues. Elfgeeh allegedly "communicated with a Syrian national who purported to be the military commander of a battalion of fighters in Syria." Gary Craig, Rochester Terrorist Mufid Elfgeeh Guilty of Recruiting for ISIS, Democrat & Chronicle, http://www.democratandchronicle.com/story/news/2015/12/17/alleged-terrorist-

scheduled-plea-mufid-elfgeeh/77471906/(Dec. 17, 2015). (Plea agreement Attached).

Terry Loewen was sentenced on August 31, 2015 to 20 Years. Loewen **attempted to blow up an airport in Wichita** but was arrested when he tried to use his employee card to enter the airport on the day of the planned attack. Loewen's plan was to drive a van loaded with [inert] explosives and cause mass casualties before Christmas. Loewen assisted an FBI employee in the final assembly of an improvised explosive device. He was not aware that the explosive materials used in the device were inert. In the early hours of Dec. 13, 2013, the FBI employee picked up Loewen at a Wichita hotel. They drove to where the bomb was stored and finished wiring the device. When they reached the airport, Loewen twice used his airport badge at a card reader to attempt to get onto the tarmac before he was arrested. https://www.justice.gov/opa/pr/kansas-man-pleads-guilty-plot-explode-car-bomb-airport. The plea agreement contained the **agreed sentence** of 20 years. At sentencing, the judge referenced Loewen's age and health as factors for accepting the 20 year agreed sentence. Amy Renee Leiker, *Terry Lee Loewen to Serve 20 Years in Failed Wichita Airport Bomb Plot*, The Wichita Eagle, http://www.kansas.com/news/local/crime/article32987064.html (Aug. 31, 2015).

This memorandum attaches documentation to support the fact that the courts departed downward from the advisory guideline ranges for most of the cases cited in defendant's memorandum. Defendant was unable to find guideline ranges for the Siraj case cited in the memorandum.

**Mohamud**: total offense level 43, criminal history category 6, advisory guideline range was life (Sent. Tr. At 3-4)(attached).

**El Khalifi**: total offense level 51, criminal history category 6, advisory guideline range was life (Deft. Sent. Memo. at 3)(attached).

**Nafis**: the PSR stated the total offense level as 45 with advisory guideline range as life; Defense objected and argued the offense level should be 40 and guideline range of 360 to life (Nafis Sent. Memo. at 3)(attached).

**Abdulkader**: Counsel attended the sentencing hearing during which the court discussed an offense level of 43, Criminal History Category VI.

**Wright**: Guideline range 324-405 months, sentenced to 138 months. (See Wright Sixth Circuit Opinion at 6)(attached).

**Mandhai**: guideline range 188-235 months (which appellate court said was excessive) (see Order Granting Downward Departure at 1)(attached).

**Ferdaus**: Offense level is 42 (adjusted 45 – 3 for acceptance of responsibility) with the terrorism enhancement – criminal history category 6. (Ferdaus Plea Agreement at 2-3)(attached).

**Sadequee**: total offense level is 45, criminal history category 6, guideline range is life (with 720 month statutory maximum) (Sadequee Sent. Tr. at 16)(attached).

**Diaz**: total offense level is 19, criminal history category is II, guideline range was 33-41 months (Diaz Sent. Tr. at 3)(attached). The District Court Judge varied upward to the statutory maximum of 10 years because although Diaz pleaded guilty to being a felon in possession of a firearm, it was really a terrorism case.

In the Munir Abdulkader case, the Government made the same argument to Judge Barrett that a review of other terrorism cases is a "fool's errand." However,

the Judge stated that he believed it was a useful exercise to help determine a sufficient, but not greater than necessary, sentence.

Respectfully submitted,

/s/ Candace C. Crouse
MARTIN S. PINALES (Ohio Bar No. 0024570)
CANDACE C. CROUSE (Ohio Bar No. 0072405)
Pinales, Stachler, Young, Burrell & Crouse Co., LPA
455 Delta Ave., Suite 105
Cincinnati, Ohio 45226
(513) 252-2750
(513) 252-2751
mpinales@pinalesstachler.com
ccrouse@pinalesstachler.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served via this Court's electronic filing system on all counsel of record on this 2nd day of December, 2016.

/s/ Candace C. Crouse
CANDACE C. CROUSE (0072405)
