IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

[Case No. 1:15-cr-00012]

UNITED STATES OF AMERICA
v.
CHRISTOPHER CORNELL

[MOTION OF ENTRAPMENT BY ESTOPPEL]

Now comes the defendant, Christopher Cornell ("Cornell"), in the above-entitled matter, and respectfully moves that he was entrapped by the FBI in a terrorism sting operation.

Cornell had no prior conduct or criminal history. Cornell was never engaged in or even discussed the proposed criminal act. He had never proposed similar criminal acts to other people.

The FBI learned of Cornell through the discriminatory program, FISA, which it wished to keep secret. The investigation was based on prejudice. The FBI asked the informant to follow Cornell's social media activity and later pretended this was how the investigation in his case started. The FBI informant first contacted Cornell through the internet and would pick him up from his home and speak for a period of nearly 6 months.

The FBI informant was insistent and the defendant resistant. Cornell discussed outside the Arby's restaurant while driving in the SUV with the FBI informant on January 13, 2015 about aborting the terror plot. The FBI informant told Cornell, "I drove 16 hours" and "I am ready". Again on January 14, 2015 as Cornell sat in the passengers seat outside the gun shop in the SUV with the FBI informant, contemplating the decision of entering the gun shop, the FBI informant was nagging Cornell to "go in when your ready". Cornell would finally enter the gun shop around 11am. Cornell answered questions on a form and was told by the federally-licensed firearms dealer, John Dean, he wasn't eligible to purchase a gun "due to a bad background check", but "not to worry as this happens to 50% of my customers". Cornell was refused the purchase of firearms his first attempt and was told he would be called back on January 20, 2015 if he is able then to purchase the guns. John Dean asked Cornell for a phone number to leave behind to the store, Cornell told him he would be back and exited the gun shop.

Cornell went outside into the SUV with the FBI informant to relay what had just transpired inside the gun shop with the dealer. The FBI informant created a phone number on Google phone for Cornell to leave behind to the gun shop and gave him his White Apple I-Phone 4G with the phone number saved on the background of the phone as Cornell again reentered the gun shop. Cornell went back into the gun shop and gave the dealer the phone number. John Dean, the dealer, stalled Cornell for a few moments by having him look at gun scopes. John Dean left to the back of the store as Cornell was looking at the gun scopes. When he came back out, he went over to the counter and picked up the phone on the counter, he called Cornell over and told him, "you can now purchase the firearms". The gun transaction was made and Cornell exited the gun shop with the 2 firearms. While walking through the parking lot to the SUV and FBI informant, Cornell was finally taken down by J.T.T.F. agents and arrested.

Cornell was told by previous attorney, Karen Savir, he was placed on a "no sell list" and the FBI went into the computer system and changed this status placed on him to allow him the purchase of the firearms to make an arrest. Whether or not this story is true, the fact still remains that Cornell was first refused the firearms due to a bad background check and the federally-licensed firearms dealer went on and anyways sold him the guns though knowing he wasn't eligible for them.

WHEREFORE, the defendant, Christopher Cornell ("Cornell"), respectfully request the Court allowance of this Motion.

Christopher Cornell
#72795-061
Federal Correctional Institution
P.O. Box 420
Fairton, New Jersey 08320

MARIA LAFFERTY
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 6/30/2018

Signed before me on 3/16/2018