## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| **United States of America,** | : |
| **Plaintiff,** | : |
| | : **Dis. Ct No. 1:15-CR-00012** |
| **Cornell, Christopher Lee,** | : **Judge Black** |
| **Defendant** | : |



## AMENDED MOTION TO VACATE SENTENCE § 2255

Comes now, Movant, **Christopher Lee Cornell**, pro se in the above captioned cause and files this Amended Motion to Vacate Sentence, under 28 U.S.C. § 2255 to vacate his conviction and sentence under 18 U.S.C. § 924(c) as having been recently held unconstitutional by the Supreme Court of the United States of America and because the court was without jurisdiction to impose such a sentence. *United States v. Davis,* 588 U.S. _____ (2019), the United States Supreme Court held that 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. This Appellate Court is the court of original jurisdiction pursuant to 18 U.S.C. § 3231 . Furthermore, Section 924 (c)(3)(B), which defines a "crime of violence" is unconstitutionally vague based on *Johnson v. United States*, 135 S.Ct. 2551 (2015) and made retroactive under *Welch v. United States*, 136 S.Ct. 1257 (2016).

Secondly, Movant argues that the crime 18 U.S.C. § 1114 should have never been applied to Movant as the elements of that crime were not proven. Movants attorneys should have filed a motion to dismiss this charge as the Movant never acted in any such way as to

1

attempt any crime of murder. Rather than attack the charge on these grounds, Movants attorneys forced him to plea to the crime. Movant contends that one cannot be held to a crime of attempt unless one actually does in fact attempt to kill. Thus, Movant argues that this very fact should be the prima facie evidence that his attorneys were in fact ineffective and ask this court for relief and dismissal of the charge and sentence.

Third, Movant, argues that his sentence is illegal. Movants attorneys, Martin S. Pinales and Candance C. Crouse conned and convinced him to take the plea deal. Movant being of unsound mind finally caved into his lawyers request as promises were made that if Movant took the plea deal, he would be assured downward departures for his mental illness and acceptance of responsibility. This Court of Appeals denied Movants direct appeal based on the terms in the plea agreement. Movants attorneys filed a notice of appeal the day after sentencing, December 6, 2016,  and on the same day filed to withdraw as counsel leaving Movant with no attorney to follow through with the appeal. This left Movant at a serious disadvantage and the Judge requested another attorney to take over the appeal. The new attorney was forced to quickly absorb the facts of the case and Movant contends that this was a failure of due process as the new attorney failed to argue the facts of the illegal sentence that was imposed at the time of sentencing. Movants ask for relief from this Court to find that his attorneys were ineffective, and his sentence was in fact illegal.

Fourth, not only is that indicative of their ineffective counsel but the sentence itself should be deemed illegal on it face due to its drawn-out scheme. 924(c) charges are set up to add an additional five years to be run consecutively with the predicate charge. This is what happened in Cornell's case, but not only did the Judge run that time consecutive the Judge also stopped the time for his count 4 after 180 months to be served concurrently with count 1 then starts tolling that time once the 240 months is over to begin serving the next 60 months before the 924(c) charge. Cornell begs this Court to reverse this illegal sentence as one shouldn't be forced to spend 180 months on one charge then another 60 months after another 60 months have passed. This is unconstitutional and excessive sentencing and is not due process of law. It is cruel and unusual punishment under the eighth amendment.

Fifth, Movant also contends that his first § 2255 was attempted to be filed on November 20, 2017 after the USCA order was filed in the case denying direct appellate relief. The USCA order was filed on May 16, 2017 in the United States Southern District of Ohio Western Division. Movants first 2255 was stricken from the record because Movant did not actually sign the motions and the Court ordered him to refile them with a notarized signature as well as all future

Motions would need a notarized signature for them to move forward. On January 4, 2017 and June 22, 2017 an Order of Recusal was filed in Movants case. On January 3, 2017 an Order of Recusal was issued for Judge Sandra S. Beckwith, original trial Judge. The January 4, 2017 order was recalled, and the case was to continue with Judge Beckwith, then on June 22 the next order of recusal was filed with directions to assign a new judge and this one was not recalled.

On January 17, 2017, movant once again filed a Motion to Vacate, Set Aside or Correct, the Court labeled it as a Motion to Vacate (non 2255). The Court never answered this Motion and it was signed by Movant and notarized per the Courts instructions. Movant has filed numerous motions and has never received a response from the Court forcing Movant to file in the Appeals Court. The Appellate docket shows Judge Black to be the assigned Judge in this case. Movant now files this Amended Motion to Vacate § 2255 as timely with the District Court. The United States Appeals Court for the Sixth Circuit has filed a mandate that allows this motion to be filed as timely. Mr. Cornell has attached a brief to support his argument and the supporting facts.

Respectfully Submitted,

Signed BY: _____ CHRISTOPHER LEE CORNELL

CERTIFICATE OF SERVICE

I hereby certify that this AMENDED MOTION TO VACATE SENTENCE and this BRIEF IN SUPPORT OF AMENDED MOTION TO VACATE 2255 was mailed to the Clerk Of Court, US District Court, Southern District of Ohio, Office of the Clerk
Potter Stewart U.S. Courthouse Room 103 100 East Fifth Street Cincinnati, Ohio 45202 and the AUSA for the Southern District of Ohio 221 East Fourth Street, Suite 400 Cincinnati, Ohio 45202, 1st class postage prepaid, this _May_ day of ___Ɗ6___, 2020.

_____ -Sign

State of _____ County Of _____ The foregoing instrument was

acknowledged before me this (date)_____ by_____.

He is personally known to me or has produced _____ as

identification. Signature and stamp of

notary:_____.

3

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT CINCINNATI

---

United States of America,      :

    Plaintiff,      :

        : Dis. Ct No. 1:15-CR-00012

Cornell, Christopher Lee,      : Judge Black

    Defendant      :

---

## BRIEF IN SUPPORT OF AMENDED MOTION TO VACATE SENTENCE § 2255

Movant, Christopher Lee Cornell submits this amended brief of support under 28 U.S.C. § 2255 to vacate his conviction and sentence under 18 U.S.C. § 924(c) as having been recently held unconstitutional by the Supreme Court of the United States of America. The predicate crime of violence was 18 U.S.C. § 1114, attempted murder of government officials and employees.

