# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

               Plaintiff,      :      Case No. 1:15-cr-12
                                           Civil Case No. 1:17-cv-00788

                                           District Judge Timothy S. Black
  -  vs  -                             Magistrate Judge Michael R. Merz

CHRISTOPHER LEE CORNELL
 nka Raheel Mahrus Ubaydah,

               Defendant.      :

## DECISION AND ORDER

       This criminal case is pending on a *pro se* Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 159). On June 6, 2024, Chief Judge Algenon Marbley referred that Motion to the undersigned along with ECF Nos. 170 (docketed as "Motion to Vacate"), 200 (docketed as "Amended Motion to Vacate"), and 210 (also docketed as "Amended Motion to Vacate.")(ECF No. 211). Also referred were "all prehearing and post-judgment motions and procedures, whether dispositive or not, relating to the Motions to Vacate and to render a report and recommendations to the Court on any matters classified as dispositive by statute or precedent." *Id.* The last-quoted language parallels the language in 28 U.S.C. § 636 which empowers Magistrate Judges to decide all non-dispositive motions with review by the assigned District Judge, but to recommend decisions on matters classified as dispositive either by statute or precedent.

1

Pending matters not referred to the undersigned are the Motion for Compassionate Release (ECF No. 209), the Motion to Withdraw as Counsel of Attorney Thomas Kidd (ECF No. 206), the Motion to Reduce Sentence under the First Step Act (ECF No. 207), and the prior Motion to Reduce Sentence under the First Step Act (ECF No. 205). These motions remain pending for Judge Black's decision.

**Litigation History**

Having been previously arrested on a Complaint and detained after initial appearance, Defendant was indicted by the grand jury for this District on January 21, 2015, and charged with attempting to kill employees and officers of the United States engaged in their official duties, in violation of 18 U.S.C. § 1114 (Count One); soliciting another to engage in conduct that violated § 1114, in violation of 18 U.S.C. § 373 (Count Two); and possession of a firearm in furtherance of an attempted crime of violence, in violation of 18 U.S.C. § 924(c)(Count Three)(Indictment, ECF No. 13). The next day Defendant was arraigned on these charges, pleaded not guilty, and had his case assigned to District Judge Sandra S. Beckwith (Minutes, ECF No. 15).

On May 7, 2015, the grand jury returned a Superseding Indictment which added a fourth count charging that Defendant "knowingly attempt[ed] to provide material support and resources, including personnel (specifically himself) and services, to a foreign terrorist organization, namely the Islamic State of Iraq and the Levant." (ECF No. 42, PageID 302).

On August 1, 2016, after Defendant had been examined and found competent to stand trial, he entered into a Plea Agreement with the United States in which he agreed to plead guilty to Counts 1, 3, and 4. (ECF No. 114, PageID 676). The parties agreed that the maximum sentence

2

which could be imposed was 360 months. *Id.* at PageID 678. Defendant agreed he had received effective assistance from his appointed counsel; that his guilty plea was knowing, intelligent, and voluntary; that the facts in the attached Statement of Facts were true and provided an adequate factual basis for conviction; that his guilty plea was not induced by force, threats, or any promises other than those set forth in the Plea Agreement, and that he waived his right to appeal except for claims of ineffective assistance of counsel or prosecutorial misconduct. *Id.* at various pages.

On August 1, 2016, Judge Beckwith conducted the plea colloquy required by Fed. R. Crim. P. 11, accepted Defendant's guilty pleas pursuant to the Plea Agreement, and referred the case to the Probation Department. After reviewing the Probation Report and noting that no objections had been made, she sentenced Defendant to 240 months imprisonment on Count 1; 180 months imprisonment on Count 4 with the first 120 months to run concurrent to Count 1, and 60 months to run consecutive to Count 1; 60 months imprisonment on Count 3 to be served consecutive to Counts 1 & 4, followed by a lifetime of supervised release (Minute Entry, ECF No. 130).

On December 6, 2016, the next day after sentencing and despite his promise not to do so, Defendant appealed (Notice of Appeal, ECF No. 133). The Sixth Circuit, however, enforced the appeal waiver and dismissed the case. *United States v. Cornell,* Case No. 16-4725 (6th Cir. May 10, 2017)(unpublished; copy at ECF No. 156). Defendant did not seek review by the Supreme Court of the United States, but filed his Motion to Vacate on October 12, 2017[1] (ECF No. 159).

