# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case No. 1:15-cr-12
                                            Civil Case No. 1:17-cv-788

                                            District Judge Timothy S. Black
-   vs  -                                        Magistrate Judge Michael R. Merz

CHRISTOPHER LEE CORNELL
 nka Raheel Mahrus Ubaydah,

                Defendant.          :

## REPORT AND RECOMMENDATIONS

This case under 28 U.S.C. § 2255 is before the Court on Defendant's Motion to Amend the Judgment (ECF No. 221).  As a post-judgment motion, it is deemed referred to the Magistrate Judge for report and recommendations.

### Standard for Decision

For a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006)).

1

> Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe*, 146 F.3d at 374, newly discovered evidence, *see id.*, an intervening change in controlling constitutional law, *Collison v. International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3. *See also North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

*Gencorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999), accord, *Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 551-52 (6th Cir. 2011), quoting *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010).

A motion under Fed. R. Civ. P. 59(e) is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)(citation omitted). Thus, parties should not use them to raise arguments which could and should have been made before judgment issued. *Id.; McBride v. Skipper*, 76 F.4th 509 (6th Cir. Aug. 4, 2023). *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) ("[A] petitioner fil[ing] a Rule 59(e) motion . . . may request only that the district court reconsider matters actually raised before it. This is because, as this court has repeatedly held, Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment.").

Motions under Rule 59(e) must establish either a manifest error of law or must present newly discovered evidence. *Id.* In ruling on an Fed.R.Civ.P. 59(e) motion, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued. See 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure §2810.1, pp. 163-164 (3d ed. 2012) (Wright & Miller); accord, *Exxon Shipping Co. v. Baker,* 554 U. S. 471, 485-486, n. 5 (2008) (quoting prior edition)." *Banister v. Davis*, 140 S. Ct. 1698, 1703, 207 L.Ed. 2d 58

2

(2020). Motions under Rule 59(e) must be filed within twenty-eight days of the judgment sought to be amended. Defendant's Motion is timely under that standard.

## Analysis

Cornell first requests the Court to incorporate a *de novo* review of the Magistrate Judge's Decision and Order (ECF No. 212) and Report and Recommendations (ECF No. 213).

Both of those documents were filed on June 10, 2024, and served on Defendant by mail the same day. Under Fed.R.Civ.P. 72, Defendant's deadline for objecting to each of them was June 27, 2024 (fourteen days under Rule 72 plus three days under Fed.R.Civ.P. 6 because of service by mail). Service was made to Defendant's address then on file with the Court.

Litigants have a duty to notify the Court when they move and Cornell has never filed any notice of change of address with the Court. However, on June 21, 2024, mail sent to Cornell at the Fairton Correctional Center, the only address he has ever given us, was returned undeliverable. The Clerk then on June 28, 2024, used the Bureau of Prisons Inmate Locator to find Cornell's current address and mailed ECF Nos. 211 through 217 to Cornell at that address. On the same day, having received no objections from Cornell, Judge Black adopted the Report and Recommendations and denied the Motion to Vacate (ECF No. 218).

There was no error of law in the manner of the Court's service of its filings on Defendant. However on Defendant's Motions for the Extension, the Court has extended to July 8, 2024, Defendant's time to object to both of those documents and Defendant filed Objections on that date (ECF No. 224). This Report considers the arguments raised in the Motion to Amend *de novo* to make clear the Court's consideration of Defendant's arguments on the merits.

3

Defendant's Objections (ECF No. 224) are seventy-six pages long, accompanied by twenty pages of attached exhibits (ECF No. 224-1). The first sixty-three pages are a single-spaced general discussion of the case, focused on Defendant's belief that the facts underlying his conviction do not evidence terrorism but a sincere set of Muslim beliefs and some expression of how he is a changed person, the sort of plea one might expect at a sentencing. At no point in these pages does Defendant address any finding of fact or legal conclusion reached by the Magistrate Judge in the Report.

As noted above, a Rule 59(e) motion is not a proper place to reargue a case; that is even truer with respect to a set of objections to a Magistrate Judge's Report. The failure to file specific objections is a waiver of right to raise issues on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Alspugh v. Mcconnell,* 643 F.3d 162, 166 (6th Cir. 2011); *Cowherd v. Million,* 380 F.3d 909, 912 (6th Cir. 2004); *Mattox v. City of Forest Park*, 183 F.3d 515, 519 (6th Cir. 1999); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nothing in the first sixty-three pages of the document labeled objections actually addresses any finding or conclusion made in the Report.

Starting at page 67 (PageID 1922), Defendant turns to what purport to be specific objections.[1] They are considered here *seriatim*.

**Objection One: Failure to Grant Leave to Amend**

> I. The Magistrate erred in failing to grant Cornell Leave to Amend to Raise the Grounds for Relief ("GFR") pled in Doc. 170, 200, 210 and raised in the Sixth Circuit.
>     A. The Magistrate erred in failing to construe Doc. 170 as Seeking to Leave to Amend.
>     B. The Magistrate acted without statutory authority or jurisdiction when he denied Cornell Leave to Amend on

---

[1] The reader will not the change of type style at this point in the document.

