# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 1:15-cr-12
                                  Civil Case No. 1:17-cv-788

                                  District Judge Timothy S. Black
-  vs  -                          Magistrate Judge Michael R. Merz

CHRISTOPHER LEE CORNELL
 nka Raheel Mahrus Ubaydah,

        Defendant.    :

## TRANSFER ORDER

    This case under 28 U.S.C. § 2255 is before the Court on Defendant's most recent Motion to Vacate Sentence Under 28 U.S.C. § 2255 (hereinafter the "2024 Motion," ECF No. 225).  The 2024 Motion was docketed on July 15, 2024, but appears to have been placed in the prison mailing system on July 8, 2024, the same date as other of Defendant's filings in this case docketed on the 15th.  The Court deems the 2024 Motion filed July 8, 2024.

    Defendant's original Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 159) was filed October 12, 2017, and dismissed by District Judge Black on June 28, 2024 (ECF No. 218).  When Cornell previously sought leave to file a second or successive § 2255 motion from the Sixth Circuit, that court advised he could attempt to add claims by amending his original Motion.  His several motions to amend, variously labeled, have been denied and final judgment entered on his original § 2255 Motion.  Thus that original Motion is no longer pending for possible amendment.

1

Since the original Motion has been dismissed, the question arises as to whether the 2024 Motion is second or successive. 28 U.S.C. § 2255(h) prohibits the filing of a second or successive § 2255 motion to vacate without prior permission of the relevant circuit court of appeals and Cornell has not received such permission for the 2024 Motion. Although the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") authorizes only the circuit court to grant permission to file a second or successive motion, the district court must decide in the first instance whether a § 2255 motion is second or successive. *In re: Kenneth Smith*, 690 F.3d 809 (6th Cir. 2012); *In re Sheppard*, 2012 U.S. App. LEXIS 13709 (6th Cir. May 25, 2012).

The Court finds the 2024 Motion is second or successive in that it challenges the same judgment of conviction as the original motion and it does not depend on facts which were unavailable to Cornell while the original Motion was pending. A district court lacks jurisdiction to consider a second or successive § 2255 motion without approval by the circuit court. *Burton v. Stewart*, 549 U.S. 147 (2007); *Franklin v. Jenkins*, 839 F.3d 465(6th Cir. 2016). Under those circumstances, the appropriate course is to transfer the 2024 Motion to the Court of Appeals. *In re Sims*, 111 F.3d 45 (6th Cir. 1997).

Accordingly, the Clerk is hereby ordered to TRANSFER the 2024 Motion to the United States Court of Appeals for the Sixth Circuit for that court's determination of whether it may proceed.

July 16, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge
