# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

                Plaintiff,         :       Case No. 1:15-cr-12
                                                             Civil Case No. 1:17-cv-788

                                                            District Judge Timothy S. Black
   -  vs  -                                           Magistrate Judge Michael R. Merz

CHRISTOPHER LEE CORNELL
 nka Raheel Mahrus Ubaydah,

                Defendant.        :

## DECISION AND ORDER

       This case under 28 U.S.C. § 2255 is before the Court on Defendant's Motion to Strike (ECF No. 233) the Report and Recommendations (ECF No. 228) of the undersigned Magistrate Judge recommending that the Court deny Defendant's Motion to Amend the Judgment (ECF No. 221).

       Fed.R.Civ.P. 12(f) authorizes the Court to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  It does not authorize striking a filing by a judge, whether District Judge or Magistrate Judge, on the grounds of lack of jurisdiction or authority.  Thus the Motion to Strike is procedurally incorrect.

       In addition, the Motion is incorrect on the merits.  The judicial filing sought to be stricken is a Report and Recommendations on a motion to amend the judgment.  Any such motion is obviously filed post-judgment.  Post-judgment motions in cases referred to Magistrate Judges are

1

deemed referred under 28 U.S.C. § 636(b)(3). Motions under Fed.R.Civ.P. 59(e), because they seek to amend a judgment entered by a District Judge, require a report and recommendations, rather than a decision.

The heart of Cornell's Motion to Strike seems to be that the Magistrate Judge has commented on Defendant's objections to the Magistrate Judge's own prior rulings or recommended rulings. He is correct that a Magistrate Judge may not do so *sua sponte*; such comment would be appropriate only if the report and recommendations were recommitted. This is not the case here. Defendant put those objections into a new motion to amend the judgment, bringing them within the Order of Reference in this case which provides in pertinent part:

> The Magistrate Judge[1] is empowered to deal with all prehearing and post-judgment motions and procedures, whether dispositive or not, relating to the Motions to Vacate and to render a report and recommendations to the Court on any matters classified as dispositive by statute or precedent.

(ECF No. 211, PageID 1790).

The Motion to Strike is DENIED.

August 1, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge

---

[1] Defendant persistently refers to the undersigned as "Magistrate." As implied by the Order of Reference, the proper title is Magistrate Judge. § 321 of Public Law 101-650.