# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Criminal Case No. 1:15-cr-12 |
| | : | Civil Case No. 1:17-cv-788 |
| vs. | : | |
| | : | District Judge Timothy S. Black |
| CHRISTOPHER CORNELL, | : | Magistrate Judge Michael R. Merz |
| | : | |
| Defendant. | : | |

**ORDER:**
**(1) OVERRULING DEFENDANT'S OBJECTIONS (Doc. 224) TO THE MAGISTRATE JUDGE'S JUNE 10, 2024 DECISION AND ENTRY (Doc. 212) & REPORT AND RECOMMENDATIONS (Doc. 213);**
**(2) OVERRULING DEFENDANT'S OBJECTIONS (Doc. 234) TO THE JULY 16, 2024 REPORT AND RECOMMENDATIONS (Doc. 228); and**
**(3) ADOPTING THE MAGISTRATE JUDGE'S JULY 16, 2024 REPORT AND RECOMMENDATIONS (Doc. 228)**

This criminal case is before the Court on the Report and Recommendations of United States Magistrate Judge Michael R. Merz. (Doc. 228). Specifically, Judge Merz issued a Report and Recommendation on July 16, 2024, recommending that Defendant's motion to amend this Court's prior judgment be denied. (Docs. 218, 221, 228). Defendant timely filed objections to the Report and Recommendations on August 1, 2024. (Doc. 234). The Court also has before it Defendant's objections to Judge Merz's June 10, 2024 Decision and Entry and Report and Recommendations. (Doc. 224).

## I. BACKGROUND

To start, the Court will clarify the procedural posture here.

On June 10, 2024, Judge Merz issued a Report and Recommendation (Doc. 213), recommending that this Court deny Defendant's § 2255 motion to vacate (Doc. 159).

Judge Merz also issued a Decision and Entry that same day, in which he resolved a number of Defendant's other pending motions. (Doc. 212). Among those motions, and as relevant here, were: a second § 2255 motion (Doc. 170), which motion Judge Merz ordered to be stricken from the docket because Defendant did not seek permission to file a second § 2255 nor did he seek leave to amend his original § 2255 (Doc. 212 at 8); and two amended § 2255 motions (Docs. 200, 210), which motions Judge Merz appropriately construed as motions to amend and denied (Doc. 212 at 5-10).

Judge Merz's June 10, 2024 Decision and Entry, as well as his Report and Recommendations, were served on Defendant that same day, via U.S. mail, using Defendant's address as reflected on the Court's docket. Notably, it is Defendant's obligation to notify the Court of any changes to his address. No such notice was ever provided, nor did the Court or the Clerk's Office have any reason to question the address's validity.

In any event, after the filing and service of the Report and Recommendations, this Court waited the requisite 17 days for Defendant's objections, if any (*i.e.*, 14 days for the objection deadline, plus three days for the mail). The 17th day elapsed on June 27, 2024. And, having received no objections, this Court entered its Order adopting the Report and Recommendations on June 28, 2024. (Doc. 218).

Apparently, however, Defendant had not received service of the Report and Recommendations, nor any other June 2024 filings, because his address on the docket was no longer valid. The Clerk's Office obtained Defendant's current address through

2

the BOP and re-served all prior entries, including the Report and Recommendations, on June 28, 2024.

Upon ultimately receiving the Magistrate Judge's June 10, 2024 Decision and Entry and the Report and Recommendations, Defendant prepared and submitted five separate pleadings, all of which were received and filed on July 15, 2024 (*i.e.*, within 17 days of the June 28, 2024 re-service). (Docs. 221, 222, 223, 224, 225).[1]

Specifically, Defendant filed objections to the June 10, 2024 Decision and Entry and the Report and Recommendations. (Doc. 224). Defendant also filed two motions for extension of time to file his objections (one as to the Decision and Entry and the other as to the Report and Recommendations). (Docs. 222, 223). Essentially, by filing the motions for extensions of time, Defendant sought to ensure that the Court accounts for the issues with service and deems his objections as timely. Judge Merz granted those motions for extension of time and the Court will consider the objections in this Order. No harm done. And, frankly, if Defendant had stopped there, the outcome would have been the same and the procedural posture would have been far less complicated.

