UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** : | Case No. 1:15-cr-00012 | |
| : | Civil Case 1:17-cv-788 | |
| **Plaintiff,** : | | |
| : | | |
| vs. : | **THE UNITED STATES'** | |
| : | **MEMORANDUM IN OPPOSITION** | |
| **CHRISTOPHER CORNELL,** : | **TO DEFENDANT'S MOTION TO** | |
| : | **VACATE** | |
| **Defendant.** : | | |
| : | Senior Judge Timothy S. Black | |
| | Magistrate Judge Michael R. Merz | |

Now comes the United States of America, by counsel, and submits this memorandum in opposition to the Defendant's Motion to Vacate. (R. 225.)

Respectfully submitted,

KELLY A. NORRIS
Acting United States Attorney

s/Timothy S. Mangan
TIMOTHY S. MANGAN (OH 069287)
Assistant United States Attorney
221 East Fourth Street, Ste. 400
Cincinnati, Ohio 45202
Tel: (513) 684-3711; Fax: (513) 684-6385

1

## I. PROCEDURAL BACKGROUND.

As background, Defendant Cornell filed a motion to vacate under 28 U.S.C. 2255, followed by two amendments to the motions to vacate. (R. 159, 200, and 210.) The Magistrate Judge issued its Report and Recommendation, which recommended that Defendant's motion to vacate be denied. (Report and Recommendation, R. 213.) On June 28, 2024, the Court issued an Order which adopted the Report and Recommendation of the Magistrate Judge and denied Defendant's Section 2255 motion to vacate. (Order, R. 218.)

On July 15, 2024, the Defendant filed a motion to amend the judgment, challenging the June 28, 2024 Order. (Motion to Amend, R. 221.) In that motion, the Defendant alleged that the Defendant did not receive proper and timely notice of the judgment sufficient to file a timely objection. The Defendant also argued that he is actually innocent of the charges under 18 U.S.C. 1114 and 18 U.S.C. 924(c). (R. 221, p. 1845.) On that same day, July 15, 2024, the Defendant file a memorandum that was styled as a Motion to Vacate the Sentence under 28 U.S.C. 2255. (Motion to Vacate, R. 225) A subsequent Report and Recommendation recommended that the Motion to Amend be denied. (Report and Recommendation, R. 228.) The District Court denied the Motion to Vacate (as amended) and the Motion to Amend the Judgment. (Order, R. 237.)

On appeal, the Sixth Circuit Court of Appeals remanded this matter to the district court. *In re Christopher Lee Cornell*, Case No. 24-3618 (6th Cir. Feb. 26, 2025; R. 250). The Sixth Circuit ruled that Defendant's filing in docket R. 225 (styled as a motion to vacate) should be construed as a motion to amend in connection with Defendant's Rule 59(e) motion (R. 221). *Id.*, *citing Moreland v. Robinson*, 813 F.3d 315, 324-25 (6th Cir. 2016). On remand, the government was ordered to respond to the motion to vacate (R. 225) in that light, i.e., as a motion to amend in connection with his motion to amend the judgment (R. 221). (Notice, R. 251.)

2

II.   ARGUMENT.

Federal Rule of Civil Procedure 59(e) states that a motion to alter or amend a judgment must be filed no later than 28 days after entry of judgment. As noted by the Court previously, a motion under Fed. R. Civ. P. 59(e) is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citations omitted). A Rule 59(e) motion should be used to raise arguments which could and should have been made before judgment issued. *Id.; McBride v. Skipper*, 76 F.4th 509 (6th Cir. Aug. 4, 2023). *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) ("[A] petitioner fil[ing] a Rule 59(e) motion . . . may request only that the district court reconsider matters actually raised before it. This is because, as this court has repeatedly held, Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment.").

Motions under Rule 59(e) must be based upon a manifest error of law or present newly-discovered evidence. As stated by the U.S. Supreme Court, in the context of a Rule 59(e) motion, "Courts will not entertain arguments that could have been but were not raised before the just-issued decision. A Rule 59(e) motion is therefore backward-looking; and because that is so, it maintains a prisoner's incentives to consolidate all of his claims in his initial application. . . Its operation, rather than allowing repeated attacks on a decision, helps produce a single final judgment for appeal." *Banister v. Davis*, 590 U.S. 504, 516, 140 S. Ct. 1698, 1708, 207 L. Ed. 2d 58 (2020).

