UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Case No. 1:15-cr-00012 |
| | : | Civil Case 1:17-cv-788 |
| Plaintiff, | : | |
| | : | |
| vs. | : | **THE UNITED STATES'** |
| | : | **MEMORANDUM IN OPPOSITION** |
| **CHRISTOPHER CORNELL,** | : | **TO DEFENDANT'S MOTION FOR** |
| | : | **SENTENCE REDUCTION UNDER** |
| Defendant. | : | **18 U.S.C. § 3582(c)(1)(A)** |
| | : | **(Compassionate Release)** |
| | : | |
| | : | Senior Judge Timothy S. Black |
| | : | Magistrate Judge Michael R. Merz |

Now comes the United States of America, by counsel, and submits this memorandum in opposition to the Defendant's Motion for a Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (R. 253.)

Respectfully submitted,

KELLY A. NORRIS
Acting United States Attorney

s/Timothy S. Mangan
TIMOTHY S. MANGAN (OH 069287)
Assistant United States Attorney
221 East Fourth Street, Ste. 400
Cincinnati, Ohio 45202
Tel: (513) 684-3711; Fax: (513) 684-6385

1

I.     PROCEDURAL BACKGROUND.

As background, Defendant pleaded guilty to Counts 1, 3, and 4 of the Superseding Indictment. The parties agreed to a Rule 11(c)(1)(C) plea agreement with a maximum sentence of 360 months imprisonment. (R. 114, 150). As part of his plea, Defendant admitted that he plotted and planned to conduct a violent attack in support of the Islamic State of Iraq and the Levant (ISIL), a foreign terrorist organization. (R. 114 at 9-10). Defendant admitted that he planned to travel to Washington, D.C. to attack the U.S. Capitol and kill officers and employees of the United States government during the 2015 State of the Union Address. *Id.* Defendant also admitted to conducting online research related to weapons, the construction of bombs, and the U.S. Capitol and other Washington, D.C. area targets. *Id*. Defendant admitted to purchasing two M-15 semi-automatic rifles and 600 rounds of ammunition in furtherance of the attempt. Finally, Defendant admitted that, even following his arrest, while in pretrial detention, he continued to post statements online in support of ISIL and tried to identify and publicly-target the person that Cornell believed was Confidential Source and witness against him. *Id*.

Defendant was sentenced to 240 months imprisonment on Count 1; 180 months imprisonment on Count 4, partially concurrent to Count 1, such that the first 120 months runs concurrent to Count 1 and the remaining 60 months runs consecutive; and 60 months imprisonment on Count 3, to be served consecutive to Counts 1 and 4. The sentence resulted in a term of 360 months imprisonment. (R. 131 at 3; R. 151 at 123-25).

Defendant Cornell has repeatedly filed post-conviction motions and appeals that are confusing and often duplicative. Cornell's history with filing motions to vacate under 28 U.S.C. § 2255, and amendments and revisions, is detailed throughout the docket and in the government's most recent filing (R. 252).

On June 5, 2020, Defendant Cornell filed a motion for compassionate release under the First Step Act due to COVID-19. (R. 205.) Defendant Cornell claimed that he was at high risk for COVID-19 due to his medical conditions, namely granulomatous dermatitis. *Id*. On June 12, 2020, Defendant Cornell filed an amended motion for compassionate release under the First Step Act based on COVID-19. (R. 207.) Approximately 8 months later, on February 16, 2021, Cornell filed another motion for compassionate release. (R. 209) In that motion, Cornell again argued that his immune system and medical conditions made him susceptible to COVID-19. *Id*. On June 28, 2024, the district court denied the 3 compassionate release motions related to the pandemic. (R. 219, Order.)

