# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

               Plaintiff,    :    Case No. 1:15-cr-12
                                             Civil Case No. 1:17-cv-788

                                             District Judge Timothy S. Black
-   vs  -                                  Magistrate Judge Michael R. Merz

CHRISTOPHER LEE CORNELL
 nka Raheel Mahrus Ubaydah,

              Defendant.        :

## REPORT AND RECOMMENDATIONS

This case under 28 U.S.C. § 2255 is before the Court on remand from the United States Court of Appeals for the Sixth Circuit. *In re Christopher Lee Cornell,* Case No. 24-3618 (Order, 6th Cir. Feb. 26, 2025; copy at ECF No. 250). The circuit court held:

> The district court erred by transferring Cornell's 2024 motion to vacate to this court. Because Cornell filed the motion before he appealed the denial of his first § 2255 motion and before the expiration of the time to appeal, see Fed. R. App. P. 4(a)(1)(B)(i) (providing 60 days to appeal), the district court should have construed the 2024 motion to vacate as a motion to amend in connection with Cornell's Rule 59(e) motion. See *Moreland v. Robinson*, 813 F.3d 315, 324-25 (6th Cir. 2016). Thus, we must remand the 2024 motion to vacate to the district court for further consideration.

1

*Id.* at PageID 2146. As required by the circuit court's Order, the Court construed Defendant's 2024 Motion to Vacate (ECF No. 225) as a motion to amend in connection with his motion to amend the judgment under Fed.R.Civ.P. 59(e)(ECF No. 221) and set a date for the United States to respond (ECF No. 251). The United States has done so (ECF No. 254) and Defendant has filed a reply memorandum in support[1] (ECF No. 255). Thus the case is ripe for decision[2].

**Litigation History**

Defendant Christopher Cornell was indicted by a grand jury for this District on January 21, 2015, and charged with attempting to kill employees and officers of the United States engaged in their official duties, in violation of 18 U.S.C. § 1114 (Count One); soliciting another to engage in conduct that violated § 1114, in violation of 18 U.S.C. § 373 (Count Two); and possession of a firearm in furtherance of an attempted crime of violence, in violation of 18 U.S.C. § 924(c)(Count Three)(Indictment, ECF No. 13). On May 7, 2015, the grand jury returned a Superseding Indictment which added a fourth count charging that Defendant "knowingly attempt[ed] to provide material support and resources, including personnel (specifically himself) and services, to a foreign terrorist organization, namely the Islamic State of Iraq and the Levant." (ECF No. 42, PageID 302).

---

[1] But see the discussion infra of the content of this "reply memorandum."
[2] A motion to amend a pleading is ordinarily a non-dispositive pretrial motion within the original decisional authority of a Magistrate Judge, subject to appeal to a District Judge. *Monroe v. Houk*, No. 2:07-cv-258, 2016 U.S. Dist. LEXIS 38999 (S.D. Ohio, Mar. 23, 2016)(Sargus, C.J.); *McKnight v. Bobby*, 2017 U.S. Dist. LEXIS 63861 (S.D. Ohio Apr. 27, 2017)(Dlott, D.J.); *Chinn v. Warden*, 2020 U.S. Dist. LEXIS 94062 (S.D. Ohio May 29, 2020)(Morrison, D.J.). However, because the Magistrate Judge recommends disposition of Cornell's entire case through denial of a motion to amend, that recommendation is made here by Report and Recommendations.

On August 1, 2016, Defendant entered into a Plea Agreement with the United States in which he agreed to plead guilty to Counts 1, 3, and 4. (ECF No. 114, PageID 676). The parties agreed that the maximum sentence which could be imposed was 360 months. *Id*. at PageID 678. Defendant agreed he had received effective assistance from his appointed counsel; that his guilty plea was knowing, intelligent, and voluntary; that the facts in the attached Statement of Facts were true and provided an adequate factual basis for conviction; that his guilty plea was not induced by force, threats, or any promises other than those set forth in the Plea Agreement, and that he waived his right to appeal except for claims of ineffective assistance of counsel or prosecutorial misconduct. *Id*. at various pages.

On December 5, 2016, District Judge Sandra Beckwith, to whom the case was then assigned, sentenced Defendant to an aggregate sentence of 300 months (Judgment, ECF No. 131). Despite his promise not to do so, Cornell appealed the next day (ECF No. 133). The Sixth Circuit, however, enforced the appeal waiver and dismissed the appeal. *United States v. Cornell*, Case No. 16-4725 (6th Cir. May 10, 2017)(unpublished; copy at ECF No. 156).

Defendant filed his first Motion to Vacate under 28 U.S.C. § 2255 on October 12, 2017 (the "First §2255 Motion," ECF No. 159). In June 2024 then Chief Judge Algenon L. Marbley referred the First § 2255 Motion to the undersigned who then filed a Report and Recommendations recommending it be denied (ECF No. 213). Defendant filed no objections and District Judge Black adopted the Report on June 28, 2024, denying the First § 2255 Motion Vacate (ECF No. 218).

