Nos. 24-3828/3829

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Apr 11, 2025
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| CHRISTOPHER LEE CORNELL, nka Raheel Mahrus Ubaydah, ) ) ) | |
| Petitioner-Appellant, ) ) | O R D E R |
| v. ) ) | |
| UNITED STATES OF AMERICA, ) ) | |
| Respondent-Appellee. ) | |

Before: LARSEN, Circuit Judge.

Christopher Lee Cornell, proceeding pro se, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, his motion to reconsider that decision under Federal Rule of Civil Procedure 59(e), and his motions to amend his § 2255 motion. His notices of appeal are construed as requests for a certificate of appealability (COA). He moves for leave to proceed in forma pauperis (IFP).

Cornell pleaded guilty to attempted murder of government employees and officials in violation of 18 U.S.C. § 1114, possessing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c), and attempting to provide material support to a designated foreign terrorist organization in violation of 18 U.S.C. § 2339B. The district court sentenced him to 360 months in prison, consisting of consecutive terms of 240 months for attempted murder and 60 months for the § 924(c) conviction and a partially concurrent term of 180 months for attempting to provide material support. We dismissed Cornell's appeal based on an appeal-waiver provision in his plea agreement.

In November 2017, Cornell filed a § 2255 motion, raising as grounds for relief that (1) his counsel rendered ineffective assistance by not pursuing a defense based on entrapment or

incompetency, (2) the psychologist obtained by his counsel refused to diagnose him as being mentally ill, (3) he was entrapped by the Federal Bureau of Investigation (FBI), and (4) he was mentally ill during his crime and prosecution.  Approximately two months later, Cornell filed a second § 2255 motion, arguing that (1) the FBI entrapped him, (2) he is mentally incompetent, and (3) his counsel rendered ineffective assistance.  In October 2019, Cornell moved this court for authorization to file a second or successive § 2255 motion, but because his first § 2255 motion was still pending, we transferred that motion to the district court with instructions to treat it as a motion to amend.  In 2020, and again in 2021, Cornell filed amended § 2255 motions in the district court.

On June 10, 2024, a magistrate judge issued (1) a recommendation to deny Cornell's first § 2255 motion and (2) an order that struck Cornell's second § 2255 motion, construed his later § 2255 motions as motions to amend, and denied all of his amendment requests.  On June 28, the district court, noting that Cornell had not objected to the recommendation, adopted the recommendation and denied Cornell's § 2255 motion.

Seventeen days later, Cornell filed (1) objections to the magistrate judge's order denying his motions to amend and recommendation to deny his § 2255 motion, (2) motions to extend the time to file those objections, and (3) a motion asking the district court to review the magistrate judge's order and reconsider its adoption of the magistrate judge's recommendation.  The magistrate judge recommended overruling Cornell's objections and denying his motion for reconsideration, and Cornell objected to that recommendation.  The district court overruled Cornell's objections to the magistrate judge's recommendations, adopted the recommendations, and denied Cornell's § 2255 motion, the motions to amend, and the motion for reconsideration. The court declined to issue a COA.  Cornell filed separate notices of appeal from that order and the court's original order denying his § 2255 motion, and the cases were docketed as Case Nos. 24-3828 and 24-3829.

To obtain a COA, a movant must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a district court has rejected a constitutional claim on the merits, a movant must show that jurists of reason would find the district court's

assessment of the claim to be debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a district court has rejected a claim on procedural grounds, the movant must show both that jurists of reason would find the district court's procedural ruling debatable and that jurists of reason would find it debatable whether the motion to vacate states a valid claim of the denial of a constitutional right. *Id.*

In his § 2255 motion's first ground for relief, Cornell argued that his trial counsel rendered ineffective assistance by not pursuing a defense based on incompetency or entrapment. To prevail on an ineffective-assistance-of-counsel claim, a movant must establish that (1) counsel's performance was deficient and (2) the deficiency resulted in prejudice, meaning that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Shimel v. Warren*, 838 F.3d 685, 696 (6th Cir. 2016).

Reasonable jurists would not debate the district court's rejection of these claims. As for Cornell's claim concerning his competence to stand trial, his counsel moved for a competency hearing, and the district court concluded that Cornell was competent to stand trial based on the agreement of the parties' experts that he could understand the nature and consequences of the proceedings and properly assist in his defense. *See United States v. Abdulmutallab*, 739 F.3d 891, 899 n.1 (6th Cir. 2014) (noting the competency standard). Because Cornell has not shown that counsel could have obtained a more favorable expert opinion and nothing in the record otherwise shows that Cornell was incompetent to stand trial, he has not shown that counsel was ineffective by failing to further pursue the issue.

