# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:15-cr-12 |
| | : | Civil Case No. 1:17-cv-788 |
| Petitioner, | : | |
| | : | District Judge Timothy S. Black |
| | : | |
| vs. | : | Magistrate Judge Michael R. Merz |
| | : | |
| CHRISTOPHER LEE CORNELL | : | |
| nka Raheel Mahrus Ubaydah, | : | |
| | : | |
| Respondent. | : | |

## DECISION AND ENTRY
## ADOPTING THE REPORT AND RECOMMENDATIONS
## OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 257)

This case under 28 U.S.C. § 2255 is before the Court on Defendant's Objections (Doc. 259) to the Magistrate Judge's Report and Recommendations (the "Report") recommending denial with prejudice of Cornell's "Second 2255 Motion" (Doc. 257).

The "Second 2255 Motion" is one of the documents filed by Defendant on July 15, 2024 (Doc. 225). Because Cornell had already filed a motion to vacate under 28 U.S.C. § 2255 (Doc. 159), the Magistrate Judge read the Second 2255 Motion literally as it was labeled and transferred it to the Sixth Circuit as a second or successive 2255 motion which could not proceed without prior circuit court approval.

The circuit court held this was error:

> The district court erred by transferring Cornell's 2024 motion to vacate to this court. Because Cornell filed the motion before he appealed the denial of his first § 2255 motion and before the expiration of the time to appeal, see Fed. R. App. P. 4(a)(1)(B)(i)

>  (providing 60 days to appeal), the district court should have construed the 2024 motion to vacate as a motion to amend in connection with Cornell's Rule 59(e) motion. See *Moreland v. Robinson,* 813 F.3d 315, 324-25 (6th Cir. 2016). Thus, we must remand the 2024 motion to vacate to the district court for further consideration.

*In re Christopher Lee Cornell,* Order of February 26, 2025, copy at Doc. 250).

Treating the Second 2255 Motion as a motion to amend as he had been ordered to do by the circuit court, the Magistrate Judge allowed the United States an opportunity to respond (Notice, ECF No. 251). The United States filed its Memorandum in Opposition (Doc. 254), and Cornell filed a response (Doc. 255). The Magistrate Judge then filed his Report (Doc. 257) which is the subject of the instant Objections.

The Magistrate Judge read the Remand Order as ambiguous: was the remanded 2255 motion to be construed as a motion to amend the Fed.R.Civ.P. 59(e) motion pending at the time of transfer or a motion to amend the original § 2255 Motion to Vacate? The Report analyzes the Second 2255 Motion under each of these alternatives. Considered as a motion to amend the original Motion to Vacate, the Report analyzes it under Fed.R.Civ.P. 15 and the general standard for motions to amend pleadings adopted in *Foman v. Davis*, 371 U.S. 178 (1962), and found it to be untimely. Considered as a motion to amend the Fed.R.Civ.P. 59(e) motion, it was also found to be untimely because of the very short and rigid time limit for filings under Rule 59(e)(Doc. 257).

The Report was filed at 1:15 p.m. on April 11, 2025. Later on the same day the Sixth Circuit dismissed its Cases No. 24-3828 and 24-3829[1], Cornell's appeals of this Court's denial of

---

[1] The 6th Circuit dismissal order was filed in that Court on April 11, 2025, but not docketed in this Court until April 14, 2025, and thus was not available for consideration by the Magistrate Judge in writing the Report.

his original "28 U.S.C. § 2255 motion to vacate, his motion to reconsider that decision under Federal Rule of Civil Procedure 59(e), and his motions to amend his § 2255 motion." With respect to each pleaded ground for relief or proposed ground for relief, the circuit court denied a certificate of appealability, finding the claims futile or that reasonable jurists would not disagree with this Court's disposition of them (Doc. 258).

Cornell's Objections do not address the Sixth Circuit's Order in any way. Considering the Order, however, a number of points are clear.

First of all, despite Cornell's claims that the Sixth Circuit already allowed him to amend his original 2255 Motion, it did not do so. There are no pending amended 2255 motions.

Secondly, Cornell has not rebutted the Magistrate Judge's conclusion that the remanded July 15, 2024, 2255 Motion to Alter or Amend Judgment (Doc. 221) is untimely.

Third, Cornell's claim of actual innocence to excuse his untimeliness is unpersuasive: he has not established an actual innocence claim as contemplated in *Schlup v. Delo*, 513 U.S. 298 (1995), and *McQuiggin v. Perkins*, 569 U.S. 383 (2013): "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Souter v. Jones,* 395 F.3d 577 (6th Cir. 2005), *citing Schlup*, 513 U.S. at 324. "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). New evidence which supposedly supports an entrapment defense or ineffective assistance of trial counsel is not sufficient.

Accordingly:

1. Based on the foregoing analysis, Petitioner's Objections (Doc. 259) are **OVERRULED**.

2. The Report and Recommendations (Doc. 257) is **ADOPTED**.

3. The Motion to Alter or Amend Judgment (Doc. 221) is **DENIED** with prejudice.

4. Because reasonable jurists would not disagree with this conclusion, the Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

Date: 5/28/2025

*s/Timothy S. Black*
Timothy S. Black
United States District Judge