# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

                Plaintiff,    :    Case No. 1:15-cr-12
                                    Civil Case No. 1:17-cv-788

                                    District Judge Timothy S. Black
- vs -                              Magistrate Judge Michael R. Merz

CHRISTOPHER LEE CORNELL
 nka Raheel Mahrus Ubaydah,

                Defendant.    :

## REPORT AND RECOMMENDATIONS

This case under 28 U.S.C. § 2255 is before the Court on Defendant's *pro se* Motion for Relief from Judgment (ECF No. 269). The case is presently on appeal to the Sixth Circuit (Case No. 25-3494) from District Judge Black's Decision and Entry of May 28, 2025 (ECF No. 263), which adopted the recommendation of the undersigned that Cornell's Second Motion to Vacate under 28 U.S.C. § 2255 be dismissed (R&R, ECF No. 257). The R&R was filed to comply with a Remand Order from the Sixth Circuit, *In re Christopher Lee Cornell*, Case No. 24-3618 (Order, 6th Cir. Feb. 26, 2025; copy at ECF No. 250).

Because the case is presently pending on appeal, this Court's consideration is governed by Fed.R.Civ.P. 62.1 which provides:

1

> **(a) Relief Pending Appeal.** If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> **(1)** defer considering the motion;
> **(2)** deny the motion; or
> **(3)** state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

The Magistrate Judge respectfully recommends that the Court defer considering the motion until the Sixth Circuit reaches a decision in Case No. 25-3494.  Many of the issues raised in the instant Motion claim this Court did not properly comply with the Remand Order.  If the Court adhered to its prior rulings, this would probably generate another appeal.  Since the Sixth Circuit entered the Remand Order in the first instance, it is in the best position to decide whether this Court has complied.

Beginning at PageID 2385, Cornell raises a new claim, to wit, that District Judge Black is disqualified from sitting in this case because he was appointed to his Article III position by President Barack Obama, who Cornell identifies as the victim in this case and who is alleged to have employed as a speechwriter Jon Favreau who is said to be Judge Black's son-in-law[1].  That is a claim which could readily have been made while the case was pending in this Court but was not.  While that claim could be severed and decided now, Cornell's past history of appealing and then dismissing appeals cautions against severance. In an event the text of Fed.R.Civ.P. 62.1 does not expressly permit severance of claims.

---

[1] For the purposes of this Report only, the Magistrate Judge assumes the truth of Cornell's factual assertions.  The assertions about Judge Black's education are confirmed by his biographical sketch on the Court's website over which he has control.

2

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Court defer consideration of the instant Motion during the pendency of the appeal in Case No. 25-3494.

Constitution Day
September 17, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.