# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

           Plaintiff,    :    Case No. 1:15-cr-12
                                          Civil Case No. 1:17-cv-788

                                                District Judge Timothy S. Black
  -  vs  -                              Magistrate Judge Michael R. Merz

CHRISTOPHER LEE CORNELL
 nka Raheel Mahrus Ubaydah,

           Defendant.    :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

       This case under 28 U.S.C. § 2255 is before the Court on Defendant's Objections (ECF No. 271) to the Magistrate Judge's Report and Recommendations ("Report," ECF No. 270) recommending the Court defer consideration of Defendant's *pro se* Motion for Relief from Judgment under Fed.R.Civ.P. 60(b) (the "Motion," ECF No. 269). Judge Black has recommitted the case for reconsideration in light of the Objections (ECF No. 272).

       The Report notes that, because there is a pending appeal, this Court lacks jurisdiction to decide the Motion but is limited to the three options provided by Fed.R.Civ.P. 62.1. The Report recommends deferral because Defendant has claimed this Court did not comply with the Sixth Circuit's prior remand order (ECF No. 250) and that court was in the best position to determine whether we had complied or not. Furthermore the Report noted Defendant's pattern of appealing and then dismissing appeals without a decision. Since a denial of Defendant's 60(b) motion

1

seemed likely to precipitate another appeal, the Magistrate Judge believed the interests of judicial economy would be served by deferring decision of the pending 60(b) motion.

Defendant objects.  Adopting the Report would "perpetuate manifest injustice" and "constitute structural error."  (ECF No. 271, PageID 2422).  Defendant believes he has now discovered facts which disqualify both District Judge Black and Magistrate Judge Merz from adjudicating this case.  He also argues extensively the merits of his case --  his claim of having withdrawn from the relevant conspiracy, his entrapment defense, his alleged insanity – years after having pleaded guilty and having had his conviction affirmed on appeal.

Defendant offers no substantial reason why this Court's choice of deferral from among the three choices offered by Fed.R.Civ.P. 62.1 is an invalid choice.  He has never filed a motion for disqualification of either of the two judges assigned to the case and raising that issue now while there is a pending appeal invites multiplication of appeals, a pattern Defendant has previously enacted.

**Conclusion**

Having reconsidered the matter, the Magistrate Judge again recommends the Court defer a ruling on Defendant's 60(b) motion pending appeal.

October 7, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.