# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

          Plaintiff,    :    Case No. 1:15-cr-12
                                               Civil Case No. 1:17-cv-788

                                               District Judge Timothy S. Black
-   vs  -                                    Magistrate Judge Michael R. Merz

CHRISTOPHER LEE CORNELL
 nka Raheel Mahrus Ubaydah,

          Defendant.    :

---

## DECISION AND ORDER DENYING MOTION TO DISQUALIFY MAGISTRATE JUDGE MICHAEL R. MERZ

---

This case under 28 U.S.C. § 2255 is before the Court on Defendant's Motion to Disqualify Magistrate Judge Michael Merz (ECF No. 277).

Motions to disqualify must in the first instance be directed to the judge sought to be removed. *Goward v. United States*, 2014 U.S. App. LEXIS 11694, *6 (6th Cir. 2014), *citing United States v. Balistrieri*, 779 F.2d 1191, 1202-03 (7th Cir. 1985); *United States v. Studley,* 783 F.2d 934, 940 (9th Cir. 1986); *In re Drexel Burnham Lambert, Inc.,* 861 F.2d 1307, 1312 (2nd Cir. 1988) *reh'g denied*, 869 F.2d 116 (2nd Cir. 1989); *United States v. Brunsman*, 2013 U.S. Dist. LEXIS 92971, *1 (S.D. Ohio 2013); *MacNeil v. Americold Corp.*, 735 F. Supp. 32, 36 (D. Mass. 1990)(specifically applying rule to United States magistrate judges).

1

To facilitate that process, the Clerk has filed and docketed separately the Motion as it relates to the undersigned. *Id.* at PageID 2498-2502, now ECF No. 277.

Defendant brings his motion in the first instance under 28 U.S.C. § 144.  That statute requires a supporting affidavit which must show personal bias or prejudice.  If it is timely and legally sufficient, recusal is mandatory; the truth of the facts set forth in the affidavit are not drawn in question, but only their legal sufficiency.  13A C. Wright, A. Miller, and E. Cooper, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION AND RELATED MATTERS 2D, §§ 3541, *et seq.,* particularly § 3550.

To be legally sufficient under § 144, assertions in an affidavit must be definite as to time, place, persons, and circumstances.  *Berger v. United States*, 255 U.S. 22 (1921).  Such detail is necessary to prevent abuse of § 144, for example, by waiting until the judge accused of bias has already made decisions in the case.  *Grimes v. United States*, 396 F.2d 331 (9th Cir. 1968).

Defendant's Motion is not timely.  For proof of bias, he relies on my essay Conscience of a Catholic Judge, 29 U. Dayton Law Review 305 (2004)(the "Essay").  My authorship of the Essay was, of course, acknowledged in the University of Dayton Law Review when it was published.  The Essay is listed on the Court's website as a publication of mine and has been for some time.  The authorship was public knowledge at the time I was assigned to this case by Chief Judge Algenon Marbley on June 6, 2024 (ECF No. 211).  With any sort of diligence, Cornell could have learned of the essay more than a year before he moved for disqualification under § 144.  Since being assigned to the case, I have made or recommended decisions in eighteen docketed entries.  Defendant does not identify any of them as displaying any religious bias against him.

2

The Affidavit is also legally insufficient.  Indeed, it is not an Affidavit at all because it is not notarized.[1]  See PageID 2513.

More importantly, even if the Affidavit were notarized, it does not state a legally sufficient basis for disqualification under § 144 in that it does not give any facts showing a personal bias against Defendant.

Defendant also seeks disqualification under 28 U.S.C. § 455.  Under that statute, a different procedure is applicable:  no motion or affidavit is required, since the statute places a burden on a judge to disqualify himself or herself *sua sponte*.  There is also no timeliness requirement.  *Roberts v. Bailar*, 625 F.2d 125, 128 (6th Cir. 1980).  Indeed, a motion under 28 U.S.C. § 455(a) may be made as part of a motion for relief from judgment under Fed. R. Civ. P. 60(b)(6).  *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988).

The standard applied in evaluating recusal motions under § 455 is an objective one. "[W]hat matters is not the reality of bias or prejudice, but its appearance."  *Liteky v. United States,* 510 U.S. 540, 548 (1994).  A federal judicial officer must recuse himself or herself where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.  This standard is not based 'on the subjective view of a party,'" no matter how strongly that subjective view is held.  *United States v. Nelson*, 922 F.2d 311, 319 (6th Cir. 1990), *cert. denied* 499 U.S. 981 (1991); *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989); *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988).

---

[1] If Defendant has a religious objection (which he has not disclosed) to a notarized affidavit, federal law provides the alternative of a declaration under penalty of perjury in 28 U.S.C. §1746, but Defendant has not filed such a declaration.

3

Cornell does not point to anything in the Essay which would lead a reasonable person to question my impartiality in a case where one of the parties is a Muslim.  Nor does he point to anything I have done in this case which would lead a reasonable person to question my impartiality on the basis of Defendant's religious adherence.  As best I understand his position, it is that the impartiality of any judge who takes his or her religious faith seriously can be reasonably questioned if one of the parties to the case adheres to a different religious tradition.  In a pluralist culture such as the United States, such a proposition is completely inadmissible.  We do not have enough secularized judges to handle the caseload.

I admitted in the Essay that I take my religious tradition (Roman Catholicism) seriously and that it affects my conduct as a judge.  To begin with, like all federal judges, I took an oath to defend the Constitution of the United States against all enemies, "foreign and domestic."  I consider that oath to be a religious obligation as well as a legal one.

One of the obligations of that oath is to treat all parties impartially, regardless of their religious affiliation.  To my knowledge there is no legal authority suggesting any incompatibility between judicial impartiality and my religious convictions as a Catholic.  Nothing in the Essay suggests I would treat Muslim litigants differently from Catholics.  Nor has Cornell pointed to any other evidence of official Catholic intolerance to Muslims.  Particularly since the Roman Church repudiated its "one true Church" position in the Second Vatican Council, Catholics have been taught to treat adherents of all religions impartially.  (See the Vatican Council II Declaration *Dignitatis Humanae,* December 7, 1965).

Defendant has presented no evidence from which a reasonable person could conclude that I am biased against Defendant because of his religion.  I decline to recuse myself.

4

IT IS SO ORDERED.

October 22, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge