# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

                    Plaintiff,          :        Case No. 1:15-cr-00012
                                                  Civil Case No. 1:17-cv-788

                                                    District Judge Timothy S. Black
     -  vs  -                           Magistrate Judge Michael R. Merz

CHRISTOPHER LEE CORNELL
 nka Raheel Mahrus Ubaydah,

                   Defendant.        :

---

# REPORT AND RECOMMENDATIONS

---

This case under 28 U.S.C. § 2255 is before the Court on Defendant's Motion to Amend or Alter pursuant to Fed.R.Civ.P. 59(e)(ECF No. 283). As a post-judgment motion, it requires a report and recommendation under 28 U.S.C. § 636(b)(3). The Motion is said to be "in response to the District Court's Decision in support of the Court of Appeal's Order filed December 30, 2025 (Doc. No. 11-1), requesting the District Court to relieve Ubaydah from the Decision and Order (Doc. No. 282) in which it supported Doc. No. 11-1." (ECF No. 283, PageID 2554).

The referenced decision of this Court is District Judge Black's Decision and Order of March 12, 2026, concluding that the Order of the Sixth Circuit entered December 30, 2025, in that Court's Case No. 25-3494 and now docketed in this Court at ECF No. 280 "renders Defendant's first Rule 60(b) Motion (Doc. 269) moot and it is denied on that basis. The Magistrate Judge's Report and Supplemental Report on that Motion and Defendant's Objections (Docs. 270, 273) are

also moot." (ECF No. 282, PageID 2553).

For a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Betts v. Costco Wholesale Corp*., 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.,* 469 F.3d 479, 496 (6th Cir. 2006)).

> Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe*, 146 F.3d at 374, newly discovered evidence, *see id.*, an intervening change in controlling constitutional law, *Collison v. International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3. *See also North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).
>
> To constitute "newly discovered evidence," the evidence must have been previously unavailable. *See ACandS*, 5 F.3d at 1263; *Javetz v. Board of Control, Grand Valley State Univ*. 903 F. Supp. 1181, 1191 (W.D. Mich. 1995)(and cases cited therein); Charles A. Wright, 11 *Federal Practice and Procedure* § 2810.1 at 127-28 (1995).

*Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999), accord, *Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 551-52 (6th Cir. 2011), quoting *Leisure Caviar, LLC v. United States Fish & Wildlife Serv*., 616 F.3d 612, 615 (6th Cir. 2010).

A motion under Fed. R. Civ. P.  59(e) is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(citation omitted). Thus, parties should not use them to raise arguments which could and should have been made before judgment issued. *Id.; McBride v. Skipper,* 76 F.4th 509 (6th Cir. Aug. 4, 2023).  *Howard v. United States,* 533 F.3d 472, 475 (6th Cir. 2008) ("[A] petitioner fil[ing] a Rule 59(e) motion . . . may request only that the district court reconsider matters actually raised before it. This is because, as this court has repeatedly held, Rule 59(e) motions cannot be used to present new arguments that could have

been raised prior to judgment.").

Motions under Rule 59(e) must establish either a manifest error of law or must present newly discovered evidence. *Id*. In ruling on a Fed.R.Civ.P. 59(e) motion, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued. See 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure §2810.1, pp. 163-164 (3d ed. 2012) (Wright & Miller); accord, *Exxon Shipping Co. v. Baker,* 554 U. S. 471, 485-486, n. 5 (2008) (quoting prior edition)." *Banister v. Davis*, 590 U.S. 504 (2020).

## Analysis

Procedurally, Cornell's Rule 59(e) Motion should be stricken because it was untimely filed. A motion under 59(e) must be filed not later than twenty-eight days after the judgment sought to be amended and that time may not be extended. Fed.R.Civ.P. 6(b)(2). Although Cornell's Certificate of Service claims he mailed the Motion on April 2, 2026 (PageID 2584), the document was not postmarked until April 15, 2026 (PageID 2585).

Cornell's Motion is also without merit. Although he acknowledges the limitations on Rule 59(e) motions, he in fact ignores them in his argument. Judge Black's Order found Cornell's first Rule 60(b) Motion moot and the Magistrate Judge's Reports on that motion also moot because of the Sixth Circuit's decision. Cornell offers no argument to why that ruling embodies a "manifest error" of law. In fact, his thirty-one page single-spaced Motion does not contain the word "moot." Instead, he re-argues the merits of his case, including complaining of supposed errors in the Sixth Circuit decision.

