# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:15-cr-12 |
| | : | Civil Case No. 1:17-cv-788 |
| Plaintiff, | : | |
| | : | District Judge Timothy S. Black |
| | : | |
| vs. | : | Magistrate Judge Michael R. Merz |
| | : | |
| CHRISTOPHER LEE CORNELL | : | |
| *nka Raheel Mahrus Ubaydah*, | : | |
| | : | |
| Defendant. | : | |

## DECISION AND ORDER

This case under 28 U.S.C. § 2255 is before the Court on Defendant's Objections (captioned "Motion in Opposition of R&R")(Doc. 285) to the Magistrate Judge's Report and Recommendations (Doc. 284) recommending striking Defendant's Motion to Amend or Alter pursuant to Fed.R.Civ.P. 59(e)(Doc. 283).

As required by 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b), the Court has reviewed the Report *de novo* with particular attention to those portions objected to by Petitioner.

The Report recommends striking the Rule 59(e) Motion because it was untimely filed (Doc. 284, PageID 2588). The Magistrate Judge noted that "Although Cornell's Certificate of Service claims he mailed the Motion on April 2, 2026 (PageID 2584), the document was not postmarked until April 15, 2026 (PageID 2585)." *Id.*

Defendant objects:

> Ubaydah did in fact file a timely Rule 59(e) motion (Doc. No. 283) in response to the Rule 60(b) denial, submitted on April 02, 2026 (22 days), arguing that there had been a "manifest injustice" within the ruling by the District Court. *Beets [sic] v. Costco Wholesale Corp.,* 558 F.3d 461 , 474 (6th Cir. 2009).  Ubaydah's Certificate of Service was correctly marked: April 02, 2026. Any delay was not Ubaydah, but may have been an issue regarding the prison mailing system, which can be excused. Even more, Ubaydah is a pro-se litigant and his filings are "held to less stringent standards then [sic] those prepared by attorneys". *Samples v. Bank of Am., N.A.,* No. 3:12-cv-44, 2012 U.S. Dist LEXIS 52849, 2012 WL 1309, 13T al *2 (E.D. Tenn. April 16, 2012).

(Doc. 285, PageID 2593).

Defendant's Rule 59(e) Motion contains the following Certificate of Service "I, Christopher Lee Cornell (nka Raheel Mahrus Ubaydah), Prisoner No. 72795-061, hereby certify that this Rule 59(e) motion was mailed to the Clerk of the Court this 2nd day of April 2026" (Doc. 283, PageID 2584).  Defendant now seems to be claiming, instead, that he deposited the Motion in the prison mailing system on April 2, 2026.  That would make the filing timely under the so-called prison mailbox rule.  <u>Houston v. Lack, 487 U.S. 266 (1988)</u>).  The Court will accept the suggested amendment of the Certificate of Service and find the Rule 59(e) Motion was timely filed.  The Magistrate Judge's recommendation that the Motion be stricken is OVERRULED[1].

---

[1] In support of lenience in applying the time limits of Rule 59(e) motions to *pro se* litigants, Defendant cites *Samples v. Bank of Am., N.A.,* No. 3:12-cv-44, 2012 U.S. Dist LEXIS 52849, 2012 WL 1309, 13T al *2 (E.D. Tenn. April 16, 2012).  The Ohio prison system has obviously given inmates access to electronic legal databases.  How else would Defendant know of *Samples*.  However, it has not taught them to read cases so as not to cite them for propositions for which they do not stand.  *Samples* merely recites the familiar proposition that *pro se* filings are to be construed liberally, not that they are entitled to lenience in the application of rules for timely filling.  Compare *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).  However, "[w]here, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)(Norris, J.), citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

The Report correctly states the standard for deciding a Rule 59(e) motion: "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.,* 469 F.3d 479, 496 (6th Cir. 2006))" (Doc. 284, PageID 2587).

In his Motion to Amend, Defendant sought relief from the Court's Decision and Order of March 12, 2025 which found "Defendant's first Rule 60(b) Motion (Doc. 269) **moot and it is denied** on that basis." (Doc. 283, PageID 2553; emphasis in original.)  The Report noted that Defendant had not responded in his Rule 59(e) Motion to this mootness finding (Doc. No. 284, PageID 2588).  The Objections do not cure this defect.  Instead Defendant argues

> The District Court erred when it refused to consider Ubaydah's legal and factual points - "point-by-point". The District Court blindly accepted the Court of Appeals Order filed December 30, 2025 (Doc. No. 11-1) and denied the Rule 60(b) motion.

(Doc. 285, PageID 2593).  He then proceeds to assert without analysis that his Rule 60(b) motion was not moot.  *Id.* at PageID 2594.

He argues at four places that this Court "blindly" accepted the Sixth Circuit's decision. Whether blind or clear sighted, a District Court has a sworn duty under the Constitution to accept a decision of the circuit Court of Appeals.  Correction of decisions of the circuit courts lies with them on a motion for reconsideration or with the Supreme Court of the United States.

Defendant then proceeds to re-argue at length the merits of his case (Doc. 285, PageID 2596-2599).  That is not the proper function of a Rule 59(e) motion.  *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)(citation omitted).

Defendant's Objections on the merits are OVERRULED and his Rule 59(e) motion is **DENIED**.

**IT IS SO ORDERED.**


Date:   5/18/2026                                      *s/Timothy S. Black*
                                                               Timothy S. Black
                                                               United States District Judge