*United States v. Davis,* 588 U.S. _____ (2019), the United States Supreme Court held that 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague.

In order for an indictment to be legally sufficient, it must assert facts that would establish prima facie the defendants commission of the crime. The elements of 18 U.S.C. § 924(c) require a crime of violence. The predicate "crime of violence" was attempted murder in violation of 18 U.S.C. §§ 1114. This attempt, however, cannot serve as a predicate "crime of violence" under the

residual clause and the force clause of 924(c). First, § 924(c)(3)(b), that section's residual clause, has been held unconstitutional by the new constitutional rule announced in the foundational case of, *Johnson v. U.S.* 135 S. Ct. 2551 (2015), the Court ruled in 2015 that the definition of a violent felony in the residual clause of the Armed Career Criminal Act (ACCA) was unconstitutionally vague. The defective clause defined a "violent felony" to include any prior felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." This case was made retroactive under, *Welch v. U.S.,* 136

S. Ct. 1257 (2016), *Held*: *Johnson* announced a new substantive rule that has retroactive effect in cases on collateral review. Next came the 2018 plurality decision in *Sessions v. Dimaya,* 138 S. Ct. 1204 (2018), that struck down the residual clause in 18 U.S.C. § 16(b), which many federal criminal provisions use to define a crime of violence.

In *Davis*, the Supreme Court went even further in its analysis and ruled that instead of looking at the predicate crime in a categorical approach one must look at the elements of the crime while quoting *Leocal*,

> "In Leocal, the Court wrote: "In determining whether petitioner's conviction falls within the ambit of §16, the statute directs our focus to the 'offense' of conviction. See §16(a) (defining a crime of violence as 'an offense that has as an element the use . . . of physical force against the person or property of another' (emphasis added)); §16(b) (defining the term as 'any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense' (emphasis added)). This language requires us to look to the elements and the nature of the offense of conviction, rather than to the particular facts relating to petitioner's crime." 543 U. S., at 7.'

*Davis*, further states, "one easy way of achieving that goal would be to amend the statute so it covers any felony that, "based on the facts underlying the offense, involved a substantial risk" that physical force against the person or property of another would be used in the course of committing the offense." Applying the reasoning of *Dimaya* and *Johnson* to hold that the residual clause of section 924(c)(3)(B), which is materially identical to section 16(b), is equally vague. Section 924(c)'s residual clause asks whether the offense is a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.", and a "crime of violence" under § 924(c) is limited to an offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."

When one looks at the elements under 18 U.S.C. § 1114 as to an attempt the statute requires one to knowingly attempt to kill a person that is an officer of the United States and the attempt to kill was while such persons were engaged in their official duties. Mr. Cornell never tried any attempt to kill any officer. He did engage in conversation about it, he did manage to purchase a weapon with the help of the FBI, but he never used any type of force on any officer of the United States. The day that he bought said guns he was immediately arrested outside of the gun store. Looking at, *Stokeling v. United States,* 586 U. S. _____ (2019), "In sum, "physical force," or "force capable of causing physical pain or injury," Johnson, 559 U. S., at 140, includes the amount of force necessary to overcome a victim's resistance." This sentence is illegal on its face as the elements to the crime charged and plead to were not sufficient for conviction of Mr. Cornell. Mr. Cornell's attorneys should have never agreed to have their client plead to this charge and thus this renders them ineffective counsel.

Under the 28 U.S.C. § 2255, Cornell is therefore entitled to relief and asks this Court to order said relief because his conviction and sentence under § 924(c) was "imposed in violation of the Constitution…(and) the court was without jurisdiction to impose such sentence". His conviction under 18 U.S.C. § 1114 is illegal as the elements cannot be proven. Thus, this can never be used as the predicate crime of violence to support the 924(c) charge. This motion is timely under § 2255(f)(3), and he may file a successive § 2255 motion as the Supreme Court announces a new, previously unavailable rule of constitutional law in *Johnson*, which was made retroactive in *Welsh*, then *Dimaya* and *Davis* have subsequently followed based on the same substantive rules. *Johnson* opened a path to federal post-conviction petitions by prisoners who had exhausted all direct appeals under *Teague*, because, as the Court itself held in *Welch* in 2016, *Johnson* announced a new, previously unavailable rule. New constitutional rules of criminal procedure generally do not apply retroactively to cases on collateral review, but new substantive rules do apply retroactively. *Teague* v. *Lane*, 489 U. S. 288, 310; *Schriro* v. *Summerlin*, 542 U. S. 348, 351. Substantive rules alter "the range of conduct or the class of persons that the law punishes," *id.*, at 353. Procedural rules, by contrast, "regulate only the *manner of determining* the defendant's culpability." *Ibid.* Under this framework, *Johnson* is substantive. Therefore, so is Davis, in light of these previous ruling.

Furthermore, The First Step Act was signed into law December 2018, the point of the Act was to reduce extremely long prison sentences for offenders. The Act was purposeful to ensure that defendants cannot receive the 25-year mandatory sentence for a second or subsequent offense under 18 U.S.C. § 924(c) in their first criminal proceeding for a § 924(c) offense. Cornell

was sentenced to a consecutive 60-month sentence for the 924(c) charge after a split consecutive sentence. The main point of the First Step Act is to stop excessively long sentences. Cornell argues that under the new existing laws that his sentences wouldn't be consecutive. The sentencing scheme that Mr. Cornell is forced to spend should be looked at very closely when one considers that Congress is in fact trying to enact new laws that will reduce the overall sentencing of all offenders. Long term sentences have been proven to be not only costly to taxpayers but are putting disastrous burdens on prison facilities themselves. This consecutive sentence scheme that Cornell was issued should be deemed illegal in itself and he begs for relief.

Mr. Cornell also ask this court to grant relief that Counsel was ineffective based on the issues presented above and their pressure to force him to agree to a plea agreement on count one, 18 U.S.C. § 1114, that they should have known couldn't be proven in a court of law. When an attorney convinces their client to plead guilty to a crime they are not guilty of due process is violated. Cornell's attorneys erroneous advice and his signing a waiver to give up his appellate rights is illegal. Mr. Cornell also asks this motion be allowed to be heard as his first § 2255 de novo due to the fact that the District Court has never ruled on any of his other § 2255 motions, which is not his fault but is an apparent procedural fault of the District Court and his time continues to toll on those arguments. If not allowed on that basis under the facts that will be argued, then allow this to proceed as a second or successive § 2255. This Appellate court is the court of original jurisdiction pursuant to 18 U.S.C. § 3231.