Defendant pleads the following grounds for relief:

**Ground One:** Council [sic] refused to pursue any legal defense.

---

[1] The Motion was docketed on November 20, 2017, but in a Declaration made under penalty of perjury in the Motion, Cornell declares he placed the Motion it the prison mailing system on October 12, 2017 (ECF No. 159, PageID 1509). He is entitled to that date as the date of filing. *Houston v. Lack,* 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

>**Supporting Facts:** I had in many instances an opportunity to pursue entrap[ment] or incompetency to stand trial, but council [sic] did not want to.
>
>**Ground Two:** Council's [sic] psychologist refused to diagnose my mental illness.
>
>**Supporting Facts**: Council's [sic] psychologist refused to diagnose my mental illness though knowing I suffer mental illness.
>
>**Ground Three:** I was entrapped by the F.B.I.
>
>**Supporting Facts:** The F.B.I. provided the necessary means and opportunities for the terrorist plot and encouraged and enabled me through my mental illness.
>
>**Ground Four:** I was mentally ill before, present, and after my arrest.
>
>**Supporting Facts:** It is proven that since a kid and even up through my conviction that I suffered from mental illness. During the crime I was not in the right state of mind and medical records prove this.

(Motion to Vacate, ECF No. 159).

Under Rule 4 of the Rules Governing § 2255 Proceedings, a motion to vacate is assigned to the judge who is assigned to the case generally. By the time this first Motion to Vacate was filed, the case had been reassigned from Senior Judge Beckwith to District Judge Black (ECF No. 158). Judge Black has never entered an order for the Government to answer the Motion and the Government has therefore not filed anything in response to Defendant's many filings. Under Rule 5 of the Rules Governing § 2255 Proceedings, the Government is not required to make any filing unless ordered to do so and Judge Black has not entered such an order.

**Amended Motions to Vacate, Construed as Motions to Amend the Original Motion to Vacate**

In November 2019, Defendant applied to the Sixth Circuit for permission to file a second or successive motion to vacate. *In re: Christopher Lee Cornell*, Case No. 19-4043 (6th Cir. Mar. 9, 2020)(unpublished; copy at ECF No. 199). The Sixth Circuit held that because Defendant's original § 2255 motion remained unresolved, he did not require permission from the circuit court. "[H]e can instead seek leave to amend that motion to add the claims that he seeks to raise in his proposed § 2255 motion." *Id.* at PageID 1703. The Sixth Circuit thereupon denied "Cornell's motion for authorization as unnecessary and transfer it to the district court with instructions to treat it as a motion to amend his pending motion to vacate."

Despite the order to transfer the motion, the Clerk of the Sixth Circuit did not provide this Court with a copy of the motion for permission nor has Defendant done so. The claims Defendant sought to add as listed by the Sixth Circuit are "that: (1) his § 924(c) conviction is unconstitutional in view of *United States v. Davis*, 588 U.S. 445 (2019), in which the Supreme Court held that the residual clause of § 924(c)(3)(B) is unconstitutionally vague; (2) his counsel was ineffective for forcing him to plead guilty; and (3) the charges to which he pleaded guilty are illegal." *Id.* at PageID 1702-03.

The general standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment,

> futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

371 U.S. at 182. See also *Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997)(citing *Foman* standard).

In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile, i.e., if it could withstand a motion to dismiss under Rule 12(b)(6). *Hoover v. Langston Equip. Assocs.,* 958 F.2d 742, 745 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.,* 801 F.2d 246, 248 (6th Cir. 1986); *Marx v. Centran Corp.,* 747 F.2d 1536 (6th Cir. 1984); *Communications Systems, Inc., v. City of Danville*, 880 F.2d 887 (6th Cir. 1989); *Roth Steel Products v. Sharon Steel Corp.,* 705 F.2d 134, 155 (6th Cir. 1983); *Neighborhood Development Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir. 1980); *United States ex rel. Antoon v. Cleveland Clinic Found.*, 978 F. Supp. 2d 880, 887 (S.D. Ohio 2013)(Rose, J.); *William F. Shea, LLC v. Bonutti Reseach Inc.*, 2011 U.S. Dist. LEXIS 39794, *28 (S.D. Ohio March 31, 2011) (Frost, J.).