4

> the basis of futility and otherwise found Cornell's proposed amendments futile.

(Objections, ECF No. 224, PageID 1922).

The claims Cornell sought to add, as listed by the Sixth Circuit, were:

> § 924(c) conviction is unconstitutional in view of *United States v. Davis,* 588 U.S. 445 (2019), in which the Supreme Court held that the residual clause of § 924(c)(3)(B) is unconstitutionally vague; (2) his counsel was ineffective for forcing him to plead guilty; and (3) the charges to which he pleaded guilty are illegal.

(Quoted at Decision and Order, ECF No. 212, PageID 1795). The Magistrate Judge found these proposed claims futile because Cornell had not pled guilty under the residual clause of 18 U.S.C. § 924, the record of the plea colloquy refuted his claim that he had been forced to plead guilty, and he had failed to raise his third proposed claim on direct appeal. *Id.* at PageID 1797.

Cornell objects that the Magistrate Judge should have construed ECF No. 170 as a motion for leave to amend under the precedent requiring liberal construction of *pro se* pleadings.[2] But it is not labeled as a motion to amend and it makes no argument that amendment is proper[3]. Instead, it purports to be a new Motion to Vacate, pure and simple. The document states no separate grounds for relief, but instead repeats Cornell's claim that his crime was planned by the F.B.I. who lured him into committing it. It purports to add a claim that the indictment is void because Cornell is mentally incompetent. Finally, it adverts to claims of ineffective assistance of trial counsel causing the guilty plea. If ECF No. 170 is construed as a motion for leave to amend, as Cornell asserts it should be, it was futile and striking it was not a clear error of law.

---

[2] *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).
[3] Note that the Sixth Circuit had denied his motion for leave to file a successive motion to vacate, specifically instructing him he could file a motion to amend.

**Objection Two: The Magistrate Judge acted without jurisdiction or authority in denying the Motions to Amend**

In his second objection, Cornell argues the Magistrate Judge acted without authority or jurisdiction in denying the various motions to amend because those decisions involved consideration of the merits of the proposed claims.

The text of the Magistrate's Act distinguishes between non-dispositive matters which a Magistrate Judge upon proper reference may decide, subject to appeal to the assigned District Judge, and dispositive matters which require a report and recommendations. 28 U.S.C. § 636(b). Motions to amend are not classified by that statute as dispositive. Some non-statutory matters have been held by the circuit courts to be dispositive and thus requiring a report and recommendations, such as remand to state court of a removed action. See, e.g., *National City Bank v. Aronson*, 474 F.Supp. 2d 925 (S.D. Ohio 2007)(Marbley, J.)(remand motion is dispositive).

However, judges of this Court have held a motion to amend under Fed. R. Civ. P. 15 is non-dispositive and thus within the Magistrate Judge's decisional authority. *Monroe v. Houk*, No. 2:07-cv-258, 2016 U.S. Dist. LEXIS 38999 (S.D. Ohio Mar. 23, 2016)(Sargus, C.J.); *McKnight v. Bobby*, 2017 U.S. Dist. LEXIS 63861 (S.D. Ohio Apr. 27, 2017); *Chinn v. Warden*, 2020 U.S. Dist. LEXIS 94062 (S.D. Ohio May 29, 2020)(Morrison, D.J.).

Cornell admits motions to amend are ordinarily non-dispositive, but asserts denying them because the proposed amendments are futile changes the rule, citing *Orton v. Johnny Lunch Franchise, LLC*. 668 F.3d 843 (6th Cir. 2012). Reading that opinion reveals there was no Magistrate Judge involved and the decision does not support the proposition for which it is cited.

Cornell makes no response on the merits of the Magistrate Judge's finding his proposed new claims are futile. It was no error of law for the Court to enter judgment with that ruling in place.

**Objection Three: The Magistrate erred in finding that Cornell's Counsel was not ineffective for procuring his guilty plea to Count One -Attempted Murder in violation of 18 U.S.C. 1114. And Count Three - Possession of a Firearm in Furtherance of 18 U.S.C. 1114 in violation of 18 U.S.C. 924 (c) when Cornell is actually innocent of these offenses.**

Defendant's First Ground for Relief asserted he received ineffective assistance of trial counsel when his attorneys failed to pursue defenses of incompetency and entrapment. The Report found that the claim of incompetency had in fact been pursued by counsel to the point of having a court-ordered competency examination and that entrapment was a difficult defense to establish which counsel had good strategic reason not to pursue.