But Defendant elected to also file a motion under Fed. R. Civ. P. 59(e), asking the Court to amend or alter its June 28, 2024 Order adopting the Report and Recommendations and denying his motion to vacate. (Doc. 221). Notably, Defendant's

---

[1] The Magistrate Judge appears to use the date of signature and therefore refers to July 8, 2024 as the date of the objections. Defendant also uses July 8, 2024, but does so based on an erroneous computation of other dates. In any event, to simplify the matter and for easy identification, the Court refers to filed documents by the date of filing, as reflected on the docket. And the Court still deems Defendant's objections as timely (*i.e.*, within 17 days for re-service); therefore, no prejudice arises.

3

Rule 59(e) motion is grounded on the same basis as the motions for extension of time. That is, Defendant argues that, due to the issues with service, the Court's June 28, 2024 Order was entered prior to receipt of Defendant's objections and is therefore premature. (*Id.*) On July 16, 2024, Judge Merz issued a Report and Recommendations, recommending that the Court deny Defendant's Rule 59 motion. (Doc. 228). On August 1, 2024, Defendant filed objections to the Report and Recommendations. (Doc. 234).

## II. ANALYSIS

The Court will first address Defendant's July 15, 2024 objections (Doc. 224) to the Magistrate Judge's Decision and Entry on Defendant's various motions (Doc. 212) and Report and Recommendations regarding the § 2255 (Doc. 213). The Court will then consider the Rule 59(e) motion's Report and Recommendations (Doc. 228) and Defendant's objections (Doc. 234).

### A. Defendant's July 15, 2024 Objections

Defendant objects to the Magistrate Judge's Judge 10, 2024 Decision and Entry (Doc. 212) and Report and Recommendations regarding the § 2255 (Doc. 213). (Doc. 224).

Notably, "[t]he filing of objections provides the district court with the opportunity to consider the *specific* contentions of the parties …." *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981) (emphasis added). "A party's objections are not sufficiently specific if they merely restate the claims made in the initial petition, 'disput[e] the correctness' of a report and recommendation without specifying the findings purportedly in error, or simply 'object[ ] to the report and recommendation and refer[ ] to several of

4

the issues in the case.'" *Bradley v. United States*, No. 18-1444, 2018 WL 5084806, at *3 (6th Cir. Sept. 17, 2018) (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). In other words, "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). In short, the filing of objections is not an opportunity to repeat prior arguments, nor to introduce new arguments not previously raised.

Here, Defendant's July 15, 2024 "objections" are 96 pages in length. (Doc. 224). However, the first 66 pages (barring the cover page and a few items on the Table of Contents) are actually just a verbatim copy of the amended § 2255 motion Defendant filed that same day. (*Compare* Doc. 224 at 1-66 & 75-76, *with* Doc. 225 at 1-67). And the final 20 pages are copies of the same exhibits Defendant submitted in support his amended § 2255 motion. (*Compare* Doc. 224-1, *with* Doc. 225-1). Defendant's actual objections are found at pages 67 to 72, the first two pages of which are factual and procedural background. (Doc. 224 at 67-72).[2]

In his objections, Defendant first takes issue with the Magistrate Judge's June 10, 2024 Decision and Entry (Doc. 212). (Doc. 224 at 69). Specifically, Defendant asserts that the Magistrate Judge erred in striking Defendant's (unauthorized) second § 2255 (Doc. 170), arguing that the Magistrate Judge should have construed it as a motion to

---

[2] Defendant's objections also include a two-page Declaration that reiterates his ineffective assistance of counsel claims, but make no mention of either the Decision and Entry or the Report and Recommendations. (Doc. 224 at 73-74).

5

amend and granted it. (Doc. 224 at 69). The Court disagrees. As Judge Merz explained in the Decision and Order, the motion was stricken "because it was well past the date when [Defendant] could amend his first Motion without permission of this Court under Fed. R. Civ. P. 15 and [Defendant] never sought nor obtained that permission …." (Doc. 212 at 8). Additionally, no prejudice arises from striking Defendant's motion because Defendant subsequently filed two more § 2255 motions (Docs. 200, 210), both of which were construed as motions to amend and denied on those grounds (Doc. 212 at 5-10). And as Judge Merz further notes in his July 16, 2024 Report and Recommendations, Defendant's unauthorized § 2255 did not seek to add any new claims but, rather, restates and partially repackages a variety of the claims raised in the first § 2255 motion. (Doc. 228 at 5). Thus, even if it were treated as a motion to amend, the motion would have been denied for futility.