**A. The Previously-Raised Arguments.**

The filing at issue is docket no. 225, styled as a motion to vacate the sentence (hereinafter the "Motion"). In the Motion, Defendant Cornell repeats and restates several arguments that have already been raised and rejected in prior filings. Therefore, the arguments do not provide a basis for a These arguments and references are summarized below.

3

### 1. Entrapment.

Defendant argues that he was entrapped by the government. Defendant further argues that defense counsel did not address the influence of the informant and pursue an entrapment argument or defense. (Motion, #1957.) Defendant raised this same argument in the initial motion to vacate. (R. 159, #1501 and 1503, 1510-1514.) In fact, a large portion of the Motion is devoted to the Defendant's reinterpretation of his interactions with the informant. (E.g., R. 225, #1980-1987, 2008-2010, 2015-2016.)

The June 10, 2024 Report and Recommendation evaluated and rejected these arguments. (R. 213, #1816.) Defendant pleaded guilty and did not attack the plea on direct appeal. Accordingly, there is no basis in the record upon which to consider the alleged entrapment. As to the assistance of defense counsel, the Report noted that Defendant presented no evidence that the FBI planted the idea of attacking the Capitol during the State of the Union Address, nor is there evidence that such a defense would have been successful. Id. at 1814-15. Defendant's encounters with the informant were recorded, provided in discovery, and addressed at sentencing. The recordings show that the Defendant created and launched this plan on his own. The recordings provided the defense counsel with every opportunity to evaluate whether there was any basis for an entrapment defense. In their professional and experienced opinions, they chose to not pursue that strategy. There is no evidence of deficient performance on the part of counsel. For that reason, the Report recommended that the entrapment claims be dismissed.

Furthermore, in the context of a Rule 59 motion to amend, the arguments are even less persuasive. Defendant does not present newly-discovered evidence nor does he identify a manifest error of law. The arguments are merely a regurgitation of previously-made claims. Accordingly, the claims are not a basis for reconsideration under Rule 59.

    **2. Mental Health Issues.**

In the Motion, Defendant argues that defense counsel did not investigate Cornell's mental health history or pursue an incompetency argument related to his mental illnesses. (Motion, R. 225, #1957, 1987-1996) These are not new arguments.

Defendant previously argued in his initial motion to vacate that the defense counsel did not pursue an incompetency to stand trial. (R. 159, #1501) Defendant also argued that his psychologist "refused" to diagnose Defendant's mental illness. (R. 159, #1502) Defendant also raised mental illness as Ground Four in his original motion to vacate. (R. 159, #1505, 1512-1514)

The June 10, 2024 Report and Recommendation evaluated this claim and rejected it because the claim is flatly contested by the record. Defense counsel filed a motion to determine competency. (R. 58.) Defense counsel procured a mental health expert to evaluate the Defendant's competency and, ultimately, the Defendant was found to be competent. (R. 102.) At the time of the change of plea, there was a colloquy about the Defendant's mental state and his understanding of the hearing. No issues were raised by Defendant or his counsel. (R. 150, #1312.) Furthermore, at the sentencing hearing, Dr. Bresler was called to testify on behalf of the Defendant in order to explain the Defendant's mental issues in mitigation. This issue was fully considered and pursued by the defense counsel and the Court in the underlying proceedings. Mental illness, by itself, is not a defense to the crimes. The issue of competency was fully addressed without appeal. And defense counsel properly developed the record of mental illness and argued in mitigation on the Defendant's behalf at sentencing. Accordingly, the Report properly recommended that this claim be denied. (R. 213, #1814-17.)

Now, in the context of a Rule 59 motion to amend, the arguments are less persuasive. Defendant has not presented newly-discovered evidence nor does he identify a manifest error of

law. The mental health arguments merely rehash the Defendant's previously-made claims. Accordingly, the claims are not a basis for reconsideration under Rule 59 and should be denied.

### 3. The Count 1 Charge.

Defendant claims that his conviction under 18 U.S.C. 1114 (Count 1) is defective because the elements of attempt were not proven. (Motion, #1957, 2014-2015.) As a corollary, Defendant argues that defense counsel provided ineffective assistance by failing to file a motion to dismiss the attempt to kill charge under Section 1114. *Id*. As part of these claims, the Defendant asserts that he is actually innocent of that crime.