Now, Defendant Cornell has filed a new motion for a compassionate release pursuant to § 3582(a)(1)(A) (hereinafter the "Motion"). (Motion, R. 253.) For the reasons set forth below, the government opposes the Motion.[1]

---

[1] A motion for relief under Section 3582 may be treated as a second or successive Section 2255 motion. If the motion argues that sentencing guidelines have been modified to change the applicable guidelines, then it is properly construed as a Section 3582 motion. However, if the motion otherwise attacks the underlying conviction or sentence, "that is an attack on the merits of the case and should be construed as a Section 2255 motion." *United States v. Carter*, 500 F.3d 486, 490 (6th Cir. 2007). To the extent Defendant is arguing that there were alleged mistakes made at sentencing, the Motion should be treated as a second, successive Section 2255 motion (or at least another attempt at amending the 2255 motion or Rule 60 motion). *United States v. McNeil*, 17 Fed. Appx. 383, 384-85 (6th Cir. 2001). However, because the Motion fails on its merits, the government will respond to Defendant's arguments under Section 3582.

## II. ARGUMENT.

### A. Standard of Review.

A judgment of conviction is deemed to be final and a district court may not modify the judgment except as authorized by statute. 18 U.S.C. § 3582(b). Pursuant to Section 3582(c)(1)(A)(i), the court may reduce the term of imprisonment upon the defendant's motion in limited circumstances.

First, the defendant must first exhaust his administrative remedies with the Bureau of Prisons. A defendant may file a motion for compassionate release with the Court after exhausting the BOP's administrative process, or thirty days after the warden receives the defendant's compassionate release request, whichever is earlier. *Id*. at § 3582(c)(1)(A). Here, the Defendant filed a motion for compassionate release with the warden on January 29, 2025 and it was denied on February 7, 2025. (R. 253, p. 2164.) Thus, the exhaustion issue has been addressed.

A district court may only reduce the sentence if it finds that extraordinary and compelling reasons warrant such a reduction, having also considered the sentencing factors in 18 U.S.C. 3553(a). To be an extraordinary reason, the claim must be "most unusual" or "far from common." *United States v. McCall*, 56 F.4th 1048, 1055 (6th Cir. 2022) (en banc).

"The district court has substantial discretion" in deciding a motion for compassionate release. *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020) (the district court 'may' reduce a sentence if the requirements met; it is not mandatory). Moreover, the defendant bears the burden of showing that he is entitled to compassionate release. *E.g.*, *United States v. Kannell*, No. 20-12635, 2021 WL 223485, at *1 (11th Cir. Jan. 22, 2021) ("The movant bears the burden of proving entitlement to relief under section 3582"); *cf. United States v. McClain*, 691 F.3d 774, 777 (6th Cir. 2012) (holding that the defendant bears the burden under 18 U.S.C. § 3582(c)(2)).

4

### B. The Defendant's Motion.

In the motion, Defendant Cornell concedes that he is not suffering from any terminal illness, or any serious physical or medical condition, any functional or cognitive impairment, or any deterioration in his physical or mental health. (R. 253, p. 2165.) The motion is not based on any infectious disease outbreak, or any family considerations. *Id*. at 2166.

Defendant's primary ground is that he received an unusually long sentence, has served more than 10 years, and a change in the law would purportedly produce a sentence disparity if sentenced today. *Id*. at 2166-67; U.S.S.G. § 1B1.13(b)(6).[2]

Defendant argues that a sentencing disparity is the extraordinary and compelling reason that would justify his early release. (R. 253, p. 2178.) He specifically cites to a purported disparity in sentences with other attack plots that did not result in actual harm, citing U.S.S.G. § 5K2.0. *Id.* at 2178-2179, 2190-2192. Within that argument, Defendant argues that sentencing for terrorism-related cases is unfairly high because it relies on the person's expression of support for a particular viewpoint. *Id*. at 2189. He also claims the sentence was procedurally unreasonable. *Id*. at 2192-2195.

Secondarily, Defendant argues that he was only 20 years old at the time of the offense and therefore not fully-developed from a psychological perspective. *Id.* at 2195-98. Lastly, the Defendant submits that he has undergone significant rehabilitation during his imprisonment, justifying his release. *Id*. at 2198-2199.

---

[2] Much of Defendant's motion set forth a distorted factual history of the case and reasserts complaints about the effectiveness of his defense counsel and strategy, which are addressed in his Section 2255 motions. Defendant motion also contain numerous misstatements and mischaracterizations of the conduct of the informant and of Cornell himself. The government will not respond to all of these mischaracterizations.