On July 15, 2024, Defendant filed all of the following documents: (1) Motion to Alter or Amend the Judgment under Fed.R.Civ.P. 59(e)(ECF No. 221); (2) Motion to Extend Time to Object (ECF No. 222); Objection to the Report (ECF No. 224); and a new Motion to Vacate Sentence under 28 U.S.C. § 2255 (the "Second § 2255 Motion," ECF No. 225). The undersigned

3

then filed a Report and Recommendations ("R&R") recommending the Rule 59(e) Motion be denied (ECF No. 228) and an order transferring the new Second § 2255 Motion to the Sixth Circuit as a second or successive 2255 motion (ECF No. 229).

On Cornell's Motion, the Sixth Circuit dismissed his appeal from Judge Black's Order dismissing the First § 2255 Motion (ECF No. 245). However, five months later it granted Cornell's Motion to remand the Second § 2255 Motion, holding

> The district court erred by transferring Cornell's 2024 motion to vacate to this court. Because Cornell filed the motion before he appealed the denial of his first § 2255 motion and before the expiration of the time to appeal, see Fed. R. App. P. 4(a)(1)(B)(i) (providing 60 days to appeal), the district court should have construed the 2024 motion to vacate as a motion to amend in connection with Cornell's Rule 59(e) motion. See *Moreland v. Robinson*, 813 F.3d 315, 324-25 (6th Cir. 2016). Thus, we must remand the 2024 motion to vacate to the district court for further consideration.

*In re: Christopher Lee Cornell*, Order of Feb. 26, 2025 (copy at ECF No. 250).

## Analysis

The Sixth Circuit has ordered this Court to "construe[ ] the 2024 motion to vacate as a motion to amend in connection with Cornell's Rule 59(e) motion." The Magistrate Judge finds this order ambiguous: are we to construe the Second § 2255 Motion as a motion to amend the First § 2255 Motion or a motion to amend the Rule 59(e) Motion?

Either construction raises serious questions of interpretation of 28 U.S.C. § 2255. If the Second § 2255 Motion is construed as a motion to amend the First § 2255 Motion, it would be

untimely unless its claims relate back to the original filing. The Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") adopted a one-year statute of limitations for motions to vacate, now codified at 28 U.S.C. § 2255(f) which provides:

> 28 U.S.C. § 2255(f) provides
>
>> A one-year statute of limitations shall apply to a motion under this section. The limitations period shall run from the latest of –
>>
>> (1) the date on which the judgment of conviction becomes final;
>>
>> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>>
>> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Cornell's First § 2255 Motion was filed November 17, 2017)(ECF No. 159). It was timely because filed within one year of the dismissal of his direct appeal. His Second § 2255 Motion was not filed until July 15, 2024, almost seven years later (ECF No. 221).

If the Second § 2255 Motion is construed as a motion to amend the First, it must be considered under the standard adopted in *Foman v. Davis*, 371 U.S. 178 (1962) for amending a pleading[3]:

---

[3] The Rules Governing § 2255 Proceedings have no explicit rule on amendment. 28 U.S.C. § 2242 provides that habeas corpus petitions may be amended as provided in the Civil Rules

5

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

371 U.S. at 182. *See also Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997)(citing *Foman* standard). Cornell's Second § 2255 Motion fails the *Foman* standard. It consists of sixty-seven single-spaced pages of allegations with virtually no citation to the record created before the guilty plea was accepted. It was certainly filed after undue delay and that delay of almost seven years would greatly prejudice the United States by forcing it to respond to numerous factual allegations about how this case was investigated and prosecuted.

Construing Cornell's Second § 2255 Motion as a motion to amend his Rule 59(e) motion is equally problematic. For a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006))[4].

> Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe*, 146 F.3d at 374, newly discovered evidence, *see id.*, an intervening change in controlling constitutional law, *Collison v. International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d

---

[4] Cornell acknowledges that this is the correct standard for judging a Rule 59(e) motion (Motion ECF No. 255, PageID 2260).

6

> at 236; *Hayes*, 8 F.3d at 90-91 n.3. *See also North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).
>
> To constitute "newly discovered evidence," the evidence must have been previously unavailable. *See ACandS*, 5 F.3d at 1263; *Javetz v. Board of Control, Grand Valley State Univ*. 903 F. Supp. 1181, 1191 (W.D. Mich. 1995)(and cases cited therein); Charles A. Wright, 11 *Federal Practice and Procedure* § 2810.1 at 127-28 (1995).

*Gencorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999), accord, *Nolfi v. Ohio Ky. Oil Corp.,* 675 F.3d 538, 551-52 (6th Cir. 2011), quoting *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.,* 616 F.3d 612, 615 (6th Cir. 2010).