As for Cornell's claim concerning his mental state at the time of the offense, he has not identified anything in the record or otherwise presented evidence establishing that, when he committed his offenses, he suffered from a severe mental disease or defect that made him unable to appreciate the nature and quality or wrongfulness of his acts such that an insanity defense was likely to succeed. *See United States v. Black*, 739 F.3d 931, 933 (6th Cir. 2014) (discussing the requirements of an insanity defense).

As to Cornell's claim concerning an entrapment defense, he has not shown prejudice from counsel's alleged error because he has not identified evidence establishing a lack of predisposition on his part to engage in the crimes such that an entrapment defense was reasonably likely to succeed. *See United States v. Poulsen*, 655 F.3d 492, 502 (6th Cir. 2011) (explaining that the elements of entrapment are government inducement of the crime and the defendant's lack of predisposition to engage in the crime); *United States v. Demmler*, 655 F.3d 451, 457 (6th Cir. 2011) (explaining that the key question in determining predisposition is whether law enforcement planted a criminal design in the mind of an otherwise law abiding citizen or merely provided an opportunity to commit a crime to one who was already predisposed to doing so).

In his § 2255 motion's second ground for relief, Cornell argued that his expert psychiatric witness violated his rights by refusing to diagnose him with a mental illness even though the expert knew he was mentally ill. Reasonable jurists would not debate the district court's rejection of this claim because Cornell has no right to a specific diagnosis, and he presented no evidence showing that his expert knew that he was mentally ill but refused to properly diagnose him. *See United States v. Doyle*, 631 F.3d 815, 817 (6th Cir. 2011) (explaining that § 2255 relief is available only for a constitutional error, a sentence outside the statutory limits, or a factual or legal error that was so fundamental as to render the entire proceeding invalid).

In his § 2255 motion's third ground for relief, Cornell argued that the FBI entrapped him into committing his crimes. Reasonable jurists would not debate the district court's rejection of this claim. Cornell waived his entrapment defense because he pleaded guilty and has not shown that his plea was invalid. *See United States v. Hammadi*, 737 F.3d 1043, 1049 (6th Cir. 2013). And, in any case, as discussed previously, Cornell has not identified evidence establishing an entrapment defense.

In his § 2255 motion's fourth ground for relief, Cornell argued that his convictions are invalid because he has been mentally ill since his youth. Reasonable jurists would not debate the district court's rejection of this claim. As for Cornell's claim that he was incompetent to stand trial, both the defense's and the prosecution's experts opined that he was competent, and he has

not presented evidence undermining that conclusion. As for Cornell's claim concerning his mental state at the time of his offenses, he has not identified anything in the record or otherwise presented evidence establishing that, when he committed the offenses, he suffered from a severe mental disease or defect that made him unable to appreciate the nature and quality or wrongfulness of his acts. *See Black*, 739 F.3d at 933.

Reasonable jurists also would not debate the district court's denial of Cornell's various requests for leave to amend his § 2255 motion on the basis that the proposed claims are futile. *See Jackson v. City of Cleveland*, 925 F.3d 793, 809 (6th Cir. 2019) (recognizing that futility is a permissible basis for denying leave to amend). In one of his proposed grounds for relief, Cornell argued that his § 924(c) conviction is invalid in light of *United States v. Davis*, 588 U.S. 445 (2019), because his conviction for attempting to murder government employees is no longer a crime of violence. In *Davis*, the Supreme Court invalidated as unconstitutionally vague the residual clause in 18 U.S.C. § 924(c)(3)(B), which defines in part the term "crime of violence" for purposes of a conviction under § 924(c). *Id.* at 448, 470. Cornell's attempted murder conviction remains a crime of violence under § 924(c)'s elements clause, however, because, even after *United States v. Taylor*, 596 U.S. 845 (2022), courts have held that attempted murder offenses qualify as crimes of violence because, as the completed offense requires the use of physical force, an attempt requires at least the attempted use of physical force. *See* 18 U.S.C. § 924(c)(3)(A); *United States v. Parham*, 119 F.4th 488, 491-95 (6th Cir. 2024); *United States v. Lassiter*, 96 F.4th 629, 636-38 (4th Cir. 2024), *cert. denied*, __ S. Ct. __, 2024 WL 4426906 (Oct. 7, 2024); *United States v. States*, 72 F.4th 778, 790-91 (7th Cir. 2023); *see also United States v. Bilderbeck*, 163 F.3d 971, 975 (6th Cir. 1999) (explaining that, to obtain a conviction for an attempt crime, the government must prove that the defendant intended to commit the proscribed conduct and took a substantial step toward doing so).