Cornell purports to cite case authority for his positions, but the citations turn out to be

completely inapposite.   For example, he complains that the District Court did not adequately explain its Decision after remand but merely "sides" with the Court of Appeals" (Motion, ECF No. 283, PageID 2558).  He cites *Danley v. Ameripan, Inc.,* 582 F.3d 613, 621 (___th Cir. 2009). The case which is reported at the cited location is *United States v. Clark*, 582 F. 3d 607 (5th Cir. Sept. 10, 2009).  It does not concern itself with motions to amend and is not precedential in the Sixth Circuit.  The Westlaw database does not contain any case captioned "*Danley v. Ameripan*." The Sixth Circuit did decide a case captioned *Danley v. Encore Capital Group, Inc.,* which is reported at 680 Fed. Appx. 394 394 (6th Cir. 2017), but that case is not published precedent and does not deal at all with Fed.R.Civ.P. 59(e).  Assuming Cornell did not invent this citation out of whole cloth, he certainly has given the Court no clue as to where to find it.

The misleading *Danley* citation does not stand alone.  Later in his Motion Cornell cites to "*Cummings v. Greater Cleveland Reg'l Transit Auth.*, 265 F.3d 346, 351 (6th Cir. 2001)."  The decision which appears at the cited page is actually *United States v. Stubblefield*, 265 F.3d 345 (6th Cir. 2001).  The decision does not discuss Fed.R.Civ.P. 59(e) at all. The Court simply does not have time to run down all of Cornell's inaccurate citations.

A District Court does not have a choice about whether or not to "side" with a Court of Appeals decision.  Trial courts are obliged to follow precedent set by the Supreme Court and Courts of Appeals.  "Unless we wish anarchy to prevail within the federal judicial system, a precedent of this Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be."  *Hutto v. Davis*, 454 U.S. 370, 375 (1982);  *Litman v. Massachusetts Mut. Life Ins. Co.*, 825 F.2d 1506 (11th Cir. 1987).  See *Rodriguez de Quijas v. Shearson/American Express, Inc.,* 490 U. S. 477, 484,  (1989).

What did the Sixth Circuit decide on Cornell's latest appeal?  It expressly upheld this

Court's denial of amendment of the original § 2255 motion and its denial of Cornell's motion to amend his earlier Fed.R.Civ.P. 59(e) motion (ECF No. 280, PageID 2536-37).  It also expressly upheld this Court's finding that Cornell had not shown actual innocence as understood in habeas corpus jurisprudence. *Id.* at PageID 2536-37, citing *Bousley v. United States*, 523 U.S. 614 (1998)(actual innocence means factual innocence).

Under the doctrine of law of the case, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation.  *United States v. Moored*, 38 F 3d 1419, 1421 (6th Cir. 1994), *citing United States v. Bell*, 988 F.2d 247, 250 (1st Cir. 1993).  "As most commonly defined, the doctrine [of law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983), *citing* 1B Moore's Federal Practice ¶0.404 (1982); *Patterson v. Haskins*, 470 F.3d 645, 660-61 (6th Cir. 2006); *United States v. City of Detroit*, 401 F.3d 448, 452 (6th Cir. 2005).  "If it is important for courts to treat like matters alike in different cases, it is indispensable that they 'treat the same litigants in the same case the same way throughout the same dispute.'"  *United States v. Charles*, 843 F.3d 1142, 1145 (6th Cir. 2016)(Sutton, J.), quoting Bryan A. Garner, et al., The Law of Judicial Precedent 441 (2016).

> As a general principle, the law-of-the-case doctrine precludes reconsideration of issues that were expressly or impliedly decided at an earlier stage of the same case by the same or a superior court. See *Arizona v. California,* 460 U.S. 605, 618, 103 S. Ct. 1382, 75 L. Ed. 2d 318 (1983); *United States v. Moored*, 38 F.3d 1419, 1421-22 (6th Cir. 1994); Bryan A. Garner et al., The Law of Judicial Precedent 441 (2016). Application of the law-of-the-case doctrine has been historically limited to fully briefed "questions necessarily decided" in an earlier appeal, *Burley v. Gagacki,* 834 F.3d 606, 618 (6th Cir. 2016) (quotation omitted), and has traditionally been used to "enforce a district court's adherence to an appellate court's judgment," *Miller v. Maddox*, 866 F.3d 386, 390 (6th Cir. 2017).

*Keahey v. Marquis*, 978 F.3d 474, 478 (6th Cir. 2020).

This Court has no authority to set aside decisions of the Sixth Circuit.  If Cornell believes, as he clearly does, that the Sixth Circuit's decision is in error, his recourse must be to the Supreme Court of the United States by application for writ of certiorari.

Citing *Bousley*, the Sixth Circuit held:

> Ubaydah alleges that he has presented new evidence showing that (a) he twice backed out of any alleged conspiracy, (b) the FBI orchestrated the firearm purchase despite his failing the background check, and (c) the FBI acknowledged that he was not a threat and the operation was entirely within FBI control. **None of that shows factual innocence.** That leaves him guilty of the crimes he confessed to in open court. And as the district court held ,"there is no manifest injustice in imprisoning a person who admitted under oath planning an attack on the United States Capitol during the State of the Union address."

(ECF No. 280, PageID 2536-37, emphasis supplied).

Cornell's instant Fed.R.Civ.P. 59(e) Motion should be denied.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Defendant be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

April 22, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.