## Background

### I.  Mr. Cornell's Conviction and Sentences

Mr. Cornell plead guilty and was sentenced on December 5, 2016 for three offenses:

18 U.S.C. § 1114, attempted murder of government officials and employees.

18 U.S.C. § 924(c), possession of a firearm in furtherance of a crime of violence.

18 U.S.C. § 2339B, attempted material support to a foreign terrorist organization.

Mr. Cornell was also charged with 18 U.S.C. § 373 Solicitation to Commit a Crime of Violence but this charge was dropped pursuant to the plea deal.

On December 5, 2016, Mr. Cornell was sentenced to the following:

18 U.S.C. § 1114, count 1, 240 months' imprisonment.

18 U.S.C. § 924(c), count 3, 60 months to run consecutive with count 1 and 4.

18 U.S.C. § 2339B, count 4, 180 months' imprisonment with the first 120 months to run concurrent with 1 and the left over 60 months to run consecutive to count 3. All is to be followed by a lifetime of supervision.

The predicate crime of violence was 18 U.S.C. § 1114 for the basis of the 924(c) charge. Mr. Cornell argues that splitting the count 4 term of imprisonment is illegal. His initial sentence is 240 months of which count 4 will have 180 months run concurrently then to only have it split to the next 60 months to be run consecutively to the 924(c) count 3 of 60 months. If this Court finds that counts 1 and 3 are in fact unconstitutional and dismisses the charges Mr. Cornell will still be forced to serve the count 4 sentence which is 180 months and is a very sufficient sentence.

Mr. Cornell's original lawyers filed a notice of Appeal on December 6, 2016 and also filed to withdraw from his case. On March 9, 2017, Cornell's new attorney of record, Michael J. Stengal filed his motion for direct appeal to this Court. This Appellate Court for the Sixth District declined to hear the case based on the plea agreement that Cornell signed with his withdrawn attorneys that agreed he wouldn't be allowed to file a direct appeal unless he was attacking it's legality.

Mr. Cornell entered into his plea deal unaware of what the 30 year cap meant. He waived his right to appeal his conviction or sentence based on the belief that his attorneys wouldn't allow him to plea to a crime he didn't commit. However, he reserved the right to file motions on ineffective assistance of counsel and prosecutorial misconduct.

## II.    PRIOR FILED 2255 MOTIONS

Cornell contends that his first filed § 2255 was attempted to be filed on November 20, 2017 after the USCA order was filed in the case denying direct appellate relief. The USCA order was filed on May 16, 2017 in the United States Southern District of Ohio Western Division. Movants first 2255 was stricken from the record because Movant did not actually sign the motions and the Court ordered him to refile them with a notarized signature as well as all future Motions would need a notarized signature for them to move forward. On January 4, 2017 and June 22, 2017 an Order of Recusal was filed in Movants case. On January 3, 2017 an Order of Recusal was issued for Judge Sandra S. Beckwith, original trial Judge. The January 4, 2017 order was recalled, and the case was to continue with Judge Beckwith, then on June 22 the next order of recusal was filed with directions to assign a new judge and this one was not recalled.

On January 17, 2017, movant once again filed a Motion to Vacate, Set Aside or Correct, the Court labeled it as a Motion to Vacate (non 2255). The Court never answered this Motion and it was signed by Movant and notarized per the Courts instructions. Movant has filed numerous motions and has never received a response from the Court. Thus, Movant requested an order from the Sixth Circuit Appeals Court that has issued a mandate that this motion be allowed as movants amended first § 2255.

### III.      Direct Appeal

Cornell did file a direct appeal to this Sixth Circuit Court, No 16-4725. Mr. Stengal was appointed to represent Mr. Cornell after his original attorneys withdrew from the case as a favor to Judge Beckwith. Mr. Stengal motioned the court a month into the appeals process for copies of all transcripts and sealed motions to decide if his original attorneys were ineffective. He used those transcripts to make his argument that Mr. Cornell should have received a downward departure for his mental illness.

He never attacked the specific charges that Cornell plead to, instead he mainly argued about his mental illness being the reason he failed to understand the plea and the sentence being unreasonable.  Due to him being brought on the case only to write the appeal he was not privy to the conversations that went on between Cornell and his original attorneys. He knew his arguments were constrained to ineffective assistance of counsel and/or prosecutorial misconduct yet decided to base his argument on Cornell's mental illnesses instead of the previous attorneys allowing him to sign off on illegal charges.  Cornell argues that his failure to attack the charges on their face due to ineffective assistance of counsel also constitutes ineffective assistance of counsel. Especially considering that he filed that appeal on March 9, 2017 after the *Johnson* and *Welch* decisions.

### STANDARD OF REVIEW

Under U.S.C. § 2255, a prisoner in federal custody may file a motion to vacate, set aside, or correct a sentence and may challenge the legality of his sentence on four grounds: 1) "the sentence was imposed in violation of the Constitution or laws of the United States", 2) "the court was without jurisdiction to impose such sentence", 3) "the sentence was in excess of the maximum authorized by law", 4) the sentence is "otherwise subject to collateral attack". *Mikail v. United States*, No 1:13cr137, 2014 WL 4161980, at 1 (E.D. Va. Aug 19, 2014). The movant bears the burden of demonstrating his entitlement to relief by a preponderance of the evidence. *Id.* (citing Hall v. United States, 30 F. Supp 2d 883, 889 (E.D. Va. 1998).

A conviction or sentence imposed may be challenged through a § 2255 motion. The motion can move forward if petitioner proves that the sentence was imposed in violation of the Constitution or laws of the United States. The motion brought needs to show 1) cause and prejudice and 2) he is actually innocent. To bring successive § 2255, a movant must show that a new constitutional rule has been applied, *Welch*.

If the movant is successful, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. §2255(b). Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a prisoner may file a successive petition for postconviction review only when a court of appeals panel certifies that the petition involves "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court."