Likewise, a motion to amend may be denied if it is brought after undue delay or with dilatory motive. *Foman v. Davis*, 371 U.S. 178 (1962); *Prather v. Dayton Power & Light Co.*, 918 F.2d 1255, 1259 (6th Cir. 1990); *Bach v. Drerup*, 2012 U.S. Dist. LEXIS 35574, *1 (Ovington, M.J.); *Crawford v. Roane,* 53 F.3d 750, 753 (6th Cir. 1995), *cert denied*, 517 U.S. 112 (1996)(amendment should be denied if it "is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."). In *Brooks v. Celeste*, 39 F.3d 125 (6th Cir. 1994), the court repeated and explicated the *Foman* factors, noting that "[d]elay by itself is not a sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted. *Id*. at 130, quoting *Head v. Jellico Housing Authority,* 870 F.2d 1117, 1123 (6th Cir. 1989). These

considerations apply as well in capital habeas corpus cases. *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998), quoting *Brooks*.

Proposed Ground One is the claim that the statute of conviction is unconstitutional under *United States v. Davis, supra*. *Davis* was decided June 24, 2019, and held the residual clause of 18 U.S.C. § 924(c)(3) to be unconstitutionally vague. However, Defendant was not charged under the residual clause and did not plead under that clause. Rather, he pleaded guilty to possession of a firearm in furtherance of the crime charged in Count 1 which expressly includes an element of violence. *Davis* is irrelevant to this case.

Proposed Ground Two claims ineffective assistance of trial counsel in that he asserts his attorneys Martin Pinales and Candace Crouse forced him to plead guilty. This claim directly contradicts the terms of the Plea Agreement in which he states he was not forced to agree to it (ECF No. 114, PageID 681, ¶¶ 12, 23). It also contradicts his sworn testimony during the plea colloquy in which he denied he had been forced to agree (Transcript, ECF No. 150, Oath at PageID 1311, No threats, PageID 1329).

Where a district court has scrupulously followed the required procedure under Fed. R. Crim. P. 11, "the defendant is bound by his statements in response to that court's inquiry." *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986), *quoting Moore v. Estelle*, 526 F.2d 690 (5th Cir. 1976). Because Defendant is bound by his statements under oath during the plea colloquy, an amendment to allege that he was forced by counsel to plead guilty would be futile.

Proposed Ground Three asserts that the charges to which he pleaded guilty are illegal. Any claim to this effect is procedurally defaulted because it could have been brought on direct appeal and was not. *United States v. Frady*, 456 U.S. 152, 167-68 (1982).

Accordingly, Defendant's Motion for Permission to File a second or successive § 2255, construed by the Sixth Circuit as a motion to amend, is DENIED.

Defendant's second Motion to Vacate (ECF No. 170) was filed before Defendant sought leave to file a second or successive § 2255 motion. Because his first Motion to Vacate (ECF No. 159) was still pending, he did not need permission of the circuit court to file. However, because it was well past the date when he could amend his first Motion without permission of this Court under Fed.R.Civ.P. 15 and he never sought nor obtained that permission, the second Motion is STRICKEN.

About two months after the Sixth Circuit's decision, Defendant filed an Amended Motion to Vacate (ECF No. 200). Again, this was well past the date when he had a right to amend without court permission. If this Amended Motion is construed as a motion for leave to amend, it is DENIED because the claims made in it are futile.

Claim One reiterates the argument based on *Davis, supra.*

Claim Two asserts the United States never proved he violated 18 U.S.C. § 1114. That claim is rebutted by his plea of guilty to Count Two and admission of sufficient facts in the Statement of Facts attached to the Plea Agreement. It is true the Government never proved those facts, but that is because they were admitted and did not have to be proved.

Claim Three is that his sentence is illegal because his attorneys forced him to accept the Plea Agreement. For reasons given above, that claim is refuted by the Plea Agreement and the record of the plea colloquy.

Claim Four complains of the "drawn-out" scheme of 18 U.S.C. § 924(c) which requires a sentence on the firearms charge to be served consecutively to other charges made in the same case. But that is what § 924(c) requires on its face and it has never been held unconstitutional for

requiring consecutive sentences. Furthermore, this claim is procedurally defaulted because it was not raised on appeal.

Claim Five asserts that this Amended Motion is a motion to vacate which the Sixth Circuit gave him permission to file as timely. But the Sixth Circuit's decision did not purport to allow any such thing. Instead, it required this Court to treat Defendant's motion to the Sixth Circuit as a motion for leave to amend, which the Court has done above.