Cornell objects because he says he is actually innocent. Actual innocence, standing alone, is not a claim upon which habeas corpus relief can be granted. *Herrera v. Collins*, 506 U.S. 390, 408-11 (1993). Actual innocence if demonstrated by new evidence not presented to the trial jury will permit a § 2255 movant to avoid procedural default or the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383 (2013). But Cornell has presented no new evidence of his innocence at all. Cornell admitted his guilt in a plea colloquy with Judge Beckwith which satisfied all the requirements of Fed. R. Crim. P. 11. She found his guilty plea was knowing, intelligent, and voluntary. Cornell essentially asserts that finding is in error because the law was not thoroughly enough explained to him. But Judge Beckwith asked him under oath if he understood the charges and he responded that he did:

> The Court: I want to be certain that you completely understand the
> nature of each offense and what the government would be required
> to prove beyond a reasonable doubt at trial against you in order to

7

secure a conviction. Okay?

Count 1, which is Attempted Murder of Government Employees and Officials, in violation of Title 18, United States Code, Section 1114, has the following essential elements:

First: You knowingly attempted to unlawfully kill a person;

Second: The person or persons to be killed were officers and employees of the United States;

Third: That you attempted to kill such persons while such officers and employees of the United States were engaged in and on account of the performance of their official duties; and

Fourth: That some of such act or acts occurred in the Southern District of Ohio on or about the dates set forth in the Superseding Indictment.

Is that your understanding of that offense?

THE DEFENDANT: Yes, ma'am.

THE COURT: Okay. Then Count 3 of the Superseding Indictment is Possession of a Firearm in Furtherance of a Crime of Violence, in violation of Title 18, United States Code, Section 924(c). And these are the following – the essential elements:

You knowingly possessed a firearm;

Second: You possessed the firearm in furtherance of an attempted crime of violence for which you may be prosecuted in the court of the United States, that is, the attempted killing of officers and employees of the United States in Count 1, and some of such act or acts occurred in the Southern District of Ohio on or about the dates set forth in the Superseding Indictment.

Is that your understanding of that charge?

THE DEFENDANT: Yes, ma'am.

> THE COURT: Okay. Then Count 4 of the Superseding Indictment is Attempted Material Support to a Foreign Terrorist Organization, in violation of Title 18, United States Code, Section 2339(B). And the following are the essential elements of that offense:
>
> First: You are a citizen of the United States;
>
> Second: You knowingly attempted to provide material support or resources to a foreign terrorist organization;
>
> Third: You did so knowingly --
> Or let me back up.
> -- you did so knowing that the organization was a designated terrorist organization and that the organization had engaged in and was engaging in terrorist activity and terrorism; and
>
> Fourth: Some part of such act or acts occurred in the Southern District of Ohio on or about the dates set forth in the Indictment.
>
> Is that your understanding of that offense?
>
> THE DEFENDANT: Yes, ma'am. I understand.

(Transcript, ECF No. 150, PageID 1308-10). Thus before accepting his guilty pleas, Judge Beckwith gave Cornell notice of all of the elements of the crimes to which he wanted to plead guilty and obtained his sworn statement that he understood. That is sufficient to uphold the plea.

A plea of guilty or no contest is valid if, but only if, it is entered voluntarily and intelligently, as determined by the totality of the circumstances. *Brady v. United States,* 397 U.S. 742, 748 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969); *Abdus-Samad v. Bell*, 420 F.3d 614, 631 (6th Cir. 2005); *King v. Dutton*, 17 F.3d 151 (6th Cir. 1994); *Riggins v. McMackin*, 935 F.2d 790, 795 (6th Cir. 1991); *Berry v. Mintzes,* 726 F.2d 1142, 1146 (6th Cir. 1984). The determination of whether this plea was intelligently made depends upon the particular facts and

9

circumstances of each case. *Johnson v. Zerbst,* 304 U.S. 458, 463 (1938); *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993).

A plea-proceeding transcript which suggests that a guilty or no contest plea was made voluntarily and knowingly creates a "heavy burden" for a petitioner seeking to overturn his plea. *Garcia v. Johnson*, 991 F.2d 324, 326–28 (6th Cir. 1993). Where the transcript shows that the guilty or no contest plea was voluntary and intelligent, a presumption of correctness attaches to the state court findings of fact and to the judgment itself. Id. at 326–27.

By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime. *United States v. Broce*, 488 U.S. 563, 570 (1989); *McCarthy v. United States*, 394 U.S. 459, 466 (1969).

"[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." *Bousley v. United States*, 523 U.S. 614 (1998), citing *Reed v. Farley*, 512 U.S. 339, 354 (1994). Cornell could not validly attack the voluntariness and intelligence of his plea on direct appeal because he had waived his right to appeal and the Sixth Circuit upheld the waiver. *United States v. Cornell,* Case No. 16-4725 (6th Cir. May 10, 2017)(unpublished; copy at ECF No. 156).

**Conclusion**

Cornell's Objections to both the Decision and Order (ECF No. 212) and the Report and Recommendations (ECF No. 213) are, upon *de novo* review, without merit. Therefore there was no error of law in adopting them. Cornell's Motion to Amend under Fed.R.Civ.P. 59(e) should be

DENIED. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Defendant be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

July 16, 2024.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*<br>United States Magistrate Judge