     Defendant further objects to the Magistrate Judge ruling on any of the motions to amend (which Defendant filed as amended § 2255 motions), arguing that the motions disposed of substantive claims and thus were outside the Magistrate Judge's statutory authority. (Doc. 224 at 70). However, the Judges of this Court consider motions to amend to be non-dispositive. Moreover, here, the claims Defendant intended to add were largely variations of prior arguments, were procedurally defaulted, or were plainly inapplicable to his case. Thus, the Magistrate Judge's rulings did not deprive Defendant of consideration on any meritorious, dispositive claim. In short, Defendant's proposed amendments were futile, and the Magistrate Judge's review was entirely appropriate. Additionally, for good measure, upon this Court's independent review, the Court reaches

6

the same conclusions set forth in the Decision and Entry; and the Court adopts the Magistrate Judge's findings and rulings as this Court's own. (Docs. 212 at 5-10).

Accordingly, Defendant's objections to the June 10, 2024 Decision and Entry are **OVERRULED**.

Defendant also objects to the June 10, 2024 Report and Recommendations, arguing that the Magistrate Judge erred in: (1) "failing to construe [Defendant's] actual[] innocence claims as also encompassing related claims of Ineffective Assistance of Counsel"; and (2) "finding that Counsel was not ineffective in procuring [Defendant's] guilty plea to Counts One and Three." (Doc. 224 at 71). Again, the Court disagrees.

To start, Defendant asserts that the Magistrate Judge failed to generously construe the pleadings of a *pro se* litigant and did not "actively interpret [Defendant's] filings to see if a potentially cognizable [claim] had been pled." (*Id*.) But the Magistrate Judge did read and interpret the claims generously. There was simply no meritorious claim to make.

Defendant also asserts "actual innocence" and generally re-argues that his counsel was ineffective for failing to take his case to trial. But the Magistrate Judge thoroughly considered the ineffective assistance of counsel claim and specifically pointed to evidence in the record undermining Defendant's argument. And a bare claim of actual innocence does not change the outcome. What the Magistrate Judge did not and could not do was stretch Defendant's claims to breaking point in order to fabricate a seemingly plausible argument that Defendant did not raise and that plainly does not exist. That does not constitute error. Even if the Magistrate Judge had somehow incorporated all the

7

arguments Defendant raises in his objections and repackaged them as a proposed claim, this Court would have rejected it as non-meritorious. Indeed, every claim Defendant now makes in his objections are easily refuted by the record. In short, Defendant entered a valid guilty plea, there was no evidence of his claimed incompetence, he was not misled about the offense, his trial counsel was not ineffective for advising on a favorable plea, and the Magistrate Judge did not err for recommending the claims be denied.

Based upon the foregoing, Defendant's objections to the Magistrate Judge's June 10, 2024 Decision and Entry and Report and Recommendation are **OVERRULED**. (Doc. 224). The Court, once again, **ADOPTS** the Report and Recommendations (Doc. 213) in its entirety and, accordingly, Defendant's motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 159) is **DENIED with prejudice**.

### B. Defendant's Rule 59(e) Motion

As this Court previously noted, *supra*, Defendant was granted an extension of time to file objections due to a service issue. Thus, this Court accepted Defendant's July 15, 2024 objections and has now ruled on them. However, Defendant elected to also file a motion under Fed. R. Civ. P. 59(e), asking the Court to amend or alter its June 28, 2024 Order adopting the Report and Recommendations and denying his motion to vacate. (Doc. 221). But the Rule 59 motion is grounded on the same basis as the motions for extension of time. Specifically, Defendant argues that, due to the issues with service, the Court's June 28, 2024 Order was entered prior to receipt of Defendant's objections and is therefore premature. (*Id*.) On July 15, 2024, Judge Merz granted the extensions of time. And then on July 16, 2024, Judge Merz issued a Report and Recommendations,