Defendant has already raised this issue in his original Rule 59(e) motion. The July 16, 2024 Report and Recommendation thoroughly considered this argument and recommended denying the claim. (R. 228, #2047-2050.) A claim of actual innocence must be accompanied by new evidence that overcomes the finality of a guilty plea. The Report fully described the plea colloquy with Defendant that walked through the elements of all three charges. *Id*. at 2048-49. The Defendant indicated that he understood the offenses and their elements. *Id*. With that full understanding, the Defendant admitted his guilt to all three crimes. *Id.*

In the Motion, the Defendant argues at length as to whether he had the intent and ability to carry out the attack, and whether he took a step towards effectuating that plan. (Motion, R. 225, # 2005-2008, 2011-2015.) The details of the plan are set forth in the record, including the government's sentencing memorandum and the statement of facts admitted by the Defendant at the change of plea. Most importantly, the Defendant admitted fully to the statement of the facts and the elements of that crime.

There are several deficiencies to the Defendant's motion to amend the judgment on this issue. First, the voluntariness of a guilty plea must be challenged on a direct appeal before attacking

6

it on collateral review. The Defendant could not attack the plea on direct appeal because the Court of Appeals upheld his waiver of appeal. *Bousley v. United States*, 523 U.S. 614 (1998); *United States v. Cornell*, Case No. 16-4725 (6th Cir. May 10, 2017). Second, the Defendant has not presented any new evidence to support his claim of actual innocence. Third, the Defendant already raised the issue in the original Rule 59 motion, so this additional argument in the Motion is duplicative. And finally, even if the Motion was the sole Rule 59 motion, the Defendant has not presented any newly-discovered evidence or manifest error of law that would support a post-judgment Rule 59(e) motion.[1] Accordingly, there is no basis to reconsider these issues under the Motion.

### B. Additional Claims by the Defendant.

In addition to the claims described above, the Motion sets forth over 60 pages of complaints and grievances on the part of the Defendant. Without However, there are several specific arguments that the Defendant identifies as additional grounds.

**The Gun Sale.** Defendant argues that defense counsel was deficient in not challenging "FBI misconduct" regarding the gun sale. (R. 225, #1955-1957.) Although it is not clear, the Defendant appears to reference a delay in his attempt to purchase the firearm. He was initially declined, but then later approved. In short, the initial declination occurred only because the Defendant was under investigation. There is no evidence – in the record or otherwise – to suggest that the Defendant was a prohibited person or that his purchase of a firearm (with nothing more)

---

[1] Defendant separately claims that his conviction under 18 U.S.C. 2339B (Count 4) is defective because he did not participate in an activity of support. Rather, he claims that his support was merely ideological. (R. 255, #1955-56.) Not only is this argument contrary to the guilty plea, but this argument is also tied to the Defendant's claims of actual innocence on Count 1. The government maintained (and the Defendant admitted) that he planned an attack on the U.S. Capitol with firearms. That is same attempt constitutes the Defendant's activity in support of the foreign terrorist organization in Count 4.

was illegal. Moreover, what led to his arrest was not simply his purchase of the firearm. It was the fact that his purchase was a substantial step toward effectuating his planned attack. Therefore, the Defendant's characterization of the firearm purchase as an illegal purchase is incorrect.

As with these other issues, this issue was discussed with defense counsel and did not provide any kind of defense to the crime. Moreover, there is no new evidence related to this issue that was not known at the time of the original case.

**Appellate Counsel.** The Defendant claims that his appellate counsel was ineffective in that he focused on mental health issues instead of attacking the "illegal charges" and prior defense counsel's advice on the plea. (R. 225, # 1959-1960.) Defendant's plea agreement included a waiver of certain appellate rights. That waiver limited the appellate counsel in terms of what issues could be raised on direct appeal. Defendant has not shown that the charges were "illegal" in any way. Even if appellate counsel had asserted frontal attacks on the legality of the charges, there is no indication that such attacks would have survived dismissal due to the appellate waiver. Accordingly, there can be no deficiency attributed to appellate counsel, nor could any error have caused substantial prejudice to the Defendant.