5

### C. Extraordinary and Compelling Reasons.

***The Length of the Sentence***. Cornell primarily argues that his 30-year sentenced is disproportionate to other individuals who were stopped before going through with violent attacks. In essence, Cornell argues "no harm, no foul" and that his sentence is "unusually long" under Section 1B1.13(6). (R. 253, p. 2189-92.)

Cornell cited to § 1B1.13(b)(6) in support of his argument, although the guideline provision is merely a policy statement and advisory. U.S.S.G. Section 1B1.13(b)(6) states that a <u>change in the law or guideline amendment</u> may be considered if the defendant has an unusually-long sentence and has served more than 10 years. The provision also requires that the <u>change of law or guideline amendment</u> at issue produce a "gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances." To the extent the defendant relies on a guideline amendment, only a retroactive guideline amendment can be considered. *United States v. McCall*, 56 F.4th 1048, 1065-66 (6th Cir. 2022) (en banc) (nonretroactive guideline amendments may not be considered).

However, at no point does Defendant Cornell identify a change in the law or retroactive amendment to the guidelines that is applicable. Without a specific change in the law or the guideline calculations, the Section 1B1.13 provision cited by Cornell is not applicable.

Moreover, the examples cited by the Defendant are not persuasive and do not demonstrate a gross disparity. 3 of the 7 cases cited by the Defendant related to January 6, 2021 events at the U.S. Capitol. Another case involved a reduction in sentence based on the government's conduct relating to the underlying sting and sentencing, which is not present here. *United States v. Williams*,

6

2023 WL 4785286 (S.D.N.Y. 2023). Another one of his citations is to a Communist group in the 1980s, which again is based on government misconduct in the investigation.

One of the cases cited by the Defendant actually cuts against his claim. *United States v. Mumuni Saleh*, 946 F.3d 97 (2nd Cir. 2019). In that case, the district court sentenced the defendant to 17 years imprisonment for an ISIS-related plot, a severe downward departure from the guideline sentence of 85 years. The government appealed and the Second Circuit reversed, finding that the sentencing was in error. *Id.* Simply put, the Defendant has not shown an extraordinary or compelling reason to disturb his sentence, so the motion must be denied.[3]

***Youth of the Offender***. Cornell also argues that his youthfulness at the time of the offense is an extraordinary and compelling reason, citing the revised Section 1B1.13 and *United States v. Shaya*, 714 F.3d 874, 877 (6th Cir. 2013). With respect to age, Cornell argues that he was 20 years old when he committed his crime and that he was impressionable and easily swayed by ISIS and the messages he consumed online. (R. 253, p. 2195-2198.)

However, Cornell's age was known and existed at sentencing. Therefore, his youthfulness is an impermissible factor to consider when evaluating a Section 3582 motion. *United States v. Culp*, 2023 WL 6147185 (6th Cir. 2023), citing, *United States v. Hunter*, 12 F.4th 555, 569 (6th Cir. 2021) (rejecting the consideration of youthfulness in motion for compassionate release). A similar argument was made in *United States v. Pittman*, 2023 WL 9231493 (6th Cir. 2023), but the Sixth Circuit rejected the claim. The Court in *Pittman* ruled that the district court was aware of these facts (i.e., the defendant's age) at the time of sentencing, "so they cannot be considered

---

[3] Defendant also submits arguments that his sentence was procedurally unreasonable because: (1) the court allegedly misunderstood Cornell's juvenile record; (2) the court considered Cornell's practice of Islam; and (3) the court gave undue weight to the factors of deterrence and rehabilitation. (R. 253, p. 2192-94.) These attacks on the sentencing process must be presented in a direct appeal and not in a motion for compassionate release.

7

extraordinary and compelling reasons for a reduced sentence." *Id*. at 2, citing *Hunter*, 12 F.4th at 570. It therefore follows that Defendant Cornell's motion fails for the same reason.