Cornell's Second § 2255 Motion points to no error of law in Judge Black's decision dismissing the First § 2255 Motion or denying his Rule 59(e) Motion as originally presented. Likewise he presents no new evidence, instead rearguing the facts he admitted were true in pleading guilty. He points to no intervening change in the law. And there is no manifest injustice in imprisoning a person who admitted under oath planning an attack on the United States Capitol during the State of the Union address.

**The Reply Memorandum**

On April 3, 2025[5], Cornell filed what he labeled "Motion For Leave To File In Opposition To Government's Memorandum In Opposition Defendant's Motion To Vacate Under 28 U.S.C. 2255 (ECF No. 255). Because this document was filed within the time allowed by S. D. Ohio Civ. R. 7.2 for filing a reply to the Government's opposition to his Second § 2255 Motion, the

---

[5] This document was not received and docketed until April 10, 2025, but was deposited in the prison mail system on April 3, 2025. Thus April 3 counts as the date of filing. *Houston v. Lack*, 487 U.S. 266 (1988).

7

Magistrate Judge considers it as presented, but refers to it hereinafter as "Reply". However, it is in no way a reply memorandum as such a memorandum would function in the ordinary course of litigation. In particular, it makes no response to arguments by the United States in its Memorandum in Opposition to Motion to Vacate (ECF No. 254).

Instead of replying to the Government's Memorandum, Cornell sets out to relitigate the entire case. He says that, contrary to the Government's argument, he is not seeking to relitigate the case (PageID 2259). But then he asserts:

> In the criminal justice system, defendants who believe that a judgment was made in error can seek to correct that error through various legal mechanisms. One such mechanism is a motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to seek the alteration or amendment of a judgment if there is a clear error of law or newly discovered evidence.

*Id.* What he neglects to mention is that there is a firm deadline of twenty-eight days after judgment to file a motion to amend. See Fed.R.Civ.P. 59(b). That deadline cannot be extended. Fed.R.Civ.P. 6(b)(2). The twenty-eighth day after judgment was January 2, 2017. Cornell filed no Rule 59(e) motion before that deadline.

Throughout his Reply, Cornell asserts his "actual innocence." However, the Reply does not meet the standard for showing actual innocence adopted by the Supreme Court. The Sixth Circuit has held:

> The [Supreme] Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 140 L. Ed. 2d 828, 118 S. Ct. 1604 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled

8

> however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321.

*Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005). Cornell has submitted no new evidence that meets this standard.

Any new evidence of actual innocence would have to rebut the overwhelming evidence of guilt already of record, to wit, Cornell's guilty plea and sworn admission of all the facts relied on to convict him. On August 1, 2016, Cornell appeared before Judge Beckwith for a change of plea hearing (Transcript, ECF No. 150). She asked him if he wished to withdraw his former pleas of not guilty and plead guilty, to which he answered yes. *Id.* at PageID 1308. Having explained the elements of the offenses to which he was pleading, Judge Beckwith asked him how he pleaded to those charges and he pleaded guilty. *Id.* at PageID 1311. She then had him placed under oath and asked him if he understood "that you're now under oath, and if you give false answers to any of my questions, you may be charged with perjury or making a false statement?" to which he answered yes. *Id.* at PageID 1312. Cornell then expressed his satisfaction with the advice he had received from counsel and his understanding of the maximum and minimum penalties. He admitted that he understood that by pleading guilty he would be giving up his right not to incriminate himself. *Id.* at PageID 1321.

In summarizing the Plea Agreement, the Assistant United States Attorney, Timothy Mangan, noted that the Plea Agreement provided that "defendant is pleading guilty because he is in fact guilty and the Statement of Facts in this case that is attached to the Plea Agreement is true and correct . . ." *Id.* at PageID 1323. Cornell acknowledged that his guilty plea was his own knowing and voluntary act and that he was not forced or coerced to plead guilty. *Id.* at PageID 1329. The FBI agent assigned to the case read the Statement of Facts into the record and Cornell agree they were correct. *Id.* at PageID 1332. Judge Beckwith then herself went through the

9

Statement of Facts and Cornell agree that each of her statements was correct. *Id.* at PageID 1334. She then found his guilty pleas were knowing, intelligent, and voluntary. *Id.* at PageID 1336.

As anyone can see, there is scarcely a line in the plea colloquy transcript that Cornell does not now attempt to repudiate. In particular, he says the Government has not proven his guilt by sufficient evidence. But proving guilt beyond a reasonable doubt is the function of a trial. When a defendant gives up his right to a trial and admits under oath all of the facts necessary for conviction as Cornell did here, there is no trial. The only crime which could be tried would be a charge of perjury for lying during the plea colloquy, as Cornell was warned could happen.

**Conclusion**

The Magistrate Judge respectfully recommends Cornell's Second § 2255 Motion be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Defendant be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

April 11, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such

objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.