In another proposed ground for relief, Cornell argued that his trial counsel rendered ineffective assistance by forcing him to plead guilty and inducing him to plead guilty based on false promises and threats. This claim is futile because it is undermined by the terms of Cornell's

plea agreement and his sworn testimony at the plea hearing, in which he confirmed that he was fully satisfied with counsel, he was pleading guilty voluntarily, and his plea did not result from force, threats, or promises outside the plea agreement.

In other proposed grounds for relief, Cornell argued that (1) his conviction under § 1114 is illegal because he never made an attempt to kill a government employee and (2) the government never proved that he violated § 1114. He also generally argued that his counsel rendered ineffective assistance by advising him to plead guilty because there was an insufficient factual basis for attempted murder.

These claims are futile. To convict a defendant of attempt, the prosecution must prove that the defendant intended to commit the crime and took a substantial step toward doing so. *United States v. Wesley*, 417 F.3d 612, 618 (6th Cir. 2005). A substantial step consists of objective acts that mark the defendant's conduct as criminal and corroborate the firmness of the defendant's criminal intent. *United States v. Alebbini*, 979 F.3d 537, 546 (6th Cir. 2020); *see also United States v. Wilder*, 87 F.4th 816, 820 (6th Cir. 2023) (explaining that, for conduct to qualify as a substantial step, it must go beyond preliminary activities and mere preparation).

The evidence showed that Cornell (1) told a confidential source that they should form a local chapter of a terrorist organization and conduct attacks and (2) showed the confidential source internet research he had conducted about bombmaking and potential targets for an attack. At a later meeting, Cornell told the confidential source that he wanted to conduct an attack during the State of the Union address which would occur in a week, and, later that day, Cornell practiced a speech in which he promised retaliation against the United States for its treatment of Muslims and called on others to conduct attacks. The next morning, Cornell purchased two semiautomatic rifles and 600 rounds of ammunition. After his arrest, police found in Cornell's car a bag with clothes packed for a trip and the flag of a foreign terrorist organization.

Given that evidence, Cornell's proposed ineffective-assistance claim is futile because counsel could reasonably conclude that a jury was likely to find that Cornell had the intent to commit murder and took a substantial step toward doing so. *See United States v. Ferguson*, 65

F.4th 806, 813 (6th Cir. 2023); *Alebbini*, 979 F.3d at 547; *Wesley*, 417 F.3d at 619-20.  Cornell's other proposed claims are also futile, given that he pleaded guilty and there was sufficient evidence that he committed attempted murder.

In another proposed ground for relief, Cornell argued that his sentence constitutes cruel and unusual punishment because it is excessive and that his sentence is invalid because his § 924(c) sentence had to be imposed consecutively to his other sentences which ran consecutively in part.  This claim is futile because Congress has the power to fix the sentence for a federal crime and control the scope of judicial discretion with respect to the sentence, *see United States v. Cecil*, 615 F.3d 678, 696 (6th Cir. 2010); *United States v. Wimbley*, 553 F.3d 455, 462-63 (6th Cir. 2009); *see also United States v. Gilbert*, 725 F. App'x 370, 376 (6th Cir. 2018), and Cornell's sentence was not grossly disproportionate to his crimes, *see United States v. Potter*, 927 F.3d 446, 454 (6th Cir. 2019).

In his final proposed ground for relief, Cornell argued that (1) the guidelines terrorism enhancement that increased his total offense level and criminal history category is unconstitutional and (2) his actions were protected First Amendment speech.  These claims are futile because Cornell procedurally defaulted his challenge to the terrorism enhancement by not raising it earlier, and he cannot show prejudice to excuse the default.  *See United States v. Meskini*, 319 F.3d 88, 91-92 (2d Cir. 2003) (rejecting a constitutional challenge to the enhancement); *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000).  In addition, there is no basis for concluding that the acts giving rise to his convictions are constitutionally protected speech.

Accordingly, Cornell's COA applications are **DENIED** and his IFP motions are **DENIED** as moot.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk

United States Court of Appeals for the Sixth Circuit

**U.S. Mail Notice of Docket Activity**

The following transaction was filed on 04/11/2025.

**Case Name:**   Christopher Cornell v. USA
**Case Number:**   24-3828

**Docket Text:**
ORDER filed: Cornell's COA applications are DENIED and his IFP motions are DENIED as moot. Joan L. Larsen, Circuit Judge. [24-3828, 24-3829]

**The following documents(s) are associated with this transaction:**
Document Description:   Order

**Notice will be sent to:**

Mr. Christopher Lee Cornell
F.C.I. Cumberland
P.O. Box 1000
Cumberland, MD 21501

**A copy of this notice will be issued to:**

Mr. Richard W. Nagel
Ms. Mary B. Young