The counts at issue each alleged that defendants acted "in relation to," "during" or "in furtherance of " a "crime of violence" as set forth in 18 U.S.C. §924(c). Pursuant to §924(c), "any person who, during and in relation to any crime of violence...uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall be subject to a mandatory minimum sentence to run consecutively with any other sentence." *U.S. v. Jackson*, 918 F.3d 467,478-79 (6th Cir. 2019)(quoting 18 U.S.C. §924(c)). Cornell never acted out any crime of violence, all he did was buy a gun, no attempt was ever made.

A "crime of violence", is a felony that either "has an element the use, attempted use, or threatened use of physical force against the person or property of another" or "by its nature involves substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. §924(c)(3)(A). Therefore, *United States v. Davis,* 588 U.S. _____ (2019), the United States Supreme Court held that 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague.

## ARGUMENT

### I.    This is Mr. Cornell's First § 2255

Mr. Cornell argues that this should be considered his first § 2255 based on the fact that the District Court has never heard or ruled on his first motions. Mr. Cornell has made attempts to file a § 2255 motion. However, as referenced above his motions were first stricken from the record due to his failure to sign and secondly his motion was docketed as not a § 2255 motion, even

though it was in fact his last attempt on January 17, 2018. The Motion was titled Motion to Vacate sentence and was in fact a § 2255 motion.

The Appeals Court filed its decision and order on May 16, 2017, therefore Cornell had one year after that to file his § 2255 motion. Cornell had until May 16, 2018 to file his first § 2255 motion and it was filed timely. Cornell should not be punished with a denial of filing a § 2255 motion because the District court has failed to answer his complaint based on equitable tolling. The remedy asked of this Court is for a de novo and allow this motion to go forth being deemed his first § 2255 motion. Mr. Cornell ask the court to allow all previous motions to be withdrawn and allow this motion to sit in their place. Also, since the District Court has never answered his motions to make any type of ruling then Cornell argues that the time on that motion is still tolling and that this is a properly timed filed § 2255 motion. This motion is to be considered as an amended motion to any initial motion filed by Cornell to the court, as the Sixth Circuit Court of Appeals has mandated. He has been denied due process by the District Court.

Equitable tolling is based under the common law of equity. The statute of limitations does not factor into the claim if the movant can show that he did in fact file his motions timely and the Court erred in responding to those motions.

U.S. Code § 2255**(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—**(1)** the date on which the judgment of conviction becomes final; **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

## II.    Mr. Cornell's § 2255 is Proper

(a) An applicant seeking a certificate of appealability in a §2255 proceeding must make "a substantial showing of the denial of a constitutional right." §2253(c)(2). That standard is met when "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner." *Slack* v. *McDaniel*, 529 U. S. 473, 484. The question whether Welch met that standard implicates a broader legal issue: whether *Johnson* is a substantive decision with retroactive effect

in cases on collateral review. If so, then on the present record reasonable jurists could at least debate whether Welch should obtain relief in his collateral challenge to his sentence. Pp. 6-7.

(b) New constitutional rules of criminal procedure generally do not apply retroactively to cases on collateral review, but new substantive rules do apply retroactively. *Teague* v. *Lane*, 489 U. S. 288, 310; *Schriro* v. *Summerlin*, 542 U. S. 348, 351. Substantive rules alter "the range of conduct or the class of persons that the law punishes," *id.*, at 353. Procedural rules, by contrast, "regulate only the *manner of determining* the defendant's culpability." *Ibid.* Under this framework, *Johnson* is substantive. Before *Johnson*, the residual clause could cause an offender to face a prison sentence of at least 15 years instead of at most 10. Since *Johnson* made the clause invalid, it can no longer mandate or authorize any sentence. By the same logic, *Johnson* is not procedural, since it had nothing to do with the range of permissible methods a court might use to determine whether a defendant should be sentenced under the Act, see *Schriro*, *supra*, at 353. Pp. 7-9. Bruce v. Warden Lewisburg USP, 868 F.3d 170 (3d Cir. 2017) (explaining that new rules of statutory law are necessarily retroactively applicable to habeas claims under 28 U.S.C. § 2255(e)).

*Davis,* altered the range of conduct and the class of persons that the § 924(c) statute can punish in the same manner that *Johnson* affected the ACCA. In other words, *Davis* announced a new substantive rule, and *Welch* tells us that a new rule such as the one announced in *Davis* applies retroactively to criminal cases that became final before the new substantive rule was announced. Consequently, for purposes of § 2255(h)(2), we conclude that, taken together, the Supreme Court's holdings in *Davis* and *Welch* "necessarily dictate" that *Davis* has been "made" retroactively applicable to criminal cases that became final before *Davis* was announced. See *Tyler,* 533 U.S. at 666, 121 S. Ct. at 2484.

### III.    Cornell is actually innocent of the 924 (C) and the § 1114 Charge

Cornell is actually innocent of the charges he is contesting in this motion. As stated, many times during this motion, Cornell was sentenced under § 924(c) for count 1, and in relation to a "crime of violence". The predicate crime of violence was an attempt to murder United States officials and employees, in violation of 18 U.S.C. §§ 1114. This charge, however, cannot serve as a crime of violence under the residual clause or the force clause.

In *McQuiggen v. Perkins*, 133 S. Ct. 1924 (2013), a 5-4 decision written by Justice Ginsburg, the Court held that "actual innocence, if proved, serves as a gateway through which a petitioner

may pass," meaning that a prisoner who can show proof of innocence may file a petition outside of the statute of limitations and a court may consider the merits of the claims. Defendant contends he is actually innocent of the charges because he was convicted of crimes of violence that are no longer crimes of violence under *Davis*. Thus, the AEDPA, has an actual innocence exception.

Furthermore, under *Davis*, "Respondents Maurice Davis and Andre Glover were each convicted after jury trial on one count of conspiracy to commit Hobbs Act robbery; three counts of Hobbs Act robbery; and two counts of brandishing a firearm during a "crime of violence," a violation of 18 U.S.C. § 924(c)(1)(B)(i). Section 924(c) authorizes heightened criminal penalties for using, carrying or possession a firearm in connection with a "crime of violence or drug trafficking crime." "Crime of violence" is defined in two subparts: (1) the elements clause, § 924(c)(3)(A); and (2) the residual clause, § 924(c)(3)(B) (a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense").