Therefore, to the extent the Amended Motion to Vacate filed in May, 2020 (ECF No. 200), is deemed a motion for leave to amend under Fed.R.Civ.P. 15, it is DENIED.

Finally on July 23, 2021, Defendant filed another Amended Motion to Vacate (ECF No. 210), again without seeking or receiving court permission and much later than the date on which an amendment can be filed without court permission. This time Defendant cites *United States v. Sellner,* 773 F.Bd 927, 931-32 (8th Cir. 2014), for the proposition that when a defendant files a second or successive motion to vacate while his or her first motion is still pending, the new motion to vacate should be treated as a motion to amend. This position is consistent with the position taken by the Sixth Circuit in this case and the Magistrate Judge will treat the July 23, 2021, Amended Motion to Vacate as a motion for leave to amend.

In this Amended Motion, Defendant again raises his *United States v. Davis* claim, this time without citing the case. Next he claims his conviction under 18 U.S.C. § 1114 is illegal because he did not actually make an attempt. This claim is without merit because of his admission to the Statement of Facts. His third claim is again that Attorneys Pinales and Crouse "conned" him into pleading, but this is contradicted by his sworn testimony at the plea colloquy. His fourth claim is again about consecutive sentencing, but as noted above, that is required by the statute.

His fifth claim is new and reads as follows:

9

> Fifth, Movant argues that the terrorism enhancement is unconstitutional and that he was never trying to retaliate against any government conduct or coerce government conduct. Movant argues that his concern for the Muslim people was his deciding factor to try and help free them from the persecution they have been unduly burdened with over time. The internet influenced him greatly reading story after story about persecution, murder, and unjust living conditions of Muslims. Wanting to help a civilian population is not the same as trying to influence them, every American that joins the Army is not there to influence their government but rather is there to help defend the freedoms of all Americans. Wanting to help a civilian population of people is not the same as retaliating against government conduct. Movant's behavior was irrational due to his mental illness and his concern that thousands of innocent people are dying and his frustration with the government for not helping them can never be construed as retaliation as its actually free speech and the Constitution of the United States guarantees him that right, along with all of the rest of his fellow Americans.

(ECF No. 210, PageID 1760). There is no "terrorism enhancement" pleaded in the indictment. The Superseding Indictment added Count Four for attempting to provide material support to a designated foreign terrorist organization, the Islamic State. Defendant pleaded guilty to Count Four and admitted sufficient facts to support a conviction. He did not claim on direct appeal that the relevant statute was unconstitutional and thus has procedurally defaulted any such claim. Neither the Sixth Circuit nor the Supreme Court has ever held that purchasing semi-automatic weapons with the intent of supplying them to a designated terrorist group is an act of free speech protected by the First Amendment.

To the extent the Amended Motion to Vacate at ECF No. 210 is construed as a motion for leave to amend under Fed.R.Civ.P. 15, a construction Defendant requests under *Sellner, supra*, it is DENIED as futile.

**Ancillary Motions**

In addition to the motions to amend, there are a great number of ancillary motions pending. All of them are non-dispositive and therefore within an assigned Magistrate Judge's authority to decide, subject to appeal to the District Judge. Those Motions are ruled on as follows:

**Motion for Disclosure of Classified Information Procedures Act Materials** (ECF No. 163). This is essentially a motion for discovery under Rule 6 of the Rules Governing § 2255 Proceedings. It is DENIED because the Government has not yet been given an opportunity to respond to the original Motion to Vacate (ECF No. 159) and because Defendant has given no reason for the request as required by Rule 6(b).

**Motion for Bond** (ECF No. 164). In this motion, Defendant seeks release from his sentence of imprisonment pending a decision. A district court has authority to enlarge a state prisoner pending determination of his or her petition for writ of habeas corpus under 28 U.S.C. § 2254. *Aronson v. May*, 85 S. Ct. 3, 13 L. Ed. 2d 6 (1964). However, it is appropriate to exercise that authority only upon a showing that a petitioner's claim is both substantial and clear on the merits. *Glynn v. Donnelly*, 470 F.2d 95 (1st Cir. 1972); *Calley v. Callaway*, 496 F.2d 701 (5th Cir. 1974).