8

recommending that the Court deny Defendant's Rule 59 motion. (Doc. 228). On August 1, 2024, Defendant filed objections to the Report and Recommendations. (Doc. 234). In his objections, Defendant reiterates that, to avoid "manifest injustice," the Court should vacate its prior Order, consider Defendant's July 15, 2024 objections, and then issue a new Order accordingly. (*Id.*)

At this point, it bears noting that, from a procedural standpoint, the relief Defendant's motion *actually* appears to seek is uncontroversial. In other words, to the extent that Defendant simply asks the Court to reconsider its prior Order in light of the newly filed objections, that relief was already granted when Defendant was given the extension of time. And the Court has considered the objections in this Order. Thus, the Rule 59(e) motion is moot. And, indeed, given the statements in Defendant's motion and objections, it is reasonable to interpret the Rule 59(e) motion as a redundancy, *i.e.*, another form of assurance that the Court would consider his objections—much like how Defendant acknowledges filing two separate motions for extension of time "out of an abundance of caution…." (Doc. 221 at 1, ¶ 3). When viewed in this context, it is understandable that Defendant objects to the recommended denial of his Rule 59(e) motion.

Stated another way, the disconnect here arises from the form of Defendant's motion. That is, what Defendant seeks *in substance* is consideration of his objections in the first instance. But a Rule 59(e) motion premised on "manifest injustice" asks the Court to **re**consider the merits of the original motion and to reach a different outcome. *See Cont'l Cas. Co. v. Indian Head Indus., Inc.*, 941 F.3d 828, 833 (6th Cir. 2019)

9

(citations omitted). The Report and Recommendations is focused on the latter—and rightfully so, because the former was already granted. Thus, the recommendation is not for this Court to deprive Defendant of his right to object—it is an opinion that the objections do not change the outcome. And, in that regard, this Court agrees entirely.

Defendant's objections to the Report and Recommendations all focus on what Defendant concludes is a misinterpretation of his Rule 59(e) motion. Not so. Contrary to Defendant's objections, the Report and Recommendations does not "fail to address [the] procedural purpose" of his motion. (*See* Doc. 234 at 1, ¶ 3). As this Court has just explained, the Report and Recommendations focuses on the merits of the motion in a Rule 59(e) context, because the "procedural purpose" was already granted. Defendant also objects, arguing that the Magistrate Judge's Report and Recommendations simply rehashes the merits of the prior rulings. But that is precisely what a Rule 59(e) motion requires—it is a motion for reconsideration.

This Court has now thoroughly considered the Report and Recommendations and Defendant's objections, and finds no basis to alter or amend the judgment. To be clear, the Court notes that, to the extent Defendant's motion is asking for a new Order that acknowledges the Court's consideration of his objections, his request is granted by the issuance of this Order. However, to the extent that his Rule 59(e) motion seeks a different outcome, the Court cannot oblige.

### III. CONCLUSION

Pursuant to 28 U.S.C. § 636(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the relevant filings in this

10

case. Upon consideration of the foregoing, the Court finds that the Report and Recommendations (Docs. 213 & 228) should be and are hereby adopted in their entirety.

Accordingly:

1. Defendant's objections (Doc. 224) to the June 10, 2024 Decision and Entry (Doc. 212) and Report and Recommendations (Doc. 213) are **OVERRULED**;

2. The Report and Recommendation (Doc. 213) is **ADOPTED**;

3. Defendant's motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 159) is **DENIED with prejudice**;

4. Defendant's motions to amend, filed as second and or amended motions to vacate (Docs. 170, 200, 210) are **DENIED**;

5. The Clerk's Office shall ensure that the accompanying civil action, Case No. 1:17-cv-788, is **DISMISSED with prejudice** and **TERMINATED** on the docket of this Court;

6. The Report and Recommendations (Doc. 228) is **ADOPTED** and Defendant's objections (Doc. 234) are **OVERRULED**;

7. Defendant's Rule 59(e) motion is **DENIED** (Doc. 221); and

8. The Court finds that any appeal would be objectively frivolous, and that jurists of reason would not disagree with the Court's resolution of Defendant's constitutional claims nor would jurists conclude that "the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Accordingly, the Court **DENIES** the issuance of a certificate of appealability, pursuant to 28 U.S.C. § 2253(c).

**IT IS SO ORDERED**.

Date: 8/6/2024

Timothy S. Black
United States District Judge