**Religious Beliefs**. The Defendant argues that the government misunderstood his religious beliefs and social media activity, which he alleges drove his prosecution. (R. 225, #1963-1977.) The basis for the charges against the Defendant are fully laid out in the statement of facts that the Defendant admitted. He was convicted for his actions, not his beliefs. He was convicted of plotting and attempting to execute an attack within the U.S. in support of a foreign terrorist organizations. This argument is irrelevant and does not state a basis for relief.

**FISA.** Defendant claims that defense counsel did not challenge certain due process violations, apparently focusing on the use of FISA techniques as an allegedly-illegal search and

8

seizure. (R. 225, #1957-58, 1977-1980.) To the extent there were issues related to the disclosures made or the proceedings related to classified material (such as FISA proceedings, those proceedings are addressed with the Classified Information Procedures Act (CIPA). The Court handled those proceedings as it would any other discovery issue. If Defendant claims any grievance with such discovery issues or the validity of such proceedings, it must preserve the arguments at the trial court level and assert them on a direct appeal. Here, Defendant waived any such claims when he decided to plead guilty. Moreover, the plea agreement waived certain appellate rights, so Defendant is unable to pursue those claims on appeal. As such, those claims (if any) are foreclosed by the procedural posture of this case and the appellate waiver.

**The Sentence Imposed.** Defendant challenges the procedural and substantive reasonableness of the sentence. (R. 225, #1991-2005.) In part, he challenges the application of the terrorism enhancement, which he previously argued in one of his Section 2255 filings. (R. 210, #1778-1783 and 1784-1785. Again, a Section 2255 motion is not a substitute for a direct appeal. These claims do not involve newly-discovered evidence and could have been pursued on a direct appeal, had it not been for the appellate waiver.

On the merits, the terrorism enhancement in the U.S. Sentencing Guidelines has been applied and upheld by the Sixth Circuit. *United States v. Wright*, 747 F.3d 399 (6th Cir. 2014); *United States v. Assi*, 428 Fed. Appx. 570 (6th Cir. 2011). Section 3A1.4 of the Sentencing Guidelines authorizes a 12–level enhancement for "a felony that involved, or was intended to promote, a federal crime of terrorism." The phrase "federal crime of terrorism" is defined under 18 U.S.C. § 2332b(g)(5). *See* § 3A1.4, cmt. n. 1. Section 2332b(g)(5) sets forth two requirements for an offense to be considered a federal crime of terrorism: first, the offense must be "calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against

government conduct," and second, the underlying act must be included within an enumerated list of eligible offenses. *United States v. Wright*, 747 F.3d 399, 407 (6th Cir. 2014). Here, Defendant's convictions fall within the eligible offenses and there is little dispute that a planned attack on the State of the Union Address is calculated to influence the conduct of government by intimidation, coercion, or retaliation. Defendant has not identified any possible error in the application of the enhancement to his case, which fell squarely within the terms of the provision. Therefore, this claim should be denied as well.

Most importantly, none of the issues referenced above are based on newly-discovered evidence. Instead, Defendant uses this motion under Fed. R. Civ. P. 59(e) as an opportunity to improperly reargue the case. These are all arguments that could and should have been made before judgment issued. A Rule 59(e) motion should not be used to present new arguments that could have been raised prior to judgment. These issues also have not identified any manifest error of law. Therefore, the Defendant's additional claims are beyond the bounds of a Rule 59(e) motion and the motion should be denied.

### III. **CONCLUSION**.

For the foregoing reasons, the United States respectfully requests that this Court deny the Defendant's motion to vacate.

Respectfully submitted,

KELLY A. NORRIS
Acting United States Attorney

s/Timothy S. Mangan
TIMOTHY S. MANGAN (OH 069287)
Assistant United States Attorney
221 East Fourth Street, Ste. 400
Cincinnati, Ohio 45202
Tel: (513) 684-3711; Fax: (513) 684-6385

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was served this 21st day of March, 2025, via mail on Christopher Cornell, Inmate #72795-061, Federal Correctional Institution, P.O. Box 1000, Cumberland, Maryland 21051-1000.

                                              s/Timothy S. Mangan
                                              TIMOTHY S. MANGAN (OH 069287)
                                              Assistant United States Attorney