***Rehabilitative Efforts***. Defendant Cornell summarized his efforts at rehabilitation during his time in prison and claimed that they constitute extraordinary and compelling reasons for a reduction in sentence. As stated by the Sixth Circuit, "Congress was emphatically clear that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'" *Hunter*, 12 F.4th at 572, citing 28 U.S.C. Sec. 994(t); *see also, United States v. Ruffin*, 878 F.3rd 1000, 1009 (6th Cir. 2020) (same). Without more, Defendant's reference to his rehabilitation efforts post-sentencing is insufficient as a matter of law to justify a reduction in sentence. The government submits that Defendant Cornell has not presented an extraordinary and compelling reason for a reduction in sentence, so the Motion must be denied.

**D. The Factors in Section 3553(a).**

If the Court finds that "extraordinary and compelling reasons" warrant a reduction in sentence, the Court must then balance the applicable sentencing factors in Section 3553(a) to determine whether a reduction should be granted. *United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020). These factors include the following:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) . . . the sentencing range established . . . [by the Guidelines];

8

> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . that . . . is in effect on the day of sentencing[;]
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The analysis must start with the guidelines calculation. Defendant's offense conduct resulted in a Total Offense Level of 43, a Criminal History Category VI, and a Guideline sentence of 420 months imprisonment as to Counts 1 and 4, as well as 60 months, consecutive to all other counts, as to Count 3. (PSR at 13, 14, 27). Notably, Defendant's Offense Level computation resulted in a score of 50, but level 43 is the maximum score on the guidelines table. (PSR at 13). Offense Level 43 and Criminal History Category VI results in a Guideline range of life imprisonment. However, a life sentence would exceed the statutory maximum for Counts 1 and 4. Therefore, Defendant's guideline range was reduced to 420 months to account for the statutory maximums. USSG § 5G1.2(b). The Court adopted these calculations.

Based on the guidelines calculation, Defendant Cornell was facing a total recommended sentence of 480 months in prison. However, the parties agreed to a maximum sentence of 360 months, and the Court ultimately imposed that below-guidelines sentence. Therefore, the guidelines weigh in favor of rejecting Defendant's motion for a reduction in sentence.

Moreover, and as noted in the Court's prior order on Cornell's motions for compassionate release, the additional factors in Section 3553(a) "weigh heavily against release." (R. 219, p. 1840). The Court previously noted that the nature and circumstances of the offense weighed heavily against the relief, noting the violent nature of Defendant's plot and attempt to commit mass murder against government employees in the U.S. Capitol during the State of the Union in support of a foreign terrorist organization. *Id*. at 1840-41. The Defendant purchased two rifles and 600 rounds

of ammunition in support of the attack, continually expressed admiration for terrorists, and even attempted to identify and expose a confidential source from prison. All of the facts surrounding the offense weigh in favor of rejecting the Motion. Defendant argues that the FBI was closely monitoring his activities and disrupted the plot before he left Cincinnati. That reflects commendable conduct by law enforcement officers. It is not mitigation in favor of the Defendant and it does not justify a lesser sentence.

In the prior motion for compassionate release, the Court also considered the goals of reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, protecting the public, and deterring future criminal conduct. *Id.* at 1841. The Court found "unequivocally" that an earlier release would undermine these sentencing goals and factors. *Id.*

The sentencing factors in Section 3553(a) weigh against any modification of the below-guidelines sentence of 360 months. Defendant has not raised an extraordinary and compelling reason to alter the sentence, and the balance of sentencing factors still supports the original sentence. The Motion should be denied.

### III. CONCLUSION.

For the foregoing reasons, the United States respectfully requests that this Court deny the Defendant's motion for a sentence reduction or compassionate release.

Respectfully submitted,

KELLY A. NORRIS
Acting United States Attorney

s/Timothy S. Mangan
TIMOTHY S. MANGAN (OH 069287)
Assistant United States Attorney
221 East Fourth Street, Ste. 400
Cincinnati, Ohio 45202
Tel: (513) 684-3711; Fax: (513) 684-6385

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was served this 31st day of March, 2025, via mail on Christopher Cornell, Inmate #72795-061, Federal Correctional Institution, P.O. Box 1000, Cumberland, Maryland 21051-1000.

                                          s/Timothy S. Mangan
                                          TIMOTHY S. MANGAN (OH 069287)
                                          Assistant United States Attorney