The most recent case to take up the cause and add further light to what's considered a violent crime is *Barrett v. U.S.*, 139 S.Ct. 2774 (2019), Defendant appealed the district court's judgment entered after a jury trial, challenging his conviction for using firearms in the commission of violent crimes, causing death in one case. In this case, *Barrett* was convicted after trial for multiple counts of "conspiratorial and substantive Hobbs Act robbery" and related § 924(c) counts of using a firearm during and in relation to those robberies. On remand from the Supreme Court, the Second Circuit vacated "*Barrett's* Count Two § 924(c) conviction for using a firearm in committing Hobbs Act robbery conspiracy … in light of *Davis*." *Barrett*, 2019 WL 4121728 at *1. *Barrett's* "conviction for using a firearm in committing Hobbs Act robbery conspiracy must be vacated because the identification of that crime as one of violence depends on the § 924(c)(3)(B) residual clause definition, which *Davis* has now pronounced unconstitutionally vague." *Stokeling v. U.S.*, 139 S. Ct. 544 (2019), In sum, "physical force," or "force capable of causing physical pain or injury," *Johnson*, 559 U. S., at 140, includes the amount of force necessary to overcome a victim's resistance".

*U.S. v. Jackson*, 918 F.3d 467,478-79 (6th Cir. 2019), this circuit has recently sought to further define a crime of violence. "We have held that § 2113 bank robbery—which, just like carjacking, requires that the robbery be committed "by force and violence, or by intimidation"—constitutes a crime of violence under both the Guidelines and under § 924(c)'s elements clause. *See United States v. McBride,* 826 F.3d 293 (6th Cir. 2016), *cert. denied,* ___ U.S. ___, 137 S.Ct. 830, 197

L.Ed.2d 72 (2017); *United States v. Henry,* 722 F. App'x 496 (6th Cir. 2018). Like the Fourth and Fifth Circuits, we recognized that a "taking by intimidation under § 2113(a). . . involves the threat to use physical force." *McBride,* 826 F.3d at 296 (reaching that conclusion under the Guidelines' elements clause); *Henry,* 722 F. App'x at 500 ("[Intimidation is all it takes to satisfy § 924(c)(3)(A)'s elements clause, which defines crimes involving the `threatened use of physical force' as crimes of violence.")."

*U.S. v. Jackson* helps to define the threat of physical force. Threat involves intimidation while taking which is a type of physical force. Cornell bought a gun, he never went to any place that Government officials or persons were located and threatened any acts of violence nor intimidated them by demanding to them he would use force nor did he brandish any weapon at any person. This Court then went even further into the description of what constitutes a crime of violence in *U.S. v. Jackson* , 18 U.S.C. § 2119, "and by our previous holding that the "act of brandishing a firearm during a carjacking, without more, is not sufficient to prove specific intent to kill or cause serious bodily harm to the victim" as required by § 2119, *United States v. Mack,* 729 F.3d 594, 603 (6th Cir. 2013) (citing *Holloway v. United States,* 526 U.S. 1, 11, 119 S.Ct. 966, 143 L.Ed.2d 1 (1999)). Instead, the government "must produce evidence that the defendant did more than make an `empty threat' or `intimidating bluff.'" *Id.* at 603-04."

*Davis* makes clear that an offense cannot be identified "as a crime of violence" under § 924(c) — even by a trial jury — on a case-specific basis. The decision must be made categorically." *Barrett,* 2019 WL 4121728 at *1.§ 924(j) doesn't incorporate the penalty enhancements of § 924(c)(1)(C)(i), or the consecutive sentencing mandate of § 924(c)(1)(D)(ii). *Johnson, Dimaya*, and *Davis* have declared the residual clause and the force clause unconstitutional as a crime of violence must show some type of force to overcome a victim. Therefore, Cornell, in this case was convicted and sentenced under an unconstitutional statute, which makes him still to this day actually innocent of the charges and his sentences should be vacated.

## IV.    18 U.S.C. § 1114

On August 1, 2016, the prosecution filed document number 115, Elements of Offense, The following was listed as to count one.

Count 1 of the Superseding Indictment (attempted murder of government officials and employees, in violation of 18 U.S.C. § 1114) has the following elements:

a. The defendant knowingly attempted to unlawfully kill a person;

b. The person or person to be killed were officers and employees of the United States;

c. The defendant attempted to kill such persons while such officers and employees of the United States were engaged in and on account of the performance of their official duties; and

d. Some of such act or acts occurred in the Southern District of Ohio on or about the dates set forth in the Superseding Indictment.

Cornell argues that the elements were never met for this charge to be legally valid. Cornell was ensnared in an aggressive sting operation by the FBI. The FBI informant was already a convicted terrorist. This informant was offered a plea deal to serve a very short sentence for his cooperation. The informant was also paid well over 100,000.00 dollars. The informant continually pushed Cornell to buy guns and drove him to the store to purchase the guns. When Mr. Cornell first went into the store, he was denied the ability to purchase the guns. The FBI had placed him on a no sell list. When he returned to the informant's vehicle and said he was not allowed to buy them, and he was ready to go home. He had once again for the third time tried to stop this fake attack from moving forward. Instead the informant text the FBI to alert them to this issue and then he prodded Cornell to go back into the store to try to buy them again. Cornell did finally acquiesce and went back into the gun store to purchase the guns, this time he was allowed to buy them. The instant that he came out of the store the FBI arrested him.

The beginning argument as to what is attempted murder would make one ponder that to attempt to murder a person, one must do something that would be an actual attempt. Buying a gun does not and should not be the only premise to be found guilty of attempted murder. Cornell never drove to Washington D.C., nor did he do any physical surveillance of any buildings that employed Government officials in their working capacity. Even in the prosecutors list of elements its is plainly clear to see that Mr. Cornell never committed the offense.

First, we can look at (a) the defendant knowingly attempted to unlawfully kill a person. Cornell never walked up and pointed this gun at them and tried to shoot any person, there was no brandishing of any weapon to any Government official. Cornell's only act was to buy a gun at

the insistence of the FBI informant even after he was denied the buying of this gun due to the background check.

The next part of the elements one should look at is (b), the person or persons to be killed were officers and employees of the United States. One could continue to ponder this as well, all he did was buy a gun and walk outside of the gun store. Cornell believes that for this part of the offense to be proven his mere talk about what he would do if he got a gun isn't sufficient to satisfy this element.