> In order to receive bail pending a decision on the merits, prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of "some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice." *Aronson v. May*, 85 S.Ct. 3, 5, 13 L.Ed.2d 6, 9 (1964) (Douglas, J., in chambers); see *Martin v. Solem,* 801 F.2d at 329-330; *Iuteri v. Nardoza*, 662 F.2d at 161. There will be few occasions where a prisoner will meet this standard.

*Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990).

11

In *Cherek v. United States,* 767 F.2d 335 (7th Cir. 1985), Judge Posner recognized this power applies as well to federal prisoners seeking § 2255 release, but also wrote:

> The reasons for parsimonious exercise of the power should be obvious. A defendant whose conviction has been affirmed on appeal (or who waived his right of appeal, as by pleading guilty, or by foregoing appeal after being convicted following a trial) is unlikely to have been convicted unjustly; hence the case for bail pending resolution of his postconviction proceeding is even weaker than the case for bail pending appeal.

767 F.2d at 337. Defendant's Motion for Bond is DENIED.

**Motion for Disclosure of Non-Produced FISA Materials** (ECF No. 165). This motion is DENIED for the same reasons given for ECF No. 163.

**Motion for Discovery** (ECF No. 166). This motion is DENIED for the same reasons given for ECF No. 163.

**Motion for Medical Records** (ECF No. 167). These records were sought for use during the appeal phase of the case which has concluded. The Motion is therefore DENIED as moot.

**Motion for Return of Property** (ECF No. 168). Defendant seeks return of property seized by the FBI other than the weapons and ammunition which were forfeited. This Motion is DENIED without prejudice to its renewal upon identification of the property sought.

**Motion: Prosecutorial Misconduct** (ECF No. 169). In this Motion, Defendant accuses an FBI agent of expressing views against Islam and argues this proves why he was targeted. This Motion is DENIED because it does not ask the Court to take any action.

**Motion Asserting Procedurally Unreasonable Sentence** (ECF No. 171). This motion claims Defendant's sentence is procedurally unreasonable although he also mentions substantive unreasonableness. Although this Motion is docketed in our Court, it was sent to the Court of

Appeals as evidenced by the received stamp of the Clerk of that Court. Secondly, it addresses sentencing issues properly before the Sixth Circuit, but long after that court entered judgment. To the extent the Motion seeks some sort of action by this Court, it is **DENIED AS MOOT**.

**LETTER TO JUDGE TIMOTHY S. BLACK IN REGARDS TO THE MISSING FIRST 17 DAYS OF INVESTIGATION** (ECF No. 172). This letter request to Judge Black seeks what Defendant characterizes as the missing first seventeen days of the FBI investigation. It is DENIED for the same reasons as ECF No. 163.

**Motion for Outrageous Government Conduct** (ECF No. 173). Defendant accuses the FBI of creating this crime and thereby infringing on his First Amendment rights. This argument is barred by Defendant's guilty plea and procedurally defaulted by his failure to include this claim on direct appeal. The Motion is therefore DENIED.

**Motion of Entrapment by Estoppel** (ECF No. 174). This Motion is DENIED for the same reasons as ECF No. 173.

**Motions for Discovery** (ECF Nos. 175, 176, 177, 178, 186, 187, 191). These Motions are DENIED for the same reasons as ECF No. 163).

**Motion for Change of Venue** (ECF No. 179). Defendant seeks a change of venue on the grounds he may not receive a fair trial in Hamilton County because of adverse publicity. Because Defendant has already pleaded guilty and been sentenced, there is not expected to be a trial. The Motion is DENIED without prejudice to its renewal if Defendant is awarded a new trial.

**Motion to Dismiss the Indictment** (ECF No. 180). Defendant asserts the Government has withheld the first seventeen days of investigatory material in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). He has, however, offered no proof of what that material would show. The Motion is DENIED as speculative.

**Motion to Add Medical Record** (ECF No. 181). In this Motion Defendant seeks to add to the record documents purporting to show his mental illness. The Motion is DENIED without prejudice to its renewal if the Government is ordered to answer. The Magistrate Judge notes, however, that records of mental illness treatment before this case suggest Defendant lied to Judge Beckwith during the plea colloquy when he said he had not received any such treatment.