Lastly, we move to (c), the defendant attempted to kill such persons while such officers and employees of the United States were engaged in and on account of the performance of their official duties. Once again Mr. Cornell contends, he did not commit this either. All he did was buy a gun at the direction of the FBI and their informant and walk out of the store. No officers were there, he did not point a gun to try to kill any officer nor any person. Neither was he at any place attempting to kill while government officials were engaged in their official duties. He also never surveilled any government officials while they were engaged in their official duties.

Under *Bousley*, 523 U.S. 614, 624 (1998), "where the Government has foregone more serious charges in the course of plea bargaining, (a) petitioner's showing of actual innocence must also extend to those charges." The plea agreement dropped Count 2, Solicitation to Commit a Crime of Violence 18 U.S.C. § 373. The issue with this count is the same as Count 1, Cornell could not have been held guilty of this crime because it's a conspiracy crime and one cannot be in a conspiracy with a government agent and this wasn't the most serious charge, count one fits that description. *U.S. v. Brown*, 752 F3d 1344, 1352 (11th Cir. 2014), "There is a jurisdictional defect when the indictment affirmatively alleges conduct that does not constitute a crime at all because that conduct falls outside the sweep of the charging statute." *Vanwinkle v. U.S.*, 645 F.3d 365, 371 (6th Cir. 2011).

If you look under the 2018 Sentencing Guidelines you will find attempted murder under:

2.    ASSAULT

§2A2.1.    Assault with Intent to Commit Murder; Attempted Murder

(a)    Base Offense Level:

(1)     33, if the object of the offense would have constituted first degree murder; or

(2)     27, otherwise.

(b)     Specific Offense Characteristics

(1)     If (A) the victim sustained permanent or life-threatening bodily injury, increase by 4 levels; (B) the victim sustained serious bodily injury, increase by 2 levels; or (C) the degree of injury is between that specified in subdivisions (A) and (B), increase by 3 levels.

(2)     If the offense involved the offer or the receipt of anything of pecuniary value for undertaking the murder, increase by 4 levels.

Next look at basic Assault:

§2A2.3.     Assault

(a)     Base Offense Level:

(1)     7, if the offense involved physical contact, or if a dangerous weapon (including a firearm) was possessed and its use was threatened; or

(2)     4, otherwise.

(b)     Specific Offense Characteristic

(1)     If (A) the victim sustained bodily injury, increase by 2 levels; or (B) the offense resulted in substantial bodily injury to a spouse, intimate partner, or dating partner, or an individual under the age of sixteen years, increase by 4 levels.

(c)     Cross Reference

(1)     If the conduct constituted aggravated assault, apply §2A2.2 (Aggravated Assault).

If basic assault has the requirements that for the higher offense level of 7 that it involved physical contact, then how can one be convicted of attempted murder which is the highest assault offense when they never touched nor was in any contact with a government official? Both require upward variances if the victim sustained bodily injury, thus one must surmise that for one to be guilty of an assault one must in fact actually harm another person. Cornell did not harm anyone nor did he touch any government official he just bought a gun. Thus, there is no "crime of violence" to what Mr. Cornell actually committed. It even goes on to further say that if the offense involved a weapon and its use was threatened then that would constitute the 7 points.

17

Cornell refers back to one of this circuits recent cases, *U.S. v. Jackson*, 918 F.3d 467,478-79 (6th Cir. 2019), this circuit has recently sought to further define a crime of violence. "We have held that § 2113 bank robbery—which, just like carjacking, requires that the robbery be committed "by force and violence, or by intimidation"—constitutes a crime of violence under both the Guidelines and under § 924(c)'s elements clause. , "and by our previous holding that the "act of brandishing a firearm during a carjacking, without more, is not sufficient to prove specific intent to kill or cause serious bodily harm to the victim" as required by § 2119, *United States v. Mack,* 729 F.3d 594, 603 (6th Cir. 2013) (citing *Holloway v. United States,* 526 U.S. 1, 11, 119 S.Ct. 966, 143 L.Ed.2d 1 (1999)). Instead, the government "must produce evidence that the defendant did more than make an `empty threat' or `intimidating bluff.'" *Id.* at 603-04." This circuit has thoroughly defined a crime of violence to be more than just a threat, it must prove the specific intent to kill or cause serious harm by force and violence, or intimidation. Cornell committed not one single act of violence, he took no officials by force, and he didn't even attempt to intimidate any government officials. He merely bought a gun as the FBI and their informant prodded him to do for months just so they could actually charge him with these crimes. Attempted murder should mean that an actual violent attempt to murder was made.

The 18 U.S.C. § 1114 charge is illegal on its face. This charge should never be allowed to stand. If this charge is allowed to stand then the government must arrest millions of Americans because they simply bought a gun. The buying of the gun was part of the FBI's playbook to ensure a very long sentence for Mr. Cornell. This is considered sentence entrapment. The issue that we all must have is that to charge someone with attempted murder an attempt to actually kill must be made. Merely buying a gun which is legal is not sufficient to charge someone with attempted murder no matter what they said they may do if they did in fact have a gun. If this court deems this count to be facially invalid and dismisses this count and sentence, then the 924(c) is automatically illegal and needs to be dismissed as there is no predicate crime of violence. The prosecution maintained that the defendant possessed the firearm in furtherance of an attempted crime of violence; that is the attempted killing of officers and employees of the United States. Cornell never attempted to kill, and the record makes this fact very clear. Under the elements test this charge cannot stand.

### V.  Ineffective Assistance of Counsel

Cornell was appointed counsel by the Courts. Cornell argues ineffective assistance of counsel based on the above arguments. The Supreme Court defined ineffective assistance of counsel in the landmark case *Strickland v. Washington,* 466 U.S. 668 (1984). The Court held that an attorney's assistance is ineffective if it "so undermined the functioning of the adversary process that the trial cannot be relied upon as having produced a just result." [A] defendant who claims ineffective assistance of counsel must prove (1) "that counsel's representation fell below an objective standard of reasonableness," ... and (2) that any such deficiency was "prejudicial to the defense." Also, Roe V. Flores-Ortega (98-1441) 528 U.S. 470 (2000) " (a)  Courts must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," 466 U.S., at 690, and "judicial scrutiny of counsel's performance must be highly deferential," *id.*, at 689.

As Cornell stated above, his original attorneys pushed him into taking a plea deal. He was told over and over that if he refused the deal he would get a life sentence. Cornell was locked in solitary confinement for months with no real human contact, he was ready to get out of that horrible situation and he finally agreed to sign that plea deal under extreme duress. Once you look at the elements listed in 18 U.S.C. § 1114 and consider the fact that *Johnson* originated from the Sixth circuit one must wonder why these attorneys did not simply withdraw from the case earlier. They apparently held a great prejudice against their client for the crimes charged. *Strickland v. Washington's* first prong is to look at the defense counsel and garner if they fell below the objective standard of reasonableness, Cornell contends they did when they conned him into pleading guilty to a crime that he was not guilty of and the elements did not fit the crime. This charge was significantly prejudicial to their client when they convinced him to plea, and he received a 20-year sentence and then an added 5-year consecutive sentence because of the crime in itself. There could never be anything more prejudicial than this very act made by his counsel. They can not even contend they were unsure of the elements when the prosecution actually filed document # 115 in the case that spelled it out in common language.

Cornell's attorneys, Pinales and Crouse filed to withdraw the day after his sentencing. They were satisfied that they had helped the prosecution get their client an arbitrary unreasonably long sentence and they were ready to move on. The Mr. Stengal is appointed, and he does not argue any of the above facts, instead he chooses to file a motion with the appeals court arguing the mental illness aspect and arbitrary sentencing very well knowing that

the plea deal only allowed arguments for ineffective assistance of counsel and prosecutorial misconduct. It is very true and an argument to this day by Mr. Cornell that his mental illness was in fact proven in Court and it most definitely caused him to have magical thinking and was part of the reason he so easily was roped into this plan by the FBI. However, even Stengal, Cornell's appellate attorney should have seen how ineffective the previous counselors were and he should have argued against the charges based on *Johnson* and the elements not fitting the crime.

Then when you look at the sentencing structure from the Court one must really start scratching their head wondering how all three of these lawyers allowed such a sentence to be given to a delusional young man. 18 U.S.C. § 1114 maximum sentence is twenty years, the 924(c) crime can add five years for the first offense if a predicate crime of violence can be proven, and secondly is in fact a "crime of violence". Count 4, the material support charge has a maximum sentence of 20 years. Out of these maximums Cornell ended up with a sentence of thirty years, yet not one attorney argued against it. They agreed in the plea deal to have a sentencing cap of 30 years. Per statutes, Count 1's maximum is 20 years, count 4's maximum is 20 years, the 924(c), if proven adds 5 years to run consecutively. This seems baffling to Cornell and he must argue that fits the exact definition of ineffective assistance of counsel. He did not receive anything from his plea deal except the maximum statutory time and with the stacked scheme of his sentence he actually received more time then the law allows. One can argue that dropping the Count 2 charge of solicitation was a benefit, until you look at the charges elements and see that it's a conspiracy charge. Plea deals are meant to benefit both sides, this sentence was never meant to benefit Cornell, it was meant to lock him up for an excessively long amount of time that's capricious in nature and arbitrary.

Furthermore, Cornell should have received a downward departure for his mental illness and his acceptance of responsibility. There was no consideration on Cornell's part to give him any break on his sentence. One could almost argue collusion between all parties to exact this end result to a mentally ill young man who had lost his path and was highly suggestible to not only the informant but to his very own attorneys. He was in need of a medical facility not a prison bed for thirty years.

## IV.    SENTENCE WAS ARBITRARILY APPLIED

Cornell argues that his sentence was in fact not only arbitrary but also illegal. Document # 130, Criminal Minutes-Sentencing Judge Beckwith orders:

Sentence: 240 months imprisonment on Count 1; 180 months imprisonment on Count IV with the first 120 months to run concurrent to Count 1 and 60 months to run consecutive to Count 1; 60 months imprisonment on Count III to be served consecutive to Counts 1 & IV, followed by a lifetime of supervised release.

The 240-month sentence to Count 1, 18 U.S.C. § 1114, was the maximum. The 180 months to Count IV, 18 U.S.C. § 2339B, had a maximum range of 20 years. The 60 months to Count 3,18 U.S.C. § 924(c) was the maximum sentence for the first offense. This statute also specifies that it is to run consecutive to the predicate crime of violence. The issue with this sentence is the scheme of the sentencing in itself. Cornell is sentenced to spend 240 months imprisonment for count 1 and 120 months on Count 4 concurrently. Then he is sentenced to spend the next 60 months finishing his sentence from count 4 to only be forced to spend another 60 months for count 3. Perhaps there was a mistake in the transcripts or the word order as consecutive and concurrent has been misconstrued in the past.

Looked at differently though one must argue that the sentence to count 4 is also illegal on its face because how can one be sentenced to serve 180 months for a crime concurrently to one count then not serve any more time for that crime until 60 months later. Then serve the remaining 60 months while waiting to serve the next 60-month consecutive sentence. Cornel pleads to this court that this sentencing scheme must be reversed. The eighth amendment bans excessive punishments and this split time is excessive and outright arbitrary and if count 1 and Count 3 are to be dismissed then Cornell would spend 180 months imprisonment on Count 4, which should have been his entire sentence. This scheme is basically set up that Mr. Cornell serves his first 180 months on Count 4 with Count 1 then he no longer serves anymore time on Count 4 until the next 60 months is up on Count 1 and then he serves 60 more months on Count 4 to then start serving his last 60 months on count 3. This scheme is set up to fulfill the thirty year cap the prosecution put in the plea deal.

The First Step Act was enacted December 2018, its primary focus was to reduce prison sentences and restructure the way 924(c) offenses were allocated. It also reduced the amount of time for second offenses and also awarded more time to be applied for good time credits. The entire mandate is to stop excessive sentences. *United States v. Booker*, 543 U.S. 220 (2005), was the beginning to the Supreme Court saying enough to mandatory sentencing and told all Courts that the sentencing guidelines are advisory.

*Dean v. United States*, 137 S.Ct. 1170 (2017), the Supreme Court ruled "to consider the severity of the mandatory consecutive minimum sentences required by §924(c) in determining the sentence for the predicate offenses". The Court didn't believe it had discretion to not sentence him to the 924(c) consecutive sentence and the Eighth Circuit agreed. The Supreme Court did not agree due to the fact that the sentencing court should consider the predicate offense sentence before giving the total sentence.

Before *Dean*, the Second Circuit's decision in *United States v. Chavez*, 549 F.3d 119 (2d Cir. 2017) had precluded such consideration. Significantly, the Circuit chose to remand for full resentencing rather than for clarification, in part to "afford Brown the opportunity to argue that he should benefit from section 403(b) of the First Step Act of 2018," which repealed the required bump-up for the second 924(c).

If a machine gun, silencer, short barreled rifle, short barreled shotgun, explosives or body armor is involved, the offense is punished more severely. If the firearm is brandished or discharged, the offense is punished more severely. Repeat offenders are likewise punished more severely. The First Step Act was signed into law with the purpose of stopping excessive stacked sentences from being issued and to ask the Courts to look at the totality of the circumstances. If one must brandish a firearm per statute rules to get a much higher sentence, then Cornell begs this Court to rule that simply buying a firearm can not be a predicate crime of violence.

When considering sentencing disparities, one should look to other cases. A case of similarity was a man who was arrested not long after Cornell in the same district and prosecuted by the same court. Munir Abdulkader was arrested on May 21, 2015 and sentenced on November 12, 2016 by Judge Barrett. He pleaded guilty to the same exact crimes that Cornell plead to, as this was also an FBI sting operation with the same type of crime as in this instant case. Once he took possession of the AK-47 he was arrested and his overall sentence is 20 years, yes twenty years whereas Cornell's is 30 years. The main issue that one needs to take up concerning the difference between these two cases is the fact that Mr. Abdulkader was actually speaking to one of ISIL's top leaders Junaid Hussein who actually directed him to find a specific officer and behead him all the while videoing the gruesome event for ISIL to play to the world. After he was finished with that task he was directed to go and shoot up a police station. Cornell begs this Court to grant relief from this excessive sentence and when one compares his sentence to Abdulkader's sentence it is evident that something went terribly awry in Cornells case.

22

**CONCLUSION**

The Supreme Court in *Davis* restricted for the first time the class of persons § 924(c) could punish and, thus, the government's ability to impose punishments on defendants under that statute. Moreover, the Supreme Court's grant of certiorari in *Davis* to resolve the circuit split on whether § 924(c)(3)(B) was unconstitutionally vague illustrates that the rule in *Davis* was not necessarily "dictated by precedent," see Stringer, 503 U.S. at 228, 112 S. Ct. at 1135, or "apparent to all reasonable jurists," see Lambrix, 520 U.S. at 527-28, 117 S. Ct. at 1525.

Count 1 and Count 3 are illegal and the convictions can not stand. There were no acts by Cornell that proved he intended to murder anyone. He did in fact buy a gun at the informants behest with the aid of the FBI but to prove the intent to murder he would have needed to drive to the government officials and attempt to murder them. When Cornell entered into his plea deal, he did so under duress by his own attorneys who could not have been working in his favor. Count 2 was dropped which was Solicitation to Commit a Crime of Violence 18 U.S.C. § 373, the government can not argue that this charge being dropped was the bargain and benefit he made due to the fact that this is a conspiracy crime and one can not be in a conspiracy with a government agent. Plus, it was the FBI informant that was luring Cornell into committing these crimes. This charge was fraudulent upon itself; Cornell was overcharged to enable the FBI to get its long sentence to keep Mr. Cornell locked up for an excessive amount of time. The argument of sentence entrapment has been very much debated and each circuit has their own rules that may apply. This case shows exactly how this sentencing entrapment truly works and the charges simply can't stand on their own based on the new rules by the Supreme Court and under the Elements test. Cornell could have never bought a gun due to being on the no sell list. When the FBI pulled his name off that list in an instant so he could in fact walk back into that store five minutes later to buy that gun, they triggered not only the 924(c) charge but they proved their governmental power over sentencing. Even if this Court disagrees to the argument laid out against 18 U.S.C. § 1114's elements, an attempt to do something must have some type of force involved and this crime absolutely did not, therefore § 1114 cannot be considered a crime of violence.

Cornell was a mentally ill young man that was ensnared in an FBI sting by a convicted terrorist working on behalf of the FBI to reduce his own criminal sentence and to gain huge monetary benefits. Then his attorneys came in and significantly failed him by pushing him into signing a plea agreement for crimes he could not be proven guilty of. The record clearly showed that Cornell had magical thinking and his competency was put to test. Plea agreements save the Court time

and money, Cornell chose to agree under duress. He was not given a downward variance for his mental illness nor his acceptance of responsibility as promised to him by his own attorneys. He showed great remorse for the crime he actually committed. After his attorneys finished the sentencing hearing they filed a withdrawal the very next day knowing that the direct appeal would be pressing up. The Judge had a new attorney take over his case and he failed miserably arguing his direct appeal based strictly on his mental illness. The failure of these lawyers to zealously act in their client's best interest is appalling. Cornell is here today filing this motion asking this Appellate Court for relief. Relief from the crimes he is not guilty of and relief from an excessively long prison sentence.

Cornell asks the Court to rule on the above arguments and their merits. Cornell argues that his own attorneys seemed to be in some type of collusion while defending him with a defense they did not provide. The remedy Mr. Cornell ask for is for this Court to look at the entirety of his claims and to dismiss counts 1 and 3 as illegal and unconstitutional. Cornell ask this court to vacate his sentence.

*UNITED STATES v. DAVIS*, 588 U. S. ____ (2019), (GORSUCH, J., concurring in part and concurring in judgment) (slip op., at 2–9). Vague laws contravene the "first essential of due process of law" that statutes must give people "of common intelligence" fair notice of what the law demands of them. Vague statutes threaten to hand responsibility for defining crimes to relatively unaccountable police, prosecutors, and judges, eroding the people's ability to oversee the creation of the laws they are expected to abide. See Kolender v. Lawson, 461 U. S. 352, 357–358."

Respectfully Submitted,

Dated: May 06, 2020

Signed BY: _____ CHRISTOPHER LEE CORNELL

Certificate of Compliance with Rule 32(a)(7) Federal Rules of Appellate Procedure

I certify that the foregoing brief, complies with Rule 32(a)(7)(a) because it contains less than 30 pages. It complies with Rule 32(a)(7)(B) because it has 10,631

words, as stated on this word processing review used to prepare this document.



Christopher Cowart
#72245061
Federal Correctional Institution
P.O. Box 420
Fairton, N.J. 08320

72795-061
U.S District Court
Clerk
103 E 5TH ST
Cincinnati, OH 45202
United States