**Motion for Anticipatory Prosecution** (ECF No. 182). In this Motion Defendant seeks to defend himself by accusing the Government essentially of prosecuting him before he had done anything. In the course of the Motion he accuses the FBI again of entrapment and of violating his First Amendment rights of free speech and free association. These claims are waived by his guilty plea. To the extent the Motion seeks action from the Court, it is DENIED.

**Motion for Leave to File Medical Records** (ECF No. 183). This Motion is DENIED on the same basis as ECF No. 181.

**Motions for Return of Property** (ECF Nos. 184, 188, 190). These Motions do not appear to be related to the Motion to Vacate. The Clerk will remove them from the pending motions list of the undersigned.

**Motion for Discovery** (ECF No. 186). This Motion is DENIED for the same reasons given for denying ECF No. 163.

**Motion for New Trial Based on Newly Discovered Evidence** (ECF No. 192). In this Motion, filed November 12, 2019, Defendant seeks a new trial on the basis of newly-discovered evidence which he says was uncovered as the result of a Freedom of Information request in September 2019. As the Magistrate Judge understands the claim, it is that the FBI seized relevant information without a search warrant approved by the Attorney General. But Defendant filed no motion to suppress. Instead, he pleaded guilty without the introduction of any evidence. Assuming

14

seizure of evidence by the FBI without proper authorization, that claim is waived by Defendant's guilty plea. The Motion for New Trial is DENIED.

**Motions Related to Change of Name** (ECF Nos. 193, 197, 198). In two of the Motions, Defendant reports that he has legally changed his name to Raheel Mahrus Ubaydah. Attached to ECF No. 193 is a Judgment of the Superior Court of New Jersey in Cumberland County authorizing Defendant to use the name he requests. Accordingly, the caption of this case is amended as set forth above. The legal name change apparently reflects a name Defendant had used prior to indictment and parallels what the Court has done in cases in which a defendant has taken a Muslim name. See, e,g, *Siddique Abdullah Hasan v. Todd Ishee,* Case No.1:03-cv-00288, a capital habeas corpus case under 28 U.S.C. § 2254 in which the Court has respected petitioner's desire to be called by his Muslim name instead of the name under which he was convicted.

However, Defendant's further request to change this Court's prior records in this case and/or to order Bureau of Prisons officials to change records to reflect this new name is DENIED. The Court lacks authority to make the order as to other agencies and declines to change its own records in a way that could be misleading since Defendant did not change his name until April, 2019.

Regarding the Certificate tendered with ECF No. 197, the Court has accepted it for filing and it will remain on file unless later stricken. However, the Court assumes no responsibility for carrying out the instructions in the Certificate. Defendant should in addition provide the Certificate to his custodian. As a matter of courtesy, the Magistrate Judge notes that the Affidavit is not valid by its own terms because it has no witness signatures.

**Motion for Full Investigation** (ECF No. 194). In this Motion Defendant demands a full investigation of the circumstances in which he was permitted to purchase the two weapons charged

in the Indictment. The Motion is DENIED because the Court does not have authority to conduct such an investigation or to order it done. As part of this Motion, Defendant purports to withdraw his admissions of guilt and claims his conviction and sentence violate the First Amendment on both a speech and religion basis. Having made those admissions under oath in open court, Defendant is not free to withdraw them, in part because the Court and the United States have acted in reliance on them in performing under the Plea Agreement.

**Motion for False Arrest and Imprisonment** (ECF No. 196). In this Motion Defendant seeks dismissal of the case because he claims he was illegally arrested and the case is in any event part of a government program against Muslims. He again claims to be innocent.

To the extent the Motion seeks dismissal of the case, it makes claims which could only be added to the case by motion to amend. Defendant has not filed a motion to amend and the Court has not granted that relief. If Defendant were to seek leave to amend to state the claims he makes in this Motion, the Court would consider that motion under Fed.R.Civ.P. 15.

Regarding the claim of false arrest, Defendant should recall that an authorized law enforcement officer can make a lawful arrest when he or she has probable cause to believe the arrestee has committed a felony. That is apparently what happened in this case. However, the arresting officers presented their statement of probable cause to Magistrate Judge Stephanie Bowman on the same day as the arrest and she authorized the issuance of an arrest warrant. As to any claim of false imprisonment, Defendant is of course imprisoned upon the judgment of this Court, affirmed by the Sixth Circuit.

The instant Motion is DENIED.

IT IS SO ORDERED.

June 10, 2024.

*s/ Michael R. Merz*
United States